## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RLI INSURANCE COMPANY         :
9025 N. LINDBERGH DRIVE        :
PEORIA, IL 61615-1431           :
                                    :
       Plaintiff,            :
                                    :                  0 5      8 5 8
      vs.                 :      C.A. NO.
                                    :
INDIAN RIVER SCHOOL DISTRICT  :
31 HOOSIER STREET           :      JURY TRIAL DEMANDED
SELBYVILLE, DE 19975       :
                                    :
       and                :
                                    :
EDIS COMPANY                :
110 S. POPLAR STREET       :
WILMINGTON, DE 19805     :
                                    :
       and                :
                                    :
BECKER MORGAN GROUP, INC.    :
309 SOUTH GOVERNORS AVENUE  :
DOVER, DE 19904            :
                                    :
       Defendants.          :

*2005 DEC 12  PM 4: 34*
*FILED*
*CLERK US DISTRICT COURT*
*DISTRICT OF DELAWARE*

## COMPLAINT

Plaintiff, RLI Insurance Company ("RLI"), by and through its undersigned attorneys, brings this Complaint against the above-named Defendants and in support thereof, avers as follows:

## PARTIES

1.       Plaintiff, RLI, is a corporation organized and existing under the laws of Illinois and maintains a principal place of business at 9025 N. Lindbergh Drive, Peoria, Illinois, 61615-1431.

2.    Defendant, Indian River School District (hereinafter "School District"), is a School District, existing under the laws of the Delaware, with a principal place of business at 31 Hoosier Street, Selbyville, Delaware, 19975.

3.    Defendant, EDiS Company (hereinafter referred to as "Edis"), is a Delaware Corporation, organized and existing under the laws of the State of Delaware with a principal place of business at 110 S. Poplar Street, Wilmington, Delaware, 19805.

4.    Defendant, Becker Morgan Group, Inc. (hereinafter referred to as "Becker Morgan"), is a Maryland Corporation, organized and existing under the laws of the State of Maryland with a local Delaware Office at 309 South Governors Avenue, Dover, Delaware, 19904.

## JURISDICTION & VENUE

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, as there exists complete diversity of citizenship between Plaintiff, RLI, and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars.

6.    Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim; i.e., the execution of the construction contract, the location of the construction project, the administration of the construction project, and the issuance of surety bonds for the construction of the project, occurred in this District.

## FACTUAL BACKGROUND

7.    On or about August 28, 2002, the Defendant School District, entered into a written Standard AIA Form Contract, captioned "Standard Form of Agreement Between Owner and Contractor for a Stipulated Sum," AI01, 1992, Construction Manager-Advisor Edition, with

McDaniel Plumbing & Heating, Inc. (hereinafter referred to as "McDaniel") for the performance

of mechanical, plumbing and automatic temperature control work, Contract SC-B 14 ("the

Project"),  at  Sussex Central High School, which is located at RR 6, Box 130, Georgetown,

Delaware 19947.

       8.      The contract designated the Defendant School District's representatives,

Defendant Edis, to serve as construction manager, and Defendant Becker Morgan to serve as

architect, and Defendants Edis and Becker Morgan were designated as co-administrators of the

contract.

       9.      In addition to the Standard Form of Agreement, the contract documents consisted

of General Conditions of the Contract for Construction, 1992 Construction Manager-Advisor

Edition, and Supplementary Conditions of the Contract for Construction.  A copy of the Contract

Documents is attached hereto and marked Exhibit "A."

      10.     The Contract Documents provided in pertinent part:

Article 4
Administration of the Contract

4.6.1. The Construction Manager and Architect will provide
administration of the Contract as described in the Contract
Documents, and will be the Owner's representatives during (1)
construction, (2) until final payment is due ***.

4.6.2. The Construction Manager will determine in general that the
Work is  being performed in accordance with the requirements of
the contract documents, will keep the Owner informed of the
progress of the Work, and will endeavor to guard the Owner
against defects and deficiencies in the work.
4.6.3. The Construction Manager will provide for coordination of
other contractors and of the Owner's own forces with the Work of
the Contractor, who shall cooperate with them.

4.6.5. The Architect will visit the site at intervals appropriate to
construction to become generally familiar with the progress and
quality of the completed Work and to determine in general if the

and Architect's reasons for withholding certification in whole or in part ***.

9.4.3. The issuance of a separate Certificate for Payment or Project Certificate for Payment will constitute representations made separately by the Construction Manager and Architect to the Owner, based on their individual observations at the site and the date comprising the Application for Payment submitted by the Contractor, that the Work has progressed to the point indicated and that to the best of the knowledge, information and belief, quality of the Work is in accordance with the Contract Documents. ***

11.    On or about August 28, 2002, McDaniel was given a Notice to Proceed with the project by Defendant, Edis.

12.    On or about September 5, 2002, Plaintiff, RLI, a surety, issued performance and payment bonds No. SSB 365 837 for the project to principal, McDaniel, for the benefit of the obligee/owner, Defendant School District. A copy of the performance bond issued by RLI for the project is attached hereto as Exhibit "B."

13.    On or about October 11, 2004, the Defendant School District's Architect, Becker Morgan, alleged and certified that the Defendant School District had sufficient cause to terminate McDaniel.

14.    On or about October 11, 2004, without complying with paragraph 14.2.2. of the General Conditions of the Contract for Construction, the Defendant School District wrongfully terminated McDaniel.

15.    The Defendant School District's termination of McDaniel was wrongful and in default of the contract documents because the School District failed to provide the Surety, RLI, and the contractor, McDaniel, with seven (7) days prior written notice of the Defendant School District's intent to terminate McDaniel as Article 14.2.2 of the General Conditions of the Contract required.

16.    Additionally, prior to terminating McDaniel, the School District did not request a meeting with the Surety, RLI, and the contractor to discuss the methods of performing the contract as Paragraph 3.1 of the performance bond required.

17.    Article 14.2.2 of the General Conditions of the Contract prohibited the School District from terminating McDaniel without complying with the General Conditions of the Contract and without complying with the terms of the Performance Bond.

18.    By failing to comply with Article 14.2.2 of the General Conditions of the Contract for Construction, and Paragraph 3.1 of the Performance Bond, the School District deprived the surety, RLI, of its rights under the performance bond.

19.    RLI relied upon the obligee's performance of its obligations under the contract documents in deciding to issue the bonds for the project.

20.    From the time the notice to proceed was issued through the termination of McDaniel, the Owner, Defendant School District, through its authorized representatives, Defendants Edis and Becker Morgan failed to perform their responsibilities under the contract documents as follows:

    (a)    failing to administer the contract;

    (b)    failing to determine if the work was being performed by McDaniel in accordance with the contract requirements;

    (c)    failing to coordinate the work of the various prime subcontractors who were performing work at Sussex Central High School;

    (d)    failing to visit the site at regular intervals to determine the progress and quality of the work completed and to determine if the work performed was in accordance with the contract documents;

(e)    failing to adequately and thoroughly review the applications for payment submitted by McDaniel to determine the amount and value of the work performed by McDaniel prior to certifying the amounts due to be paid to McDaniel;

(f)    failing to make adequate observations, evaluations and inspections of the work stated to be performed by McDaniel in the applications for payment prior to issuing project certificates of payment;

(g)    making premature payments to McDaniel for work not performed under the contract;

(h)    making overpayments to McDaniel for more than the amount or value of the work performed by McDaniel on the project;

(I)    failing to timely reject allegedly non-conforming work performed by McDaniel;

(j)    failing to perform an adequate inspection and testing of the work performed by McDaniel;

(k)    failing to view the accuracy of the schedule of values submitted by McDaniel to verify its accuracy prior to the submission of the first application for payment;

(l)    misrepresenting that the School District's representatives had made timely observations and inspections of the work performed by McDaniel and that the work had progressed to the point indicated by McDaniel and that the quality of the work to the best of their knowledge, information and belief was in accordance with the contract documents; and

(m)    impairing the Collateral of the Surety, RLI.

21.    During the construction of the project, Defendants, School District, Edis, and Becker Morgan, issued payments or certificates of payment to McDaniel for more than $340,000.00 in excess of the value performed by McDaniel (overpayments).

22.    During the construction of the project, Defendants, School District, Edis, and Becker Morgan, issued payments or certificates of payment to McDaniel for work that was never performed  (premature payments).

23.    During the construction of the project, Defendants, School District, Edis and Becker Morgan, certified and/or issued payment out of the contract funds for the project which were earmarked for McDaniel and its surety, RLI, to other contractors who worked at the Sussex Central High School.

24.    From October of 2002 until approximately May of 2004, Defendants, School District, Edis and Becker Morgan made misrepresentations to the surety, RLI, pertaining to the progress of the project and failed to inform the surety that the project was behind schedule.

25.    From October of 2002 until approximately July of 2004, the School District, Edis and Becker Morgan made misrepresentations to the surety, RLI, of the amount and value of the work completed by McDaniel.

26.    From October of 2002 until approximately July of 2004, Defendants, School District, Edis and Becker Morgan overpaid McDaniel in excess of the value of the work performed and had also paid McDaniel for work never performed without informing the Surety and/or without obtaining the Surety's consent.

27.    During 2004, Defendants, Edis and/or Becker Morgan wrongfully interfered with McDaniels' performance of the contract and failed to disclose to RLI, accurate information about

the amount and value of the work to be completed and the amount of payments made to McDaniel during the course of construction.

28.     Prior to wrongfully terminating McDaniel without the approval or consent of the surety, RLI, the Defendants, School District, Edis and Becker Morgan, used the contract funds to pay other contractors to complete work that was awarded to McDaniel including but not limited to making payments to a company named, "Joseph M. Zimmer, Inc."

29.     Subsequent to wrongfully terminating McDaniel without the approval or consent of the surety, RLI, the Defendants, School District, Edis and Becker Morgan, used the contract funds to pay other contractors to complete work that was awarded to McDaniel including but not limited to making payments to a company, Zimmer and other contractors.

30.     Since the Defendant School District failed to comply with the notice requirements of the performance bond which were incorporated into the Defendant School District's Contract with McDaniel, the Defendant School District wrongfully terminated McDaniel and the Surety has no obligation to perform under the bond.  See Exhibit "B," Performance Bond, paragraph 3 and Exhibit "A," Article 14.2.2. of the General Conditions of The Contract for Construction.

31.     Since the Defendant School District and its duly authorized representatives, Defendants, Edis and Becker Morgan, misused the contract funds and impaired the Surety's rights in the collateral, the surety was deprived of its collateral and its right to use the contract balances, and therefore, RLI is entitled to be discharged of all obligations to perform under the bond.

32.     Subsequent to the wrongful termination of McDaniel, the Defendant School District mispresented to RLI the amount of the work performed by the McDaniel on the project, and the amount of payments made to McDaniel prior to default.

33.    All of the above actions of the Defendants, School District, Edis and Becker Morgan altered the performance and payment provisions of the contract and materially altered the risk of the surety.

34.    All of the above actions of the Defendants, School District, Edis and Becker Morgan irreparably and substantially prejudiced RLI since RLI lost its collateral, the right to fully exercise its performance options under the bond and its right to minimize its potential liability to the obligee.

35.    As a result of actions of the Defendants, RLI has incurred substantial damages including but not limited to the following:

   (a)    the cost of investigation of the School District's performance bond claim;

   (b)    the cost of inspection of McDaniel's work;

   (c)    the cost of attorneys fees to investigate and review the School District's performance bond claim;

   (d)    the cost of project management by the Surety in assisting the contractor in completing the project; and

   (e)    the money advanced to McDaniel to complete the project prior to termination.

## COUNT I

### RLI v. INDIAN RIVER SCHOOL DISTRICT
### DECLARATORY RELIEF

36.    Plaintiff, RLI, hereby incorporates by reference paragraphs 1 through 35 herein as if the same were set forth at length hereinafter.

37.    Plaintiff RLI requests this Honorable Court to declare that the Surety is discharged from all further obligation to perform under the bond for the following reasons:

(a)  the School District materially altered the terms of performance and payment under the construction contract which was incorporated by reference into the performance bond without the Surety's consent;

(b)  the School District failed to comply with the provisions of the contract documents in administering the contract with McDaniel;

(c)  failing to timely advise RLI of problems with project which deprived RLI of its ability to fully exercise its rights under the bond;

(d)  failing to comply with the notice provisions of the performance bond;

(e)  failing to perform regular and adequate inspections of McDaniel's work on the project;

(f)  failing to timely reject allegedly non-conforming work performed by McDaniel;

(g)  the School District overpaid McDaniel and/or made premature payments to McDaniel for work never performed under the contract thereby impairing the surety's collateral and ability to perform under the bond if a proper default occurred;

(h)  misrepresenting to the surety, RLI, the amount and value of the work that had been completed to induce the surety to finance the contractor in completing the project;

(I)  misrepresenting to the surety, RLI, the amount and value of the work that remained to be completed by McDaniel to induce the surety to finance the contractor in completing the project; and

(j)    impairing RLI's collateral by misusing contract funds to pay other subcontractors who performed work on the project.

38.    All of the School District's actions caused irreparable prejudice to RLI and deprived RLI of its collateral and its right to meaningfully exercise its performance options under the bond.

**WHEREFORE,** Plaintiff, RLI Insurance Company respectfully moves your Honorable Court to discharge Plaintiff RLI from all obligations to perform under the bonds and award attorneys' fees, costs and such other relief as the Court deems just and appropriate.

## COUNT II

### RLI v. INDIAN RIVER SCHOOL DISTRICT
### BREACH OF FIDUCIARY DUTY

39.    Plaintiff, RLI, hereby incorporates by reference paragraphs 1 through 38 herein as if the same were set forth at length hereinafter.

40.    As a public entity and/or as the obligee under the bonds RLI issued for the project, the School District had a fiduciary duty to ensure that the contract funds were only used for the express purpose stated in the contract.

41.    By making advance payments to McDaniel for work not performed on the contract,  the Defendant, School District, breached its fiduciary duty to the surety to preserve the surety's collateral.

42.    By making overpayments to McDaniel in excess of the value of the work McDaniel performed on the contract, the Defendant, School District, breached its fiduciary duty to the surety to preserve the collateral.

43.    By misappropriating and/or misusing the funds that were allocated to be paid to McDaniel and by paying the contract funds to other contractors, the Defendant, School District, breached its fiduciary duty to the surety to preserve the collateral.

44.    As a result of Defendant School District's Breach of Fiduciary, RLI sustained pecuniary losses as stated aforesaid.

**WHEREFORE,** Plaintiff, RLI Insurance Company, respectfully moves your Honorable Court to award Plaintiff RLI judgment against Defendant Indian River School District in an amount in excess of $75,000.00 together with prejudgment interest and any other relief the court deems just and appropriate.

## COUNT III

## RLI v. INDIAN RIVER SCHOOL DISTRICT
## NEGLIGENT MISREPRESENTATION

45.    Plaintiff, RLI, hereby incorporates by reference paragraphs 1 through 44 herein as if the same were set forth at length hereinafter.

46.    Defendant Indian River School District made the following negligent misrepresentations:

(a)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had complied with the terms of its Contract with McDaniel;

(b)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had paid McDaniel for the amount of work he had performed under the contract;

(c)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had paid McDaniel for the value of the work he had performed under the contract;

(d)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had observed, evaluated, inspected and certified the work performed by McDaniel and the work was in accordance with the contract documents;

(e)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had performed inspections of the work performed by McDaniel at regular intervals;

(f)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had coordinated and sequenced the work of the all subcontractors who had been awarded contracts to perform alterations and renovations at Sussex Central High School; and

(g)    that the School District and its representatives, Defendants, Edis and Becker Morgan, had issued certificates for payment to McDaniel that contained accurate and verified information.

47.    Defendant School District knew that they were making the above representations and misrepresentations for the benefit and guidance of the contractor, McDaniel and its surety, RLI.

48.    Defendant School District knew that RLI would rely upon the above representations in assessing its risk and performance options under the bond.

49.    Defendant School District intended that the recipients of the information would be influenced by representations and misrepresentations Defendant Edis made.

50.    Plaintiff RLI was irreparably prejudiced by the representations and misrepresentations made by Defendant School District.

51.    As a result of the Defendant School District's negligent misrepresentations, RLI sustained damages as stated aforesaid.

**WHEREFORE,** Plaintiff, RLI Insurance Company, respectfully moves your Honorable Court to award Plaintiff RLI judgment against Defendant Indian River School District in an amount in excess of $75,000.00 together with prejudgment interest and any other relief the court deems just and appropriate.

**COUNT IV**

**RLI v. AND EDIS COMPANY**
**NEGLIGENT MISREPRESENTATION**
**UNDER RESTATEMENT OF TORTS §552**

52.    Plaintiff, RLI, hereby incorporates by reference paragraphs 1 through 51 herein as if the same were set forth at length hereinafter.

53.    Defendant, Edis, in the course of their function as construction manager for the project, supplied false for the guidance of the Surety, RLI, as follows:

       (a)    falsely stating that they inspected and/or reviewed McDaniel's work and that it was in accordance with the requirements of the contract documents;

       (b)    falsely certifying the amount of the work that had been completed by McDaniel;

       (c)    falsely stating the value of the work that had been completed by McDaniel;

(d)    falsely representing the progress of McDaniel's work, the percentage of the work completed, and the percentage of the work which remained to be completed;

(e)    falsely certifying payment to McDaniel for more than the amount of work completed;

(f)    falsely certifying payment to McDaniel for more than the value of the work completed; and

(g)    falsely certifying payment to McDaniel for work that had never been completed.

54.    Plaintiff RLI relied on the Defendant Edis to properly perform its contractual obligations and supply accurate information on the project in deciding to issue the bond to McDaniel for the project and in deciding to finance McDaniel in completing the project.

55.    As a result of Defendant Edis' negligently misrepresentations, Plaintiff RLI was irreparably prejudiced in its ability to exercise its performance bond options and sustained pecuniary losses as stated aforesaid.

**WHEREFORE,** Plaintiff, RLI Insurance Company, respectfully moves your Honorable Court to award Plaintiff RLI judgment against Defendant Edis Company in an amount in excess of $75,000.00 together with prejudgment interest and any other relief the court deems just and appropriate.

## COUNT V

**RLI v. AND BECKER MORGAN GROUP, INC.**
**NEGLIGENT MISREPRESENTATION**
**UNDER RESTATEMENT OF TORTS §552**

56.    Plaintiff, RLI, hereby incorporates by reference paragraphs 1 through 55 herein as if the same were set forth at length hereinafter.

57.    Defendant, Becker Morgan, in the course of their function as architect for the project, supplied false information for the guidance of the Surety, RLI as follows:

      (a)    falsely stating that they inspected and/or reviewed McDaniel's work and that it was in accordance with the requirements of the contract documents;

      (b)    falsely certifying the amount of the work that had been completed by McDaniel;

      (c)    falsely stating the value of the work that had been completed by McDaniel;

      (d)    falsely representing the progress of McDaniel's work, the percentage of the work completed, and the percentage of the work which remained to be completed;

      (e)    falsely certifying payment to McDaniel for more than the amount of work completed;

      (f)    falsely certifying payment to McDaniel for more than the value of the work completed; and

      (g)    falsely certifying payment to McDaniel for work that had never been completed.

58.    Plaintiff RLI relied on the Defendant Becker Morgan to properly perform its contractual obligations and supply accurate information on the project in deciding to issue the bond to McDaniel for the project and in deciding to finance McDaniel in completing the project.

59.    As a result of Defendant Becker Morgan' negligently misrepresentations, Plaintiff RLI was irreparably prejudiced in its ability to exercise its performance bond options and sustained pecuniary losses as stated aforesaid.

**WHEREFORE,** Plaintiff, RLI Insurance Company, respectfully moves your Honorable Court to award Plaintiff RLI judgment against Defendant Becker Morgan Group Inc. in an amount in excess of $75,000.00 together with prejudgment interest and any other relief the court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

PERRY F. GOLDLUST (DSB #770)
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
(302) 472-4900
pgoldlust@gablawde.com
Attorneys for Plaintiff RLI Insurance Company

DATED:        December 12, 2005

Of Counsel:

HARRY R. BLACKBURN, ESQUIRE
FRANCINE D. WILENSKY, ESQUIRE
HARRY R. BLACKBURN & ASSOCIATES, P.C.
1610 Spruce Street
Philadelphia, PA  19103
(215) 985-0123

Client/Blackburn & Assoc/RLI Insurance/Complaint Filed Copy
Q:\RLI Surety.729\Edis and Indian River School District\Pleadings\Complaint Filed Copy.doc