IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL, DISTRICT, EDIS COMPANY, AND BECKER MORGAN GROUP, INC. | ) |
| Defendants. | ) |

**DEFENDANTS, EDIS COMPANY and BECKER MORGAN GROUP, INC.'S JOINT MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF, RLI INSURANCE COMPANY**

Defendants, EDiS Company, Inc. (the "Construction Manager" or "CM") and Becker Morgan Group, Inc. (the "Architect"), by their undersigned attorneys, asks this Honorable Court to grant this Motion to Dismiss the Complaint or in the alternative grant Summary Judgment in favor of them pursuant to Rules 12(b)(6) and 56(b), based on the following:

1. Plaintiff's claims against the CM and the Architect are based solely on economic loss and, therefore, should be dismissed as there is no contract between plaintiff and either of the movants.

2. Co-defendant, Indian River School District (the "Owner") is the owner of the property at issue. The Owner contracted with McDaniel Plumbing and Heating, Inc (the "Contractor") to perform mechanical, plumbing and temperature control work at Sussex Central High School (the "Project"). Plaintiff, RLI Insurance Company (the "Surety") issued a Performance Bond to the Contractor in connection with the Project. The Surety filed its complaint on December 21, 2005, against the Owner, Construction Manager and Architect,

pleading one claim of negligent misrepresentation under the Restatement (Second) of Torts, Sec 552, ("Professional Negligence") separately against the CM (Count IV) and the Architect (Count V). The complaint avers that the CM and Architect supplied false information for the guidance of the Surety upon which it relied when it decided to issue the bond to the Contractor for the project. (Plaintiff's Complaint was filed on December 12, 2005, and is No. 1 on the docket).

3. The Complaint seeks only the recovery of economic loss for the costs which might be incurred under the Surety's Performance Bond.

4. What the Complaint fails to disclose is that the Surety had no contractual relationship with the CM or the Architect. Further, the Contractor also had no contractual relationship with either the CM or the Architect. As is customary for construction projects of this nature, the Owner contracted separately with the Architect and CM to design the project and manage the construction. The Owner then entered into a separate contract with the Contractor to build what was designed. (See Affidavit of Ted Dwyer, President of the CM, attached as Exhibit A).

5. The Economic Loss Rule bars the Surety from bringing any claim based in tort against either the CM or the Architect. According to this doctrine, a plaintiff who has suffered only economic loss cannot sue in tort but must sue in contract. *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194 (Del. 1992).

6. As in *Danforth*, the plaintiff is attempting to avoid the Economic Loss Rule by claiming negligent misrepresentation under Sec. 552 of the Restatement (Second) of Torts.

7. The *Danforth* ruling limits that exception to "the surveyor error context"(see Footnote 1 at page 1195 of the *Danforth* opinion).

8. Like Danforth, the plaintiff in this case is claiming that the CM and Architect failed to perform their respective contractual created duties with regards to the Project.

9. The alleged contractual duties were to review the quality and value of the work completed by the Contractor. They allegedly arise solely by the terms of the contracts, therein, and not by any larger social policies embodied in the law of torts.

10. However, even if this Court should see it necessary to expand the limited exception to cover the alleged misrepresentations by the CM or Architect in relation to the supervision of the performance of the Contractor, the moving defendants are still entitled to judgment in their favor because the Surety could not have logically relied upon the alleged misrepresentations, nor could the CM or Architect have ever intended to elicit the reliance that the Surety claims caused them to suffer pecuniary losses.

11. Sec. 552 of the Restatement (Second) of Torts, at a minimum, requires the Surety to have relied upon a false statement made by the CM and/or Architect which was supplied by the representor with the intent to influence the Surety. Further, the Surety must have suffered some pecuniary loss due to that reliance.

12. The Complaint alleges, inter alia, that the CM and Architect falsely stated that they had inspected the work of the Contractor and misrepresented the amount and value of the work performed by the Contractor. The Complaint fails to allege that the Surety relied upon these alleged false representations.

13 Every single one of the false statements alleged by the Surety in its Complaint occurred after the Surety issued the Performance Bond. The decision to issue the bond had already been made when the alleged false statements were made. Therefore, the Surety could not

possibly have relied upon such statements when it made its decision to issue that bond. Even more controlling, assuming the averments contained within the Complaint are true, is the requirement that the CM or Architect intended to influence the Surety in some way. It defies all logic for the Surety to even claim that the CM or Architect could have intended statements made after construction had commenced to influence decisions made prior to construction.

14. In short, the Surety's claims against the CM and Architect are not only barred by the Economic Loss Rule, but also by the bounds of logic. Therefore, the Plaintiff's claims against EDiS Company and Becker Morgan Group, Inc. should be dismissed with prejudice.

| **TIGHE, COTTRELL & LOGAN, P.A.** | **TIGHE, COTTRELL & LOGAN, P.A.** |
|---|---|
| /s/ Paul Cottrell | /s/ Donald L. Logan |
| Paul Cottrell (DE ID No.: 2391) | Donald L. Logan, Esquire DE I.D. # 2604 |
| First Federal Plaza, Suite 500 | First Federal Plaza, Suite 500 |
| P.O. Box 1031 | P.O. Box 1031 |
| Wilmington, DE 19899 | Wilmington, Delaware 19899 |
| (302) 658-6400 | (302) 658-6400 |
| p.cottrell@lawtcl.com | d.logan@lawtcl.com |
| Attorney for Becker Morgan Group, Inc. | Attorney for EDiS Company |
| Dated: January 19, 2006 | Dated: January 19, 2006 |