**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RLI INSURANCE COMPANY, )  )       C.A. No. 05-858  )  Plaintiff,    )  )  v.          )       JURY TRIAL DEMANDED  )  INDIAN RIVER SCHOOL DISTRICT, )  EDIS COMPANY, and    )  BECKER MORGAN GROUP, INC., )  )  Defendants.    ) | |

**ANSWER AND COUNTERCLAIM**
**OF DEFENDANT INDIAN RIVER SCHOOL DISTRICT**

Defendant Indian River School District ("IRSD") files its answer and counterclaim to the complaint filed by plaintiff RLI Insurance Company as follows:

FIRST DEFENSE

As and for its First Defense, IRSD responds to the averments of the complaint in paragraphs numbered to correspond to those of the complaint:

1.-7.    IRSD admits the factual averments of paragraphs 1 through 7.

8.    IRSD admits that EDIS and Becker Morgan served as construction manager and architect respectively with respect to the subject public works project, and that these firms and their roles are referred to in the contract between IRSD and McDaniel. The contract is the best evidence of its terms, and IRSD denies RLI's characterization of those terms as inaccurate or incomplete. IRSD denies any remaining averments of paragraph 8.

1

9.   IRSD admits that other contract documents in addition to the standard form of agreement, including the general conditions and supplementary conditions, comprise the agreement between McDaniel and IRSD, and that certain of these contract documents are attached to the complaint as Exhibit "A." IRSD denies that all the contract documents are attached to the complaint, and further denies any remaining averments of paragraph 9.

10.   IRSD denies the averments of paragraph 10. The contract documents themselves are the best evidence of the contractual terms, and IRSD denies RLI's characterization of them as inaccurate or incomplete.

11.   IRSD admits the factual averments of paragraph 11.

12.   IRSD admits that on or about September 5, 2002, McDaniel, as principal and RLI, as surety, executed and delivered to IRSD, as Obligee, a Performance Bond, Bond No. SSB 365 837, and that a copy of the Performance Bond is attached to the complaint as Exhibit "B." To the extent inconsistent with this admission, IRSD denies the averments of paragraph 12.

13.   IRSD admits the factual averments of paragraph 13.

14.   IRSD admits that it terminated McDaniel's right to continue performance of the contract on or about October 11, 2004, but denies the remaining averments of paragraph 14. IRSD's termination of McDaniel was proper and in compliance with the terms of the contract.

15.-22.  IRSD denies each and every averment of each of these paragraphs.

23.   IRSD admits that, as permitted by its contract with McDaniel, the performance and labor and material payment bonds issued by RLI, and applicable law,

IRSD paid other contractors and McDaniel's subcontractors to complete McDaniel's work and charged such payments to McDaniel's account, all as the result of McDaniel's breaches of its contract and RLI's failure to satisfy its obligations under its bonds.  Apart from this admission, IRSD denies all other averments of paragraph 23.

24.-27.    IRSD denies each and every averment of each of these paragraphs.

28.-29.    IRSD admits that, as permitted by its contract with McDaniel, the performance and labor and material payment bonds issued by RLI, and applicable law, IRSD paid other contractors and McDaniel's subcontractors to complete McDaniel's work and charged such payments to McDaniel's account, all as the result of McDaniel's breaches of its contract and RLI's failure to satisfy its obligations under its bonds.  Apart from this admission, IRSD denies all other averments of paragraphs 28 and 29.

30.-35.    IRSD denies each and every averment of each of these paragraphs.

36.    IRSD incorporates by reference its responses to paragraphs 1 through 35.

37.-38.    IRSD denies each and every averment of each of these paragraphs.

39.    IRSD incorporates by reference its responses to paragraphs 1 through 38.

40.-44.    IRSD denies each and every averment of each of these paragraphs.

45.    IRSD incorporates by reference its responses to paragraphs 1 through 44.

46.-51    IRSD denies each and every averment of each of these paragraphs.

52.    IRSD incorporates by reference its responses to paragraphs 1 through 51.

53.-55.    IRSD denies each and every averment of each of these paragraphs.

56.    IRSD incorporates by reference its responses to paragraphs 1 through 55.

57.-59.    IRSD denies each and every averment of each of these paragraphs.

## SECOND DEFENSE

The Complaint fails to state a claim against IRSD upon which relief can be granted.

## THIRD DEFENSE

The relief sought by the Complaint is barred in whole or in part by the doctrines of waiver, laches, estoppel and unclean hands.

## FOURTH DEFENSE

RLI's defenses raised in its complaint to its liability under its bonds are barred, in whole or part, by applicable law.  RLI issued its surety bonds for a public works project, and its bonds are deemed to comply with applicable law, including 29 Del. C. §6962(d)(9)(a) through (d).  Pursuant to 29 Del. C. §6962(d)(9)(e) RLI may not assert as a defense the claim that its bonds contain any restriction or limitation not provided for in that section of that statute.

## FIFTH DEFENSE

RLI's negligent misrepresentation and fiduciary duty claims against IRSD are barred by the economic loss rule.  RLI is in privity of contract with IRSD and cannot seek recovery for economic loss in tort.

## SIXTH DEFENSE

RLI's negligent misrepresentation and fiduciary duty claims against IRSD are barred in whole or in part by the applicable statute of limitations.

**WHEREFORE,** Defendant Indian River School District demands that judgment be entered on the Complaint in its favor and against Plaintiff RLI Insurance Company,

4

together with costs, interests, attorneys fees and such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

As and for its counterclaim, IRSD avers as follows:

1. IRSD is Delaware public school district with its principal administrative office located in Selbyville, Delaware.

2. RLI is an insurance company organized and existing as a corporation under the laws of the State of Illinois with its principal place of business in Illinois.

3. In July and August, 2002, IRSD advertised for the receipt of bids for the Mechanical, Plumbing and ATC work in connection with a construction project known as the Sussex Central High School (the "Work" for the "Project").

4. On or about August 15, 2002, McDaniel Plumbing & Heating, Inc. (McDaniel") submitted its bid to perform the Work on the Project.

5. By written contract, dated as of August 28, 2002, Contract No. SC-B-14 (the "Contract"), McDaniel agreed to perform the Work on the Project for an original Contract Sum of $4,335,500.00, including certain accepted alternates.

6. On or about September 5, 2002, McDaniel, as principal and RLI, as surety, executed and delivered to Defendant, as Obligee, a Performance Bond and a separate Labor and Material Payment Bond, Bond No. SSB 365 837, each in the penal sum of $4,335,500.00, with respect to McDaniel's obligations under the Contract (the "Surety Bonds"). True and correct copies of the Surety Bonds are attached hereto as Exhibit "A" and are incorporated by reference herein.

7. McDaniel commenced the Work, but failed to properly progress and complete the Work in accordance with the Contract. Among other things, McDaniel breached the Contract by failing or refusing to supply enough properly skilled workers and provide proper materials on the Project, resulting in substantial delay in completing the Project that affected other trade contractors and IRSD's ability to occupy the building.

8. By letter dated September 8, 2004, IRSD notified McDaniel and RLI that IRSD was considering declaring McDaniel in default under the Contract and requested a conference to discuss methods of performing the Contract.

9. Despite the September 8th letter and the requested conference, McDaniel failed to remedy its breaches of the Contract.

10. By letters dated October 11, 2004, IRSD declared McDaniel in default under the Contract and terminated McDaniel's right to continue with performance of the Work, and made demand upon RLI to compete the Work under the Surety Bonds.

11. Under applicable law, including 29 Del. C. §6964, RLI, as surety, had an obligation to undertake completion of the Work under the Contract.

12. By letter dated November 12, 2004, RLI advised IRSD that it refused to undertake completion of the Work under the Contract.

13. As permitted by the Contract with McDaniel, the Surety Bonds, and applicable law, IRSD paid other contractors and McDaniel's subcontractors to complete McDaniel's work and charged such payments to McDaniel's account, all as the result of McDaniel's breaches of the Contract and RLI's failure to satisfy its obligations under the Surety Bonds.

14. Pursuant to the terms of the Performance Bond, RLI is obligated to pay for the cost of correcting defective work; the cost of completing work; additional legal, design professional and delay costs resulting from McDaniel's default and resulting from RLI's failure to undertake or arrange for completion; and actual damages caused by McDaniel's delayed performance or non-performance.

15. As a bond offered by RLI to comply with Delaware's public works laws, including, without limitation, §6962(d)(9)(a) through (e), the Performance Bond is further deemed, among other things, to:

(a) obligate RLI for the faithful compliance and performance by RLI of each and every term and condition of the Contract, including payment in full to every firm furnishing materiel or performing labor in the performance of the Contract of all sums of money due it for such labor or materiel;

(b) obligate RLI to guarantee to indemnify and save harmless IRSD from all costs, damages and expenses growing out of or by reason of McDaniel's failure to comply and perform the Work and complete the Contract in accordance with the Contract; and

(c) authorize IRSD to confess judgment against RLI upon the bond.

16. As a direct and proximate result of McDaniel's breach of the Contract, RLI's refusal to undertake completion, and RLI's breach of its obligations under the Surety Bonds and applicable law, IRSD has incurred losses, costs, expenses and damages in excess of $1,865,734.00, and may incur further losses, costs, expenses and damages as the

result of defective work and delayed completion, all of which are recoverable under the terms of the Surety Bonds and applicable law.

17. All conditions precedent to IRSD's right to recover its losses, costs, expenses and damages from RLI, if any, have been performed, satisfied or excused.

**WHEREFORE,** Defendant and Counterclaim Plaintiff Indian River School District demands that judgment be entered on its Counterclaim in its favor and against Plaintiff and Counterclaim Defendant RLI Insurance Company, in a principal sum in excess of $1,865,734.00, together with costs, interests, attorneys fees and such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

**SEITZ, VAN OGTROP & GREEN, P.A.**

**/s/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
**jgreen@svglaw.com**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
Attorneys for Defendant
Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

## **CERTIFICATE OF SERVICE**

I, James S. Green, Esquire, hereby certify that on this 27th day of January 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

        **/s/ James S. Green**
        **JAMES S. GREEN, ESQ. (DE0481)**