IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY<br>9025 N. LINDBERGH DRIVE<br>PEORIA, IL 61615-1431<br><br>      Plaintiff/Counterclaim Defendant<br><br>vs.<br><br>INDIAN RIVER SCHOOL DISTRICT<br>31 HOOSIER STREET<br>SELBYVILLE, DE 19975<br><br>      Defendant/Counterclaim Plaintiff<br><br>and<br><br>EDIS COMPANY<br>110 S. POPLAR STREET<br>WILMINGTON, DE 19805<br><br>and<br><br>BECKER MORGAN GROUP, INC.<br>309 SOUTH GOVERNORS AVENUE<br>DOVER, DE 19904<br><br>      Defendants. | CIVIL ACTION<br><br><br><br><br><br>NO. : 05-858<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF/ COUNTERCLAIM DEFENDANT RLI INSURANCE COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES TO
DEFENDANT/COUNTERCLAIM PLAINTIFF
INDIAN RIVER SCHOOL DISTRICT'S COUNTERCLAIM**

Plaintiff/Counterclaim Defendant, RLI Insurance Company ("RLI"), by and through its attorneys, Harry R. Blackburn & Associates, P.C., hereby responds to Counterclaim of Defendant/Counterclaim-Plaintiff, Indian River School District ("IRSD"), in accordance with the numbered paragraphs, and asserts its affirmative defenses, as follows:

1.     Admitted.

2. Admitted.

3. Denied. After reasonable investigation, Plaintiff/Counterclaim-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

4. Denied. After reasonable investigation, Plaintiff/Counterclaim-Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment.

5. Admitted in part. It is admitted that IRSD entered into a written contract with McDaniel Plumbing & Heating, Inc. ("McDaniel") for the performance of mechanical, plumbing and automatic temperature control work, Contract SC-B 14 at Sussex Central High School. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

6. Admitted in part. It is admitted that RLI issued performance and payment bonds No. SSB 365 837 for the project to McDaniel for the benefit of obligee/owner, Defendant/Counterclaim Plaintiff IRSD. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

7. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary.

8. Admitted in part. It is admitted only that IRSD authored a letter to McDaniel on or about September 8, 2004. The remaining averments in this paragraph constitute conclusions of law to which no response is necessary. The averments in this paragraph also refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

9. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

10. Admitted in part. It is admitted only that IRSD authored a letter to McDaniel on or about October 11, 2004. The remaining averments in this paragraph constitute conclusions of law to which no reply is necessary. The averments in this paragraph also refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

11. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary.

12. Admitted in part. It is admitted only that RLI authored a letter to IRSD on or about November 12, 2004. The remaining averments in this paragraph constitute conclusions of law to which no reply is necessary. The averments in this paragraph also refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

13. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary.

14. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

15 (a) -(c). Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

16. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary. The remaining averments refer to a writing, the terms of which speak for themselves, and any characterizations thereof are specifically denied.

17. Denied. The averments in this paragraph constitute conclusions of law to which no reply is necessary.

**WHEREFORE,** Plaintiff/Counterclaim-Defendant RLI Insurance Company demands that judgment be entered in its favor and against Defendant Counterclaim Plaintiff Indian River School District, together with costs, interest, attorney's fees, and such other and further relief as the Court may be in just and proper.

### FIRST AFFIRMATIVE DEFENSE

The Defendant/Counterclaim Plaintiff fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the doctrine of estoppel and/or waiver.

### THIRD AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by failure consideration.

### SIXTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by settlement and/or release.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by illegality.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the statute of frauds.

### NINTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its failure to bring suit within the contractual limitations period.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by payment.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by novation.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its failure to fulfill any and all conditions precedent to recovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its own material breach of contract.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by the doctrines of set-off and/or recoupment.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its failure to provide notices.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by its impairment of collateral.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by fraud and/or misrepresentation.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by modification of the underlying obligation.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Defendant/Counterclaim Plaintiff's claims are barred in whole or in part by applicable law.

## TWENTY THIRD AFFIRMATIVE DEFENSE

To the extent that Defendant/Counterclaim-Plaintiff has been damaged, which RLI specifically denies, a party other than RLI is liable for such alleged damages.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Answering Plaintiff/Counterclaim-Defendant is entitled to all the defenses available to its principal, McDaniel Plumbing and Heating, Inc.

**WHEREFORE,** Plaintiff/Counterclaim-Defendant RLI Insurance Company demands that judgment be entered in its favor and against Defendant Counterclaim Plaintiff Indian River School District together with costs, interest, attorney's fees, and such other and further relief as the Court may be in just and proper.

Respectfully submitted,
**ABER, GOLDLUST, BAKER & OVER**
702 King Street, P.O. Box 1675
Wilmington, Delaware 19899
(302) 472-4900
pgoldlust@gablawde.com

BY:   /s/ Perry F.Goldlust
**PERRY F. GOLDLUST, ESQUIRE**
*Attorneys for Plaintiff, RLI Insurance Company*

Dated: February 17, 2006

***OF COUNSEL:***
**HARRY R. BLACKBURN, ESQUIRE**
**JOHN E. HILSER, ESQUIRE**
**HARRY R. BLACKBURN & ASSOCIATES, P.C.**
1528 Walnut Street, 9th Floor
Philadelphia, Pa 19102
(215) 985 0123, x 105
jhilser@hrblackburn.com

Q:\RLI Surety.729\McDaniel.004\plds\Pleadings\Answer w-Affirmative Def. 2-8-06.wpd

## CERTIFICATE OF SERVICE

I, Perry F. Goldlust, Esquire, hereby certify that on February 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Perry F. Goldlust
PERRY F. GOLDLUST, ESQUIRE