# Harry R. Blackburn
## & Associates, P.C.    Attorneys at Law

*John E. Hilser\*‡*

*Of Counsel*
*Federico Calaf-LeGrand~*

*\*Also Admitted in NJ*
*‡Also Admitted in FL*
*~Admitted Only in PR*

June 21, 2006

*Direct Dial*
*Ext. 105*
*email: jhilser@hrblackburn.com*

Honorable Joseph J. Farnan, Jr.
United District Court for the
District of Delaware
Lockbox 18
844 N. King Street
Wilmington, DE 19801

    Re:    **RLI Insurance Company v. Indian River School District, et al.**
            **United District Court for the District of Delaware**
            **Civil Action No. 1:05-cv-00858-JJF**
            **Our File No. 729.004**

Dear Judge Farnan:

      This firm represents Plaintiff RLI Insurance Company in connection with the above-referenced matter wherein Motions for Dismissal have bene filed by the Defendants and are currently pending before Your Honor. This office is in receipt of a June 12, 2006 letter from counsel for Defendants enclosing a recent case of *Millsboro Fire Company v. Construction Management Services, Inc.*, a copy of which I enclose for Your Honor's reference. While counsel for Defendants is correct in quoting the opinion of the Court as holding "the provision of plans and design drawings used to construct the project do not constitute the business of supplying information," that decision fails to address specifically the negligent inspection and approval of payment applications of the contractor. On this point it is of paramount significance that a design professional or a contract manager need not undertake inspection and approval responsibilities on behalf of an owner. Indeed, such services are more aptly characterized as consulting services and are separate and distinct from an architect's preparation of plans and specifications, and a construction manager's activities. Accordingly, these consulting activities are for the specific purpose of providing information, and are not incidental and/or necessary to the architect's traditional function. As set forth in RLI Insurance Company's Memorandum of Law, any party reviewing and approving payment applications in connection with a construction project understands that these applications are not only relied upon by the owner in relation to contract balances but also the Surety and any lending institution involved in a project. Such information is utilized by these parties for purposes of making decisions to act upon and/or protect security interests in the ongoing construction. Thus, the *Millsboro Fire Company* case

---

1528 Walnut Street, 9th Floor, Philadelphia, Pennsylvania 19102 (215) 985-0123 Fax: (215) 985-0124
208 Kings Highway South, Cherry Hill, New Jersey 08034 (856) 795-5758 Fax: (856) 428-1255
361 San Francisco Street, 4th Floor, San Juan, Puerto Rico 00901 (787) 725-1004
5160 N. Harbor City Blvd, Melbourne, Florida 32940 (321) 751-8100 Fax: (321) 751-8104

Harry R. Blackburn
    & Associates, P.C.
Honorable Joseph J. Farnan, Jr.
June 21, 2006
Page 2

does not squarely address the inspection and approval functions undertaken by the architect and the construction management company in the present case. To be clear, the Surety's complaint in the instant action is addressed to these separate and distinct consulting services and not on "the provision of plans and design drawings used to construction the project."

Your Honor's consideration of the above is greatly appreciated.

Respectfully submitted,

/s/ John E. Hilser
JOHN E. HILSER

JEH/erl
Enclosure

cc:   **Via First Class Mail, w/o encl:**
      Paul Cottrell, Esquire
      Donald L. Logan, Esquire
      Perry F. Goldlust, Esquire
      Kevin Amadio, Esquire
      James S. Green, Esquire

/s/ Perry F. Goldlust
Perry F. Goldlust (DSB #770)
Aber Goldlust Baker & Over
702 King Street, Suite 600
P. O. Box 1675
Wilmington, DE  19899-1675
pgoldlust@gablawde.com
(302) 472-4900

Q:\RLI Surety.729\McDaniel.004\Indian River\Ltr\Farnan, J  06-20-06.wpd