# TIGHE, COTTRELL & LOGAN, P.A.

*Attorneys at Law*
*704 KING STREET, SUITE 500*
*P.O. BOX 1031*
*WILMINGTON, DELAWARE 19899*
Telephone Number: (302) 658-6400
Telecopier Number: (302) 658-9836
Toll Free: (800) 645-6401
WRITER'S EMAIL: p.mcgrory@lawtcl.com

*BRANCH OFFICES:*

*19 WEST AVENUE*
*P.O. BOX 303*
*WOODSTOWN, NJ 08098*

*1220-C EAST JOPPA ROAD*
*SUITE 505*
*TOWSON, MD 21286*

*2017 SPRING GARDEN STREET*
*PHILADELPHIA, PA 19130-3804*

June 12, 2006

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the
District of Delaware
844 N. King Street
Lockbox 18
Wilmington, DE 19801

> RE:   **RLI Ins. Co. v. Indian River School Dist., et al.**
>       **C.A. No.: 05-858-JJF**
>       **Our File Nos.: 6981; 8760**

Dear Judge Farnan:

Pursuant to Local Rule 7.1.2 (c), please find enclosed a copy of a recent decision by the Delaware Superior Court which holds that the Restatement (Second) of Torts § 552 does not apply to architects and engineers who merely supply information ancillary to the ultimate production of a tangible object, such as a building.

In the case of *Millsboro Fire Company v. Construction Management Services, Inc.*, C.A. No. 05C-06-137 MMJ (Superior Court, DE; Memorandum Opinion of June 7, 2006), the Court expressly held that the Economic Loss doctrine applies to prevent suits based in tort against architects and engineers on the basis that both are not in the business of supplying information, a requirement of § 552. The Court specifically found that "the provision of plans and design drawings used to construct the project do not constitute the business of supplying information." *Id.* at pp. 7-8. The Superior Court held, therefore, that architects and engineers are not engaged in the type of "businesses falling within Delaware's narrow application and strict construction of the Economic Loss Doctrine." *Id.* at p. 8.

Co-defendants EDIS and Becker Morgan respectfully submit that the facts of *Millsboro* are analogous to the facts of the case *sub judice.* In *Millsboro*, the General Contractor ("GC")

-1-

The Honorable Joseph J. Farnan, Jr.
June 12, 2006
Page 2

attempted to recover in tort against the architect and design engineer for alleged deficiencies in design and negligent approval of progress payments to the GC by the Owner. In the present case, RLI is attempting to recover against the Construction Manager and the Architect claiming, *inter alia*, that both negligently misrepresented that the GC was making adequate progress towards completion of the project.

As there is no material difference between the case *sub judice* and the facts of *Millsboro*, the Movants respectfully request that this Court follow the holding of the Delaware Superior Court as indicative of the current trend in Delaware, and grant the present Joint Motion to Dismiss the Complaint of RLI.

Respectfully Submitted,


TIGHE, COTTRELL & LOGAN, P.A.          TIGHE, COTTRELL & LOGAN, P.A.

/s/ Paul Cottrell                                        /s/ Donald L. Logan
Paul Cottrell DE I.D. # 2391                  Donald L. Logan, Esquire DE I.D. # 2604
One Customs House, Suite 500             One Customs House, Suite 500
P.O. Box 1031                                          P.O. Box 1031
Wilmington, DE 19899                          Wilmington, Delaware 19899
(302) 658-6400                                        (302) 658-6400
p.cottrell@lawtcl.com                            d.logan@lawtcl.com
Attorney for Becker Morgan Group, Inc.   Attorney for EDiS Company


Enclosed

Cc:     Clerk of the Court
        Perry F. Goldlust, Esquire
        Harry R. Blackburn, Esquire
        Kevin Amadio, Esquire
        James S. Green, Esquire