```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

RLI INSURANCE COMPANY,         :
                               :
          Plaintiff,           :
                               :
     v.                        :   Civil Action No. 05-858-JJF
                               :
INDIAN RIVER SCHOOL DISTRICT,  :
EDIS COMPANY, and BECKER       :
MORGAN GROUP, INC.,            :
                               :
          Defendants.          :
```

Perry F. Goldlust, Esquire of ABER, GOLDLUST, BAKER, & OVER, Wilmington, Delaware.
Of Counsel: Harry R. Blackburn, Esquire, Francine D. Wilensky, Esquire, and John Hilser, Esquire of HARRY R. BLACKBURN & ASSOCIATES, P.C., Philadelphia, Pennsylvania.
Attorneys for Plaintiff.

James S. Green, Esquire of SEITZ, VAN OGTROP, & GREEN, P.A., Wilmington, Delaware.
Of Counsel: Kevin Gerard Amadio, Esquire of VENZIE, PHILLIPS, & WARSHAWER, Philadelphia, Pennsylvania.
Attorneys for Defendant Indian River School District.

Donald L. Logan, Esquire of TIGHE, COTTRELL, & LOGAN, P.A., Wilmington, Delaware.
Attorney for Defendant Edis Company.

Paul Cottrell, Esquire of TIGHE, COTTRELL, & LOGAN, P.A., Wilmington, Delaware.
Attorney for Defendant Becker Morgan Group, Inc.

**MEMORANDUM OPINION**

June ___, 2006
Wilmington, Delaware

**Farnam, District Judge.**

Pending before the Court is Defendants, Edis Company And Becker Morgan Group, Inc.'s Joint Motion To Dismiss The Complaint Of Plaintiff, RLI Insurance Company (D.I. 10). For the reasons discussed, the Motion will be denied.

I.  BACKGROUND

The following facts are alleged in RLI Insurance Company's ("RLI") Complaint. In August 2002, Indian River School District ("Indian River") contracted with Mc Daniel Plumbing & Heating, Inc. ("McDaniel") for mechanical, plumbing, and temperature control work at Sussex High School in Georgetown, Delaware. The contract between Indian River and McDaniel named Edis Company ("Edis") as the construction manager and Becker Morgan Group, Inc. ("Becker Morgan") as the architect.[1] RLI, as the surety, issued a performance bond to McDaniel for the project.

Pursuant to the contract between Indian River and RLI, the Moving Defendants provided Indian River with reports regarding McDaniel's progress, which were used by RLI in making payments to McDaniel. According to RLI, the Moving Defendants failed to visit the site to evaluate McDaniel's work, reject non-conforming work, and determine whether the work was actually being performed in accordance with the contracts. These failures caused RLI to

---

[1] Edis and Becker Morgan will be referred to collectively as "the Moving Defendants."

1

issue payments for more than $340,000 in excess of the actual work performed by McDaniel. In October 2004, RLI alleges that Indian River terminated McDaniel without the contractually-required notice to McDaniel or RLI.

On December 12, 2005, RLI filed its Complaint, alleging negligent misrepresentation against all Defendants and breach of fiduciary duty against Indian River. The Moving Defendants subsequently filed the instant motion to dismiss.

## II. PARTIES' CONTENTIONS

By their Motion, the Moving Defendants contend that the instant action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) or 56. The Moving Defendants contend that the economic loss rule bars RLI from bringing its negligent misrepresentation claim, because a plaintiff who has suffered only economic losses may not bring a claim in tort. The Moving Defendants further contend that their actions do not fall within the negligent misrepresentation exception to the economic loss rule because they are not in the business of supplying information and because RLI has failed to allege reliance.

In response, RLI contends that this case falls within the negligent misrepresentation exception to the economic loss rule, because the Moving Defendants are information providers who failed to exercise reasonable care when they gave RLI false information on which they knew RLI would rely.

**III. LEGAL STANDARD**

When a court considers materials beyond a plaintiff's complaint in deciding a motion to dismiss pursuant to Rule 12(b)(6), with a few exceptions, the motion must be converted to one for summary judgment and decided pursuant to Rule 56. Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000). While the Moving Defendants filed an affidavit along with their Motion, the Court will not consider the affidavit. Accordingly, the Court will treat the Moving Defendants' Motion as a motion to dismiss.

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

3

## IV. DISCUSSION

"The economic loss doctrine is a judicially created doctrine that prohibits recovery in tort where a product has damaged only itself (i.e., has not caused personal injury or damage to other property) and the only losses suffered are economic in nature." Danforth v. Acorn Structures, Inc., 608 A.2d 1194, 1195 (Del. 1992). The parties do not dispute that RLI seeks to recover only economic losses. Accordingly, the Court will grant the Moving Defendants' Motion unless the claim falls within the negligent misrepresentation exception to the economic loss rule.

The Restatement of Torts provides an exception to the economic loss rule, which has been adopted by the Delaware state courts. Guardian Constr. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378 (Del. Super. 1990). The Restatement provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552.

In order to sustain a claim under Section 552, a plaintiff must show: (1) the defendant gave false information to the plaintiff for use in business transactions with third parties; (2) the plaintiff justifiably relied upon the false information;

(3) the defendant failed to exercise reasonable care in obtaining or relaying the information; and (4) the defendant intended that the plaintiff rely upon the information. Rose Heart, Inc. v. Ramesh C. Batta Assocs., P.A., C.A. No. 92C-10-138, 1995 Del. Super. LEXIS 370, at *9 (Del. Super. Aug. 15, 1995). Additionally, a plaintiff must show that "the defendant is in the business of supplying information." Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Mktg., Inc., C.A. No. 98C-02-217, 2002 Del. Super. LEXIS 305, at *23-25 (Del. Super. June 13, 2002) (citing Danforth v. Acorn Structures, Inc., C.A. No. 90C-JV-30, 1991 Del. Super. LEXIS 454 (Del. Super. Nov. 22, 1991)).

The Court concludes that RLI has sufficiently pleaded the first four elements. In its Complaint, RLI alleges that the Moving Defendants supplied false information regarding the quantity and quality of McDaniel's work. RLI further alleges that it relied upon the false statements to make payments to McDaniel, which were not due, and that the Moving Defendants knew that RLI would rely on those statements. Finally, RLI alleges that the Moving Defendants failed to exercise reasonable care in obtaining the information because they failed to visit the site to evaluate McDaniel's work, reject non-conforming work, and determine whether the work was actually being performed in accordance with the contracts. Because RLI has sufficiently pleaded the first four elements of a claim under Section 552, the

Court must determine whether the Moving Defendants were in the business of supplying information.

To determine whether a defendant is in the business of supplying information, a court must conduct a case-specific inquiry, looking to the nature of the information and its relationship to the kind of business conducted. Christiana Marine, 2002 Del. Super. LEXIS 305, at *26-27 (citing Rankow v. First Chicago Corp., 870 F.2d 356, 360 (7th Cir. 1989)). "[W]here the information supplied is merely ancillary to the sale of a product or service in connection with the sale, defendant will not be found to be in the business of supplying information for the guidance of others in their business dealings." Christiana Marine, 2002 Del. Super. LEXIS 305, at *29 (quoting Tolan & Son Inc. v. KLLM Architects, Inc., 308 Ill. App. 3d 18 (Ill. App. 1999)).

The Court concludes that RLI has sufficiently alleged that the Moving Defendants were in the business of supplying information. The Court recognizes that the Delaware courts have found potential liability under Section 552 only where the defendant is a pure information provider.[2] However, in the cases

---

[2] See Guardian, 583 A.2d 1378 (design engineer, who prepared contract documents and specifications); Carello v. PricewaterhouseCoopers LLP, C.A. No. 01C-10-219, 2002 Del. Super. LEXIS 180 (Del. Super. July 3, 2002) (financial accountants); Ruger v. Funk, C.A. No. 93C-04-210, 1996 Del. Super. LEXIS 34 (Del. Super. Jan. 22, 1996) (attorney issuing a title certificate); Council of Dorset Condo. Apartments v. Dorset

where the Delaware courts have determined that a defendant is not in the business of supplying information, such a determination has been made on summary judgment. Because summary judgment is not appropriate at this juncture and because there has been very little discovery, the Court is not in a position to decide whether the Moving Defendants "were retained to provide information... [or] were retained to build a structure." Tolan, 308 Ill. App. 3d at 21.

   The Court acknowledges the Delaware Superior Court's recent decision in Millsboro Fire Company v. Construction Management Services, Inc., C.A. 05C-06-137-MMJ (Del. Super. June 7, 2006), which held that the parties involved in the design and management of a construction project were not in the business of supplying information. The Millsboro court discussed Delaware's narrow application of the negligent misrepresentation exception, stating that it had only been applied to those strictly in the business of supplying information, such as "accountants, financial advisors, and title searchers." Id. at 7. However, the case does not change the Court's conclusion for two reasons. First, the Millsboro decision was made on summary judgment, with a full record before the court. Second, the Millsboro court found that

---

Apartments, C.A. 90C-10-269, 1992 Del. Super. LEXIS 343 (Del. Super. Aug. 26, 1992) (engineers who prepared an engineering report; the court distinguished engineers, who "prepare information to be used as information," from architects, who produce a tangible product).

the designers and architects provided plans and design drawings to construct the project.  From the pleadings in this case, the exact roles of the Moving Defendants are not clear, despite being named "architect" and "construction manager."  What is clear from RLI's Complaint, however, is that RLI alleged that the Moving Defendants provided information regarding the progress of McDaniel's work.  Accordingly, the Court concludes that RLI has sufficiently alleged for the purposes of a motion to dismiss that the Moving Defendants were in the business of supplying information.

## V.    CONCLUSION

For the reasons discussed, Defendants, Edis Company, and Becker Morgan Group, Inc.'s Joint Motion To Dismiss The Complaint Of Plaintiff, RLI Insurance Company (D.I. 10) will be denied.

An appropriate Order will be entered.

8