IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL, DISTRICT, EDIS COMPANY, AND BECKER MORGAN GROUP, INC. | ) |
| Defendants. | ) |

**DEFENDANT BECKER MORGAN GROUP, INC.
ANSWER TO THE COMPLAINT OF
PLAINTIFF, RLI INSURANCE COMPANY**

Defendant Becker Morgan Group, Inc. (hereinafter referred to as "BMG"), by its undersigned attorney, hereby answers the Complaint of Plaintiff, RLI Insurance Company, and Asserts Affirmative Defenses:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted upon information and belief.

4. Admitted.

5. Paragraph 5 states legal conclusions to which no response is necessary. To the extent that a response is deemed required, answering defendant denies same.

6. Paragraph 6 states legal conclusions to which no response is necessary. To the extent that a response is deemed required, answering defendant denies same.

## FACTUAL BACKGROUND

7. Paragraph 7 refers to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within this paragraph.

8. Paragraphs 8 refers to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within this paragraph. By way of further answer, BMG specifically denies any inference made in par. 8 that the contract between the Indian River School District ("IRSD") and McDaniel Plumbing & Heating, Inc., and its use of the term "architect", adequately or accurately defines the scope of the contractual relationship between BMG and IRSD. A copy of the contract between BMG and IRSD is attached hereto as Exhibit "A".

9-10. Paragraphs 9-10 refer to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within these paragraphs.

11. Admitted upon information and belief.

12. Paragraph 12 refers to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within this paragraph.

13. Admitted

14-16. The facts, allegations and responses of paragraphs 14 through 16 are not directed toward BMG; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a

     belief as to the veracity of the averments contained within paragraphs 14-16, and therefore denies same.

17. Paragraph 17 refers to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within this paragraph.

18. The facts, allegations and responses of paragraph 18 are not directed toward BMG; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraph 18, and therefore denies same.

19. Answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraph 19, and therefore denies same.

20-27. Denied.

28. Denied as alleged. Admitted that payments were made to "Joseph M. Zimmer, Inc." to perform certain services and provide labor and materials at Sussex Central High School.

29. Denied as alleged. Admitted that payments were made to "Joseph M. Zimmer, Inc." to perform certain services and provide labor and materials at Sussex Central High School.

30. Paragraph 30 refers to documents, the contents of which speak for themselves. To the extent that a response is required, BMG denies any allegations asserted within this paragraph.

31. Denied.

32. The facts, allegations and responses of paragraph 32 are not directed toward BMG;

therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraph 32, and therefore denies same.

33. Denied.

34. Denied.

35. Denied.

36. Answering Defendant incorporates it responses to paragraphs 1 through 35 as if fully set forth herein.

37-55. The facts, allegations and responses of paragraphs 37 through 55 are not directed toward BMG; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraphs 37-55, and therefore denies same.

### COUNT V

### RLI v. AND BECKER MORGAN GROUP, INC. NEGLIGENT MISREPRESENTATION UNDER RESTATEMENT OF TORTS § 552

56. Answering Defendant incorporates it responses to paragraphs 1 through 55 as if fully set forth herein.

57- 59. Denied.

### AFFIRMATIVE DEFENSES

Answering defendant, having denied each and every allegation not specifically admitted above, sets forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages or losses, if any, were caused in whole or in part by the acts or omissions of third parties, both named and unnamed, for whose conduct the defendant is not responsible

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of privity of contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or any applicable statute of repose.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, release and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Economic Loss Doctrine.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely on such other affirmative defenses as may become available during the course of discovery and thus reserves the right to amend its answer to assert such defense.

-6-

**WHEREFORE**, defendant, Becker Morgan Group, Inc. moves that Plaintiff's cause of action be dismissed against it with prejudice, that costs and reasonable fees be awarded to BMG and assessed against plaintiff, along with any other relief the court deems just and proper.

           **TIGHE, COTTRELL & LOGAN, P.A.**

           /s/ Paul Cottrell
           Paul Cottrell (DE ID No.: 2391)
           First Federal Plaza, Suite 500
           P.O. Box 1031
           Wilmington, DE  19899
           (302) 658-6400
           p.cottrell@lawtcl.com
           Attorney for Becker Morgan Group, Inc.

Dated:   September 28, 2006