**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL, DISTRICT, EDIS COMPANY, AND BECKER MORGAN GROUP, INC. | ) |
| Defendants. | ) |

**DEFENDANT EDiS COMPANY'S**
**ANSWER TO THE COMPLAINT OF**
**PLAINTIFF, RLI INSURANCE COMPANY**

Defendant EDiS Company (hereinafter referred to as "EDiS"), by its undersigned attorney, hereby answers the Complaint of Plaintiff, RLI Insurance Company, and Asserts Affirmative Defenses:

1. Admitted upon information and belief.

2. Admitted upon information and belief.

3. Admitted.

4. Admitted upon information and belief.

5. Paragraph 5 states legal conclusions to which no response is necessary. To the extent that a response is deemed required, answering defendant denies same.

6. Paragraph 6 states legal conclusions to which no response is necessary. To the extent that a response is deemed required, answering defendant denies same.

7. Paragraph 7 refers to documents, the contents of which speak for themselves. To the

      extent that a response is required, EDiS denies any allegations asserted within this paragraph.

8. Paragraphs 8 refers to documents, the contents of which speak for themselves. To the extent that a response is required, EDiS denies any allegations asserted within this paragraph. By way of further answer, EDiS specifically denies any inference made in par. 8 that the contract between the Indian River School District ("IRSD") and McDaniel Plumbing & Heating, Inc., and its use of the term "construction managers", adequately or accurately defines the scope of the contractual relationship between EDiS and IRSD. A copy of the contract between EDiS and IRSD is attached hereto as Exhibit "A".

9-10. Paragraphs 9-10 refer to documents, the contents of which speak for themselves. To the extent that a response is required, EDiS denies any allegations asserted within these paragraphs.

11. Admitted.

12. Paragraph 12 refers to documents, the contents of which speak for themselves. To the extent that a response is required, EDiS denies any allegations asserted within this paragraph.

13. Admitted upon information and belief.

14-16. The facts, allegations and responses of paragraphs 14 through 16 are not directed toward EDiS; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraphs 14-16, and therefore denies same.

17. Paragraph 17 refers to documents, the contents of which speak for themselves. To the extent that a response is required, EDiS denies any allegations asserted within this paragraph.

18. The facts, allegations and responses of paragraph 18 are not directed toward EDiS; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraph 18, and therefore denies same.

19. Answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraph 19, and therefore denies same.

20-27. Denied.

28. Denied as alleged. Admitted that payments were made to "Joseph M. Zimmer, Inc." to perform certain services and provide labor and materials at Sussex Central High School.

29. Denied as alleged. Admitted that payments were made to "Joseph M. Zimmer, Inc." to perform certain services and provide labor and materials at Sussex Central High School.

30. Paragraph 30 refers to documents, the contents of which speak for themselves. To the extent that a response is required, EDiS denies any allegations asserted within this paragraph.

31. Denied.

32. The facts, allegations and responses of paragraph 32 are not directed toward EDiS; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to

the veracity of the averments contained within paragraph 32, and therefore denies same.

33. Denied.

34. Denied.

35. Denied.

36. Answering Defendant incorporates it responses to paragraphs 1 through 35 as if fully set forth herein.

37-51. The facts, allegations and responses of paragraphs 37 through 51 are not directed toward EDiS; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraphs 37-51, and therefore denies same.

52. Answering Defendant incorporates it responses to paragraphs 1 through 31 as if fully set forth herein.

53- 55. Denied.

56-59 The facts, allegations and responses of paragraphs 56 through 59 are not directed toward EDiS; therefore no response is necessary. To the extent that a response is deemed required, answering defendant is without sufficient knowledge or information to form a belief as to the veracity of the averments contained within paragraphs 56-59, and therefore denies same.

## AFFIRMATIVE DEFENSES

Answering defendant, having denied each and every allegation not specifically admitted

above, sets forth the following affirmative defenses without assuming any burden of proof as to any such defense:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The damages or losses, if any, were caused in whole or in part by the acts or omissions of third parties, both named and unnamed, for whose conduct the defendant is not responsible

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of privity of contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations or any applicable statute of repose.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, release and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Economic Loss Doctrine.

**NINTH AFFIRMATIVE DEFENSE**

Defendant hereby gives notice that it intends to rely on such other affirmative defenses as may become available during the course of discovery and thus reserves the right to amend its answer to assert such defense.

**WHEREFORE**, defendant, EDiS Company moves that Plaintiff's cause of action be dismissed against it with prejudice, that costs and reasonable fees be awarded to EDiS and assessed against plaintiff, along with any other relief the court deems just and proper.

TIGHE, COTTRELL & LOGAN, P.A.

  /s/ Donald L. Logan
Donald L. Logan, Esquire
DE I.D. # 2604
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
d.logan@lawtcl.com
*Attorney for EDiS Company.*

DATED:   October 5, 2006