IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT | : | NO.: 05-858 JJF |
| et al. | : | |
| Defendants | : | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon Plaintiff's Motion to Compel Defendants' Compliance with the U. S. District Court for the District of Delaware's Default Standard for Discovery of Electronic Discovery, and any response thereto, it is hereby ORDERED that Plaintiff's Motion to Compel is **GRANTED** and the Defendants are required to provide the following information to Plaintiff's counsel within thirty (30) days of the date of this Order:

1. A list of the custodians of relevant electronically stored information in their respective client's possession, including a brief description of each person's title and responsibilities for their respective client.

2. A list of each relevant electronic system that has been in place at all relevant times and a general description of each system including, but not limited to, the nature, scope, character, organization, and formats employed in each system.

3. Provide Plaintiff's counsel with a full and complete disclosure of all electronically stored information that is reasonably accessible to each defendant.

4. The name of the individual responsible for retention of each defendant's electronically stored information ("the retention coordinator"), as well as a general description of that party's retention policies for the systems identified above.

5. The name of the individual who shall serve as that party's liaison for e-discovery ("e-discovery liaison").

6.  Each defendant shall set forth in detail any problems reasonably anticipated to arise in connection with e-discovery, e.g., email duplication.

7.  The named e-discovery liaison must be:

   A) Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

   B) Knowledgeable about the technical aspects of e-discovery, including the storage, organization, and format issues relating to electronically stored information.

   C) Prepared to participate in e-discovery dispute resolutions.

8.  Counsel of record shall be responsible for compliance with e-discovery requests. The e-discovery liaisons shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

9.  The defendants shall produce supplemental responses to Plaintiff's Fed. R. Civ. P. 34 request and shall produce responsive information in accordance with Fed. R. Civ. P. 26(b).

10. If the defendants intend to employ an electronic search to locate relevant electronically stored information, they shall disclose any restrictions as to the scope and method which might affect their ability to conduct a complete electronic search of such information.

11. The information shall be produced to the Plaintiff as text searchable image files (e.g., PDF or TIFF), unless unduly burdensome or cost-prohibitive to do so. Notwithstanding the manner of production, the defendants must preserve the integrity of the underlying electronically stored information, i.e., the original formatting, the metadata and, if applicable, the revision history.

12. The defendants are to outline the steps each defendant has taken to segregate and preserve the integrity of all relevant electronically stored information and shall:

   A) Take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that all other electronically stored information maintained by the identified custodians shall not be altered.

   B) Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such

systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

13.   Electronically stored information that contains privileged matter or attorney work product shall be immediately returned to the producing party by any other party if such information appears on its face to have been inadvertently produced or, if there is notice of the inadvertent production, within thirty (30) days of such notice.

14.   The costs of discovery shall be borne by the producing party.

15.   The scope of this Order is not limited to only computers and information systems in each defendant's possession, but shall also include production of emails, documents, spreadsheets and any other information that may be contained on any computer, including the personal computers, of any agent, officer, employee, consultant or other individuals who have or had knowledge of the subject matter of Plaintiff's Complaint or who the events leading up to the underlying activities giving rise to the Plaintiff's cause of action.

It is further ORDERED that the plaintiff or any other party may, with 60 days of the production of the e-discovery, notice the deposition of the e-discovery liasons and /or any other person identified in hte documents produced. Said deposition shall be limited in nature and scope to the matters contained within the documents produced and within the knowledge of the deponent of matters addressed therein.

**BY THE COURT:**

_____
                                            J.