IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION |
| INDIAN RIVER SCHOOL DISTRICT *et al.* | : | NO. : 05-858 JJF |
| Defendants | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF IT'S MOTION TO COMPEL DEFENDANTS' COMPLIANCE WITH U.S. DISTRICT COURT FOR THE DISTRICT OF DELAWARE'S DEFAULT STANDARD FOR DISCOVERY OF ELECTRONIC DISCOVERY ("E-DISCOVERY")**

BY: Perry F. Goldlust, Esquire
Aber, Goldlust, Baker & Over
702 King Street, P.O. Box 1675
Wilmington, DE 19899
1-866-826-4950
*Attorneys for Plaintiff,*
*RLI Insurance Company*

Dated: 8/3/07

## TABLE OF CONTENTS

I. STATEMENT OF FACTS .................................................... 1

II. LEGAL ARGUMENT ...................................................... 3

III. CONCLUSION .......................................................... 7

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                               **Page**

*McPeek v. Ashscroft*, 202 F.R.D. 31 (D.D.C. 2001) .................................. 4

*Peskoff v. Faber*, 240 F. R.D. 26( D.D.C. 2007) ..................................... 4

<u>*Zubulake v. U.B.S. Warburg, LLC*</u>, 216 F.R.D. 280 (S.D.N.Y. 2003) .................. 4

**FEDERAL RULES**

Fed. R. Civ. P. 26(b)(1) ............................................................. 3

Fed. R. Civ. P. 37(f) ............................................................... 4

**LOCAL COURT PRACTICE AND PROCEDURE**

Ad Hoc Committee for Electronic Discovery Default Standard for Discovery of
Electronically Stored Information ................................................ 3, 5-7

I. **STATEMENT OF FACTS**

Plaintiff initiated the instant matter by way of Complaint on December 12, 2005. Thereafter, defendants, EDIS Company and Becker Morgan Group, Inc. filed a Joint Motion to Dismiss Plaintiff's Complaint on January 19, 2006, to which plaintiff responded on March 8, 2006. The Court subsequently denied the defendants' Joint Motion.

Subsequent to the denial of the Motion to Dismiss, defendant, Indian River School District ("IRSD"), filed its required Initial Disclosures on July 31, 2006. Defendant, Becker Morgan Group ("BMG"), filed its required Initial Disclosures on September 28, 2006. Defendant, EDIS, filed its required Initial Disclosures on October 5, 2006. The defendants' Initial Disclosures, as well as any subsequent discovery responses have failed to comply with the standard required of them on the issue of e-discovery.

At all times relevant herein, defendants were required to comply with the Ad Hoc Committee for Electronic Discovery Default Standard for Discovery of Electronically Stored Information ("Default Standard"), revised March 2, 2007, yet they have failed to do so.

On November 10, 2006, plaintiff served upon the defendants its first set of Request for Production of Documents in accordance with Rule 34. The documents produced by the defendants in response to plaintiff's Request for Production of Documents contain limited information related to electronically stored and/or computer generated information and documentation, particularly in the form of e-mails by and between the defendants in this litigation, their respective officers, agents, employees or other individual and/or entities who were or may have addressed issues surrounding or involving McDaniel's work on the IRSD

project, as well as matters causing delays, cost overruns and other problem/conditions that arose during the course of the IRSD project.

Plaintiff believes and, therefore avers, that additional e-mails and/or electronically stored and/or computer generated information and documentation detailing the IRSD project as it pertains to issues, directly or indirectly, of the work performed by McDaniel or by others that were impacted by or who impacted the work of McDaniel on the project still remain in the possession of the defendants. Plaintiff believes and, therefore, avers that there may also exist evidence of non-privileged e-mails or other electronically stored and/or computer generated information and documentation on the personal computers of those involved on the project, in particular, those officers and agents of the IRSD, who were intimately familiar with the project on a day to day basis. Given the volume of documents produced through discovery and the lack of significant amounts of computer generated documentation contained herein, the plaintiff believes that full and complete e-discovery has not been produced by each respective defendant and, therefore, plaintiff requests that an Order be issued against the defendants requiring them to produce e-discovery in accordance with this Court's Default Standard, as well as the pertinent Federal Rules of Civil Procedure.

Furthermore, plaintiff believes and, therefore, avers that certain discovery may have been deleted or destroyed as it has recently been brought to moving counsel's attention that the IRSD retention policy requires that the school district retain computer files for only a limited period of time before said files are deleted, destroyed or overwritten. Such action by the IRSD could have a significant impact on plaintiff's ability to pursue its claims and refute the defenses of the defendants. Counsel for IRSD has not produced for inspection and review a copy of the alleged

IRSD retention policy manual, nor has any evidence been produced that said information has, in fact, been destroyed, deleted or overwritten in accordance with the IRSD procedures.

Furthermore, based upon the documents produced by defendants, EDIS and BMG to plaintiff's Request for Production of Documents, plaintiff believes and, therefore, avers that e-mails and other computer documentation generated during the course of this project, both during McDaniel's involvement on the project and subsequent to its termination have not been produced, despite the required disclosures mandated by the Default Standard.

Given the lack of e-discovery disclosures and/or computer generated documents produced by defendants, plaintiff respectfully requests this Honorable Court to issue an Order directing the defendants to comply with the U.S. District Court for the District of Delaware the Default Standard for Discovery for Electronically Stored Information as revised on March 2, 2007, a true and correct copy of which is attached hereto and made part hereof and marked as Exhibit "A".

## II.  **LEGAL ARGUMENT**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, "parties may obtain discovery of any matter, not privilege, that is relevant to the claim or defense of any party". Federal Rule of Civil Procedure 26(b)(1). The documentation sought by plaintiffs seeks production of matters not privileged and are relevant to the claims set forth in plaintiff's Complaint, as well as to refute the defenses and counterclaims of the defendants. The electronically stored information sought through plaintiff's discovery is, or should be, reasonable accessible to the defendants and therefore, will not place an undue burden or cost upon them as

this accessible information should be easily recovered from the respective defendant's computer hard drives, servers and/or redundant/back up systems.

Furthermore, identification of the requirements set forth in the Default Standard will also reveal if any of the defendants violated Federal Rule of Civil Procedure 37(f) for the failure to preserve any computer stored or generated information and documentation once litigation was anticipated. Rule 37(f) provides that once litigation is "reasonably anticipated" good faith will require a party to institute a litigation hold in many situations and the failure to do so may result in sanctions being imposed against the offending party.

The defendants have the obligation to search available electronic systems for the information demanded by the plaintiffs as the Federal Rules of Civil Procedure, as amended to take effect on December 1, 2006 makes such production explicit. *McPeek v. Ashscroft*, 202 F.R.D. 31 (D.D.C. 2001). Accessible data must be produced at the cost of the producing party; cost shifting does not become a factor unless there is first showing of inasessability by the party who is required to produce the documents. It cannot be argued that a party should be relieved of its obligation to produce assessable data merely because it may take time and effort to find what is required under the Rules of Civil Procedure. *Zubulake v. U.B.S. Warburg, LLC*, 216 F.R.D. 280 (S.D.N.Y. 2003). The defendants must therefore conduct a search of <u>all</u> depositories of electronic information in which one "may reasonably expect to find all e-mails" involving the party or issue in question. *Peskoff v. Faber*, 240 F.R.D. 26( D.D.C. 2007).

Therefore, in accordance with the revised Federal Rules of Civil Procedure, effective December 1, 2006, case law holdings addressing this issue, as well as the requirements of the Default Standards, plaintiffs respectfully requests this Honorable Court to order the defendants,

Indiana River School District, EDIS and Becker Morgan Group, and their agents, officers and/or employees to produce all non-privileged e-discovery documents.

The Court's Default Standard requires the defendants to produce and/or disclose the following:

- A list of the most likely custodians of relevant electronically stored information, including a brief description of each person's title and responsibilities.

- A list of each relevant electronic system that has been in place at all relevant times and a general description of each system including, but not limited to, the nature, scope, character, organization, and formats employed in each system.

- The parties should also discuss whether their electronically stored information is reasonably accessible. Electronically stored information that is not reasonably accessible may include information created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval otherwise involves undue burden or substantial cost.

- The name of the individual responsible for retention of that party's electronically stored information ("the retention coordinator"), as well as a general description of that party's retention policies for the systems identified above.

- The name of the individual who shall serve as that party's liaison for e-discovery ("e-discovery liaison").

- Provide notice of any problems reasonably anticipated to arise in connection with e-discovery, e.g., email duplication.

- To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the Rule 26(f) conference, the parties shall either agree on a date by which this information will be mutually exchanged or submit the issue for resolution by the court at the Rule 16 scheduling conference.

- E-discovery liaison. In order to promote communication and cooperation between the parties, each party to a case shall designate an e-discovery liaison through which all e-discovery requests and responses shall be made. Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

    Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

> Knowledgeable about the technical aspects of e-discovery, including the storage, organization, and format issues relating to electronically stored information.
>
> Prepared to participate in e-discovery dispute resolutions.

- The court notes that, at all times, the attorneys of record shall be responsible for compliance with e-discovery requests. However, the e-discovery liaisons shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

- **Timing of e-discovery.** Discovery of electronically stored information shall proceed in a sequenced fashion.

- After receiving requests for production under Fed. R. Civ. P. 34, the parties shall search their electronically stored information, other than that identified as not reasonably accessible due to undue burden and/or substantial cost, and produce responsive information in accordance with Fed. R. Civ. P. 26(b).

- Electronic searches of information identified as not reasonably accessible shall not be conducted until the initial search has been completed. Requests for electronically stored information that is not reasonably accessible must be narrowly focused with good cause supporting the request. See Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes, December 2006 Amendment (good cause factors).

- Requests for on-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall be reviewed to determine if good cause and specific need have been demonstrated.

- **Search methodology.** If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to the scope and method which might affect their ability to conduct a complete electronic search of such information. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

- **Format.** If, during the course of the Rule 26(f) conference, the parties cannot agree to the format for production of their electronically stored information, as permitted by Fed. R. Civ. P. 34, such information shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF), unless unduly burdensome or cost-prohibitive to do so. When a text searchable image file is produced, the producing party must preserve the integrity of the underlying electronically stored information, i.e., the original formatting, the metadata and, where applicable, the revision history. After initial production in text searchable image file

format is complete, a party must demonstrate particularized need for production of electronically stored information in native format.

- **Retention.** Within the first thirty (30) days of discovery, the parties should work towards an agreement (akin to the standard protective order) that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronically stored information. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

> Take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that all other electronically stored information maintained by the identified custodians shall not be altered.
>
> Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.
>
> Within seven (7) days of identifying the relevant custodians, the retention coordinators shall implement the above procedures, and each party's counsel shall file a statement of compliance as such with the court.

- **Privilege.** Electronically stored information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or, if there is notice of the inadvertent production, within thirty (30) days of such notice.

- **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

- **Discovery disputes and trial presentation.** At this time, e-discovery disputes shall be resolved and trial presentations shall be conducted consistent with each individual judge's guidelines.

## III.  CONCLUSION

In light of the foregoing, plaintiff respectfully requests this Honorable Court to enter an Order compelling the defendants to provide the information sought herein above. Furthermore, given defendants' failure to fully and completely supply e-discovery information, despite being required to do so, plaintiff respectfully requests an extension of the Court's discovery deadline

and permit plaintiff, or any other party, to notice of deposition of the e-discovery liasons and/or any other person identified in the documents produced, with the depositions' scope to be limited to matters contained within the documents produced and/or within the knowledge of the deponent as it relates to matters contained therein.

WHEREFORE, for all the foregoing reasons, plaintiff, RLI Insurance Company respectfully requests this Honorable Court to grant plaintiff's Motion to Compel Production of Documents related to e-discovery against the defendants named herein within 30 days of the date of this Order.

                    **ABER, GOLDLUST, BAKER & OVER**
                    702 King Street, P.O. Box 1675
                    Wilmington, Delaware 19899
                    (302) 472-4900
                    pgoldlust@baglawde.com

BY: _____
                    PERRY F. GOLDLUST, ESQUIRE
                    Attorneys for Plaintiff, RLI Insurance Company

Date: 8/3/07

**OF COUNSEL:**
HARRY R. BLACKBURN, ESQUIRE
HARRY R. BLACKBURN & ASSOCIATES, P.C.
1528 Walnut Street, 4th Floor
Philadelphia, Pa 19102
(215) 985 0123, ext. 105
hblackburn@hrblackburn.com

Q:\RLI Surety.729\McDaniel.004\Indian River\Discovery\Brief in Support of Motion to Compel .wpd