# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S BRIEF IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH E-DISCOVERY DEFAULT STANDARD

Defendant Indian River School District ("IRSD"), through its undersigned

attorneys, opposes plaintiff RLI Insurance Company's motion to compel defendants'

compliance with the United States District Court for the District of Delaware's "Default

Standard" for discovery of electronic evidence, for the reasons that follow:

### ARGUMENT IN OPPOSITION WITH COUNTERSTATEMENT OF FACTS

#### A. RLI has not filed its motion prior to the expiration of the discovery deadline, as required by Local Rule

By its motion, RLI seeks to compel the other parties' compliance with the Default

Standard and to extend discovery for whatever time it takes to permit that discovery to take

place.  However, RLI's motion is not timely.  The Local Rules (now Rule 16.4, but

formerly Rule 16.5), provide that a request for an extension of deadlines for completion of

discovery must be made prior to the expiration of the date deadline.  The deadline for completion of document discovery was December 31, 2006; RLI's motion is over seven months' too late.

### B.  RLI never raised a timely objection about discovery of electronically stored information, and should be estopped from raising it now

Even without the bar of the Local Rule, it would be unfair to permit RLI to re-open discovery now that the case is in the final stages of trial preparation.  By the end of this month (August 2007), all expert reports will have been exchanged.  By the end of next month (September 2007) dispositive motions will be filed.  The final pretrial conference is scheduled for December 6, 2007.  Re-opening discovery now would delay or interfere with final trial preparation.

Moreover, RLI never once raised these objections during discovery and never complied with the Default Standard itself.  RLI has waited until discovery is completed to raise an issue that should have been addressed and resolved in the initial discussions about discovery.  As plaintiff, RLI could rightly be considered as the party that should have initiated such discussions.

Throughout the course of this litigation, RLI had ample opportunity to address the parties' compliance with the Default Standard, but failed to do so, as the following recitation of the facts makes clear:

RLI commenced this action in December, 2005.  After a motion to dismiss filed by defendants EDIS and Becker Morgan was denied by the Court, the Court, on June 22, 2006 ordered that:

the parties shall confer and submit, by no later than Monday, July 10, 2006, a Proposed Scheduling Order, using the form of order attached as a basis for the discussions.

The attached form made no mention of the Ad Hoc Committee for Electronic Discovery Default Standard for Electronically Stored Information (the "Default Standard").[1]

The parties did confer, using the Court's form as a guide to their discussions. No party raised the Default Standard, or even the topics addressed in the Default Standard, during those discussions. On July 10, 2006, RLI's counsel, Mr. Goldlust, advised the Court that "[t]he parties have conferred on the Court's scheduling order and have agreed, subject to the approval of the Court, to the attached Order." The Order submitted, agreed to by all parties, did not refer to the Default Standard or any of the topics addressed in the Default Standard. The Order did, however, acknowledge that all parties had "satisfied their obligations under Fed. R. Civ. P. 26(f)." On July 13, 2006, the Court entered the parties' agreed scheduling order.

The scheduling order required the parties to exchange initial disclosures by July 31, 2006. IRSD filed its initial disclosures on July 31st; RLI did not do so until August 31, 2006. No party's initial disclosures identified electronically stored information or other information that the Default Standard would require. No party objected to the failure of any other party to make disclosures about electronically stored information in their initial disclosures.

---

[1] Adherence to the Default Standard is not required by the Local Rules, by any Standing Order of the District of Delaware, or by any order or guideline imposed by Judge Farnan. The Default Standard itself notes, in its introductory section, that it "is ***available for use*** by the Court and by parties engaged in litigation in the District of Delaware." (emphasis added.)

Under the scheduling order, document production was to be completed by October 31, 2006. On October 31, 2006, the parties filed a stipulation asking that the Court extend the time for completion of document discovery to December 31, 2006. The Court approved and so ordered this stipulation on November 2, 2006. During document discovery, no party produced electronically stored information or otherwise complied with the Default Standard. During document discovery, no party objected to any other party's failure to produce electronically stored information or to comply with the Default Standard.

During document discovery, IRSD (like the other parties) produced copies of email as part of its document production. During document discovery, neither RLI nor any other party objected to the scope or completeness of IRSD's production of email.

On April 27, 2007, the parties filed a second scheduling stipulation, which was approved and so ordered by the Court on May 8, 2007. In this stipulation, no party sought to extend the already-expired deadline for completion of document discovery. The parties did, however, extend the deadline for completion of factual depositions to June 6, 2007. During the time between the deadlines for completion of document discovery and for completion of deposition discovery, no party produced electronically stored information or complied with the Default Standard, nor objected to any other party's failure to do so. During this same time period, neither RLI nor any other party objected to the scope or completeness of IRSD's production of email.

The first time RLI raised any objection that the other parties had failed to comply with the Default Standard, or that IRSD and the other parties had failed to produce all email, was by a letter from RLI's counsel to all other counsel on July 13, 2007.

As set forth in above recitation of facts, RLI never raised any objection that the other parties should have complied with the Default Standard at any time prior to the expiration of the deadlines for document and factual deposition discovery. RLI knew that no party referenced the Default Standard in their initial disclosures and that no party produced electronically stored information during the document discovery period. RLI itself failed to produce electronically stored information or to comply with the Default Standard. Having never raised a timely objection about discovery of electronically stored information, RLI should be estopped from raising it now.

## C. IRSD has met its discovery obligations regarding production of email

RLI has no basis in fact to contend that IRSD has failed to produce all email, or destroyed email during the pendency of the litigation. To the contrary, IRSD produced its email during the document discovery part of this litigation. Until it decided to file this motion, RLI never asked IRSD to explain how its email system functioned, what its email document retention policies were, or what steps IRSD took to produce email. Since this motion now for the first time raises these issues, IRSD makes the following summary:

All emails that come into or leave from any of the computers at the Indian River School District go through the State of Delaware's Department of Technology and Information's ("DTI") email server, called "K-12 Imail". The K-12 Imail server has an email client program component called "Ipswitch Web Messaging" which works like

"Hotmail" or "Gmail" in that it is a web browser based email program. However, the individual IRSD custodians are free to choose to use a different, standards-based email client such as Microsoft Outlook, Netscape Navigator, or Mozilla Thunderbird to retrieve and send emails instead of using the Ipswitch Web Messaging program directly to send and receive emails. Regardless of which email client (standards-based or web browser based) the custodian chooses, all emails still get filtered through the DTI's K-12 Imail server.

DTI's retention policy for these emails is to store them on a daily basis on the K-12 Imail server and then copy them to tape and store the tapes for approximately 45 days. Then the tapes get recycled and re-used. In 2006, the retention policy provided for the storage of tapes for approximately 90 days instead of the current 45 days. There is no long term retention policy for the DTI. Further, when emails more than 45 days old need to be restored, then DTI has to first receive an e-records request from the state agency and then DTI will undergo a restoration procedure that is inexact and variable in its ability to retrieve messages and has a maximum restoration time period of approximately one year prior to the date of the e-records request.

In April 2006, the IRSD made an e-Records request to DTI. The oldest email records that DTI was able to restore through the restoration procedure were from September 2005. We made no investigation of the email records restored because the date of the oldest email records restored was well after the time periods that are relevant to this litigation. Emails dated prior to September 2005 could possibly be in these restored email records, but only if the emails had not been deleted prior to that date. Emails that were

purged by the IRSD custodians or deleted by the K-12 Imail server system prior to that date would not be in these restored records.

There is no email retention policy at the IRSD itself. All IRSD custodians are free to print and delete or read and delete or retain emails as they may choose. During discovery, we investigated with the relevant custodians (Greg Weer, Patrick Miller, Lois Hobbs, Earl Savage and Jay Headman) what their individual practice was. If the custodian's practice was to print and file all of their emails, we asked for the printed copies. If the custodian's practice was to retain emails on their individual computers, we asked them to print them out. Therefore, we did not try to obtain electronic copies of the emails from the custodian's individual computers. The emails obtained from each of the custodians were produced during discovery. Some of the custodians still have redundant copies of some of their emails on the hard drives of their computers, but we believe these are just that – redundant copies of documents that are printed out and included in the paper files produced.

RLI never objected to the scope or completeness of this discovery while discovery was on-going. IRSD asks the Court to deny their attempt to do so now.

Respectfully Submitted,

**SEITZ, VAN OGTROP & GREEN, P.A.**

**/s/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
**jgreen@svglaw.com**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

60594 v1                                    7

                                             Attorneys for Defendant
                                             Indian River School District

Of Counsel:
K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

## CERTIFICATE OF SERVICE

I, James S. Green, Esquire, hereby certify that on this 20th day of August, 2007, I

electronically filed the foregoing documents with the Clerk of Court using CM/ECF which

will send notification of such filing to counsel of record.


                                             **/s/ James S. Green**
                                             **JAMES S. GREEN, ESQ. (DE0481)**
                                             **jgreen@svglaw.com**