## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI  INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| INDIAN RIVER SCHOOL, DISTRICT, | ) |
| EDIS COMPANY, AND BECKER MORGAN | ) |
| GROUP, INC. | ) |
| Defendants. | ) |

### DEFENDANT BECKER MORGAN GROUP, INC.'S
### RESPONSE BRIEF IN OPPOSITION TO THE
### PLAINTIFF, RLI INSURANCE COMPANY'S
### MOTION TO COMPEL E-DISCOVERY

**TIGHE & COTTRELL, P.A.**

By:  ____/s/  Patrick McGrory_____
Paul Cottrell, Esquire (DE # 2391)
Patrick McGrory, Esq. (DE # 4943)
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.mcgrory@tighecottrell.com

Dated: August 20, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.      NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT SUMMARY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.     ARGUMENT

        A.      PLAINTIFF'S MOTION IS IMPROPERLY FORMATTED . . . . . . . . . . . . . . . . 2

        B.      PLAINTIFF'S MOTION IS UNTIMELY
                AND CONSTITUTES A WAIVER OF
                THE SUPPOSED DEFICIENCIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        C.      PLAINTIFF HAS FAILED TO SHOW THAT
                ANSWERING DEFENDANT DID NOT ADHERE
                TO APPLICABLE DISCOVERY RULES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

V.      CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**CASES**

*U.S. ex rel. Purcell v. MWI Corp.*, 232 F.R.D. 14, 17 (D.D.C.2005) . . . . . . . . . . . . . . . . . . . . . . 3

*Wakehouse v. Goodyear Tire & Rubber Co.*,
       2007 WL 1340788 (D.Neb. Apr 05, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wyeth v. Impax Labs., Inc.*,
2006 WL 3091331 (D. Del. Oct. 26, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**OTHER AUTHORITIES**

Ad Hoc Committee for Electronic Discovery
of the U.S. District Court for the District of Delaware's
*Default Standard for Discovery of Electronic Documents* . . . . . . . . . . . . . . . . . . . . . . . . . 1; 4-5

Fed. R. Civ. Pro. 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Local Rule 16.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## I.    NATURE AND STAGE OF PROCEEDINGS

The Plaintiff, RLI Insurance Company ("RLI"), filed the instant motion on August 3, 2007.  Document discovery closed on December 31, 2006.   Pursuant to the parties' Second Stipulation to Amend the Rule 16 Scheduling Order (D.I. # 83), all fact discovery ended on June 6, 2007, expert reports were due from the Plaintiff on July 31, 2007, and from the Defendants on August 31, 2007.  Opening Briefs for Dispositive Motions shall be filed by September 28, 2007.  The Pre-Trial Conference is presently scheduled for December 6, 2007.

## II.    ARGUMENT SUMMARY

1.    Plaintiff's Motion requests that the Court enter an order directing the Defendants to comply with the Ad Hoc Committee for Electronic Discovery of the U.S. District Court for the District of Delaware's *Default Standard for Discovery of Electronic Documents ("E-Discovery")*.  Plaintiff further requests that this Court re-open all forms of discovery in this case for an indefinite period to satisfy its requested "e-discovery".

2.    Plaintiff makes two arguments in support of its motion.  First,  RLI argues that the Defendants failed to adhere to the required rules governing e-discovery.  Second, RLI argues that it must not have received all of the relevant "e-discovery" from the defendants "[g]iven the volume of documents produced through discovery and the lack of significant amounts of computer generated documentation contained herein [...]."

3.    RLI's motion should be stricken for failure to adhere to this Court's Order regarding the length of such motions.  In the alternative, Plaintiff's Motion should be denied because it is untimely, RLI waived any objection to the scope of discovery produced to-date, and RLI failed to show that BMG did not meet its obligations under the relevant discovery rules or

that BMG did not produce all of its electronically stored documents during the discovery period.

## III.    STATEMENT OF FACTS

RLI filed the present motion on August 3, 2007, along with a brief in support thereof. The motion, itself, is nine (9) pages long and is accompanied by an eleven (11) page brief.  As per Par. 4 of the Court's scheduling Order (D.I.. 25), discovery dispute motions are to be no more than four (4) pages and shall not be accompanied by any brief.

BMG filed its Rule 26 Initial Disclosures on September 28, 2006.  RLI served its first, and only, notice of request for production of documents on BMG on November 16, 2006 (D.I #38).  BMG responded to RLI's document request on December 21, 2006 (D.I. #46).

Not once over the past eight (8) months has RLI raised any issue with respect to the volume of "e-discovery" it has received to date.  Moreover, all fact discovery was closed and RLI submitted its expert report before the present motion was filed.  As the Docket reveals, fact discovery in this case had been extended by stipulation of the parties on two separate occasions with no reference to the need for "e-discovery".

## IV.    ARGUMENT

### A.    Plaintiff's Motion Is Improperly Formatted

As stated above, Par. 4 of the Court's scheduling Order (D.I.. 25) discovery dispute motions are to be no more than four (4) pages and shall not be accompanied by any brief.  RLI's motion, likewise, violates this Court's order regarding discovery disputes in that the motion itself is nine (9) pages long and includes an eleven (11) page brief.  Therefore the present motion should be stricken for failure to adhere to this Court's Order.

### B.    Plaintiff's Motion is Untimely and Constitutes a Waiver of the Supposed Deficiency

Local Rule 16.5 states that a request for an extension of discovery deadlines shall be made prior to the expiration of the date deadline.  When considering whether a motion to compel discovery is untimely, the Court should take into consideration whether (1) the deadline for the close of discovery had passed when the motion to compel was filed, and (2) whether requiring further discovery would disturb either the consideration of a dispositive motion or the conduct of the trial.  *Wakehouse v. Goodyear Tire & Rubber Co.*, 2007 WL 1340788 (D.Neb. Apr 05, 2007)(citing, *U.S. ex rel. Purcell v. MWI Corp.*, 232 F.R.D. 14, 17 (D.D.C.2005).  Furthermore, "failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations." *Wakehouse*, 2007 WL 1340788 (D.Neb. Apr 05, 2007).

Document discovery ended on December 31, 2006, and fact discovery is now closed.  Not once over the past eight (8) months has RLI raised any issue with respect to the volume of "e-discovery" it has received to date.  Moreover, all fact discovery was closed and RLI submitted its expert report before the present motion was filed.  As the Docket reveals, fact discovery in this case had been extended by stipulation of the parties on two separate occasions.

RLI was certainly aware that none of the parties in this case anticipated or agreed upon any particular "e-discovery" procedure during the course of discovery.  RLI was also fully aware of the scope of documents that were produced to it over the course of nearly a year of fact discovery.  Had RLI truly believed that BMG's responses were in anyway deficient, it certainly waived any objections it may have had by waiting until all fact discovery had closed to bring its motion.

Regardless of the fact that discovery is closed, Fed. R. Civ Pro. 26(b)(2)(C) states that discovery methods may be limited where, among others, "the party seeking discovery has had

ample opportunity by discovery in the action to obtain the information sought." RLI had over a year since the Scheduling Conference to conduct discovery, to review the volume of materials produced by the parties and has thoroughly deposed each of the relevant individuals regarding the issues at stake in this litigation. Any re-opening of fact discovery to satisfy the plaintiff's desire to go on a fishing expedition is unnecessary and will undoubtedly delay dispositive motions practice for no discernible purpose. It will also, in all likelihood, delay the trial in this case.

C.     Plaintiff has Failed to Show that Answering Defendant did not Adhere to Applicable
        Discovery Rules

        In its Motion, RLI argues that it must not have received all of the relevant "e-discovery" from BMG without providing any factual basis for this assertion. RLI simply states, "Given the volume of documents produced through discovery and the lack of significant amounts of computer generated documentation contained herein, the plaintiff believes that full and complete e-discovery has not been produced by each respective defendant [...]." In other words, RLI's only argument is that the production of less than what it considers to be a "significant amount"of e-mails should alone support the Court's finding that BMG withheld relevant and discoverable e-mail communications. RLI does not bother to provide any specific instance where BMG actually failed to produce relevant e-mail communications. RLI merely points to a lack of a "significant amount" of e-mails as evidence that more must exist.

        In spite of having no factual basis, RLI's motion asks this Court to issue an order requiring the defendants to "produce e-discovery in accordance with the Default Standards. Those Standards, however, have not been codified by any amendment to the Local Rules, nor has it been adopted or made applicable to this case through Court order or directive. The Ad Hoc Committee which promulgated the Default Standards acknowledged the advisory role of these

-4-

Default Standards when it stated in the introduction, "This default standard is available for use by the Court and by parties engaged in litigation in the District of Delaware." Therefore, the parties were not obligated to adhere to the Default Standards absent direct order or directive of the Court.

The Federal Rules of Civil Procedure, however, require the parties to discuss the form and scope of e-discovery prior to the Rule 16 Conference and prepare a plan for conducting e-discovery *if applicable* to the parties' claims or defenses. *Fed. Civ. R. P.* 26(f). The parties did so confer about the scope of discovery prior to the Rule 16 Conference and developed a proposed scheduling order. The schedule submitted rightly did not indicate a need for "e-discovery". If RLI wanted to conduct "e-discovery", RLI was required to raise and discuss this issue before the Rule 16 Scheduling Conference; not eight (8) months following the close of document production and on the eve of dispositive motions practice.

However, if RLI had indicated prior to the Rule 16 Scheduling Conference that there was a need for "e-discovery" in this case (and the Court agreed and adopted the Default Standards), the Standards would merely require the parties to disclose their relevant electronic systems, the possible custodians of electronically stored information, and the person or persons responsible for the retention of such electronically stored information. RLI, for its part, has made no such disclosures (even now after it has made a demand for the same of the defendants).

While the request remains in the discretion of the Court to grant, at this stage in the litigation however, the magnitude of RLI's request and the costs associated with re-opening discovery (both in terms of dollars and efficiency) certainly outweigh any benefit which may be derived from granting the request. Fed. R. Civ Pro. 26(b)(2)(C) states that discovery methods

may be limited where, among others, "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

The Court is undoubtedly aware of the costs of "e-discovery".   Likewise, Rule 26 encourages the Court to perform a proportionality analysis in light of the costs.  RLI's motion, however, does not even attempt to provide any reason to re-open discovery.  Conversely, Answering Defendant can think of no issue which is instrumental to the resolution of this case which has not been thoroughly addressed during discovery.  Furthermore, this Court stated in *Wyeth v. Impax Labs., Inc.*, 2006 WL 3091331 (D. Del. Oct. 26, 2006), that absent a showing of a particularized need or by agreement of the parties, the producing party is not required under the Default Standards to produce computer generated documents in their native format.  *Id*. at *2. RLI has made no such showing and, therefore, the format in which e-mails have been produced to date should satisfy BMG's obligations under the rules.

 Absent compelling reasons which satisfy the proportionality analysis encouraged by Rule 26, RLI's motion should be denied as a mere request to engage in a costly fishing expedition.

## V.    CONCLUSION

Given RLI's failure to raise the issue until the eve of dispositive motions practice, along with RLI's failure to provide compelling reason to engage in "e-discovery", RLI's present motion is little more than a thinly veiled attempt to harass the defendants and/or increase the costs of litigation or delay a final resolution of the case.   A careful review of the present motion and the history of discovery, taken in conjunction with the timing of this motion, makes it apparent that

RLI's request is being made to intentionally serve this purpose. Likewise, in addition to requesting that the Court deny the present motion, BMG requests that this Court tax against the Plaintiff BMG's costs incurred in responding.

**TIGHE & COTTRELL, P.A.**

By: _____/s/  Patrick McGrory_____
Patrick McGrory, Esq. (DE # 4943)
Paul Cottrell, Esquire (DE # 2391)
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.mcgrory@tighecottrell.com

Dated: August 20, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RLI  INSURANCE COMPANY | ) Civil Action No.: 05-858 JJF |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| INDIAN RIVER SCHOOL, DISTRICT, | ) |
| EDIS COMPANY, AND BECKER MORGAN | ) |
| GROUP, INC. | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I, Patrick McGrory, Esquire hereby certify that on this 20th day of August, 2007, I caused a true and correct copy of the foregoing document to be served upon the following by CM/ECF Electronic Filing:

Perry F. Goldlust, Esquire
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675
*Attorneys for Plaintiff RLI*

James S. Green, Esquire
Seitz, Van Ogtrop & Green, PA
222 Delaware Avenue, Suite 1500
PO Box 68
Wilmington, DE 19899
*Attorney for Indian River School District*

Kevin Amadio, Esquire
Venzie Phillips & Warshawer
2032 Chancellor Street
Philadelphia, PA 19103

Donald L. Logan, Esquire
Logan and Associates, P.A.
One Customs House, Suite 100
PO Box 89
704 King Street
Wilmington, DE 19899
*Attorney for EDiS Company, Inc.*

By:    /s/ Patrick McGrory
      Patrick McGrory, Esq. DE I.D. # 4943
      One Custom House, Suite 500
      PO Box 1031
      Wilmington, DE 19899