IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) <br> ) Civil Action No.: 05-858-JJF <br> ) |
| Plaintiff, | ) |
| vs. | ) <br> ) |
| INDIAN RIVER SCHOOL DISTRICT, <br> EDIS COMPANY AND BECKER MORGAN <br> GROUP, INC., | ) <br> ) <br> ) |
| Defendants. | ) |

### DEFENDANT EDIS COMPANY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant EDiS Company, Inc., by its and through its undersigned attorneys, and requests that this Honorable Court grant summary judgment in its favor pursuant to Delaware law and Fed.R.Civ.P. 56, and in support thereof, offers the following, to wit:

1.  Defendant EDiS Company ("EDiS") was contracted by Defendant Indian River School District ("IRSD") to serve as the construction manager for IRSD's Sussex Central High School construction project in Georgetown, Delaware (the "Project").

2.  IRSD contracted with McDaniel Plumbing and Heating ("McDaniel") as the mechanical and plumbing subcontractor for the Project, and Plaintiff RLI Insurance Company (RLI") issued a performance bond on behalf of McDaniel.

3.  IRSD terminated its contract with McDaniel and filed a performance bond claim with RLI; RLI denied the performance bond claim and instituted this lawsuit.

4.  RLI filed a claim against EDiS for "Negligent Misrepresentation under Restatement of Torts §552," alleging that EDiS failed to perform in accordance with its contract

with IRSD.  <u>See</u>, *Complaint*, Count IV.

5.    RLI's claims are for solely economic losses.

6.    The economic loss doctrine precludes a plaintiff who has suffered only economic losses from recovering in tort.  <u>Danforth v. Acorn Structures, Inc.</u>, 608 A.2d 1194, 1195 (Del. 1992).

7.    Although Delaware recognizes an exception to the economic loss doctrine, the exception applies only to pure information providers; companies that are in the business of supplying information. D.I. 21, *Memorandum Opinion* at 5 and <u>Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Marketing., Inc.</u>, 2002 WL 1335360 at *6-7 (Del. Super.)

8.    Delaware courts have found that companies involved with the design and management of construction projects are not in the business of supplying information and therefore are shielded from tort liability by the economic loss doctrine.  <u>Millsboro Fire Company v. Construction Management Services, Inc.</u>, 2006 WL 1867705 (Del. Super.) and <u>Delaware Art Museum v. Ann Beha Architects, Inc.</u>, slip copy, 2007 WL 2601472 (D.Del.).

9.    The services provided by EDiS were defined by its construction management contract with IRSD, and included administrative, management and related services.  Construction Manager Contract, ¶2.3.3.

10.   Fact discovery has closed and it is undisputed that EDiS was the construction manager for the Project and was responsible only for the services required under its Construction Manager Contract with IRSD.  <u>See</u>, Construction Manager Contract and *Complaint* ¶¶20, 54 (wherein RLI relies on the contract provisions as the source of EDiS's duties for its tort claim).

11.   According to Delaware law, as construction manager for the Project, EDiS was

not in the business of supplying information, and therefore the exception is inapplicable and the economic loss doctrine bars the negligent misrepresentation claim by RLI.

  12. EDiS is entitled to judgment as a matter of law.

  13. EDiS's Construction Manager Contract expressly disclaims any liability to third parties.

  14. Courts have upheld such provisions as a bar to claims by third parties such as RLI, and Delaware Courts recognize that a contract must intend to benefit a third party in order for that third party to maintain a claim under the contract. Treeline Garden City Plaza, LLC v. Berkley Arm, Inc., 2006 WL 1982532 (N.Y. Supp.); Standard Elec. Service Corp. v. Gahanna-Jefferson Public Schools, 1998 WL 542696 (Ohio App. 10 Dist.); Badiee v. Brighton Area Schools, 695 N.W.2d 521 (Mich. App. 2005); VP Buildings, Inc. v. Norco Const., Inc., 2005 WL 2037548 (E.D. La.); and Guardian Const. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378, 1386-7 (Del. Super. 1990); Insituform of North America, Inc. v. Chandler, 534 A.2d 257, 268-9 (Del. Ch. 1987).

  15. EDiS is entitled to judgment as a matter of law on the basis that its Construction Manager Contract expressly prohibits any action by RLI and therefore cannot be construed as intending to confer a benefit on RLI.

  WHEREFORE, Defendant EDiS Company respectfully requests that this Honorable Court grant summary judgment in its favor and against the claims of RLI Insurance Company.

                LOGAN & ASSOCIATES, LLC

                By:  /s/ Donald L. Logan
                Donald L. Logan (Delaware I.D. No. 2604)
                Victoria K. Petrone (Delaware I.D. No. 4210)
                One Customs House, Suite 100
                P.O. Box 89
                Wilmington, DE 19899
                P:  (302) 655-8000
                F:  (302) 655-8005
                email: dlogan@loganllc.com
                *Attorneys for Defendant EDiS Company*

Dated: September 27, 2007