**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RLI INSURANCE COMPANY, ) | Civil Action No.: 05-858-JJF |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| INDIAN RIVER SCHOOL DISTRICT, ) | |
| EDIS COMPANY AND BECKER MORGAN ) | |
| GROUP, INC., ) | |
| Defendants. ) | |

**DEFENDANT EDIS COMPANY'S OPENING BRIEF**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

LOGAN & ASSOCIATES, LLC

By: /s/ Donald L. Logan
Donald L. Logan (Delaware I.D. No. 2604)
Victoria K. Petrone (Delaware I.D. No. 4210)
One Customs House, Suite 100
P.O. Box 89
Wilmington, DE 19899
P: (302) 655-8000
F: (302) 655-8005
email: dlogan@loganllc.com
*Attorneys for Defendant EDiS Company*

Dated: September 27, 2007

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    I.    RLI'S NEGLIGENT MISREPRESENTATION CLAIM
        AGAINST EDIS IS BARRED BY THE ECONOMIC
        LOSS DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.   RLI'S CLAIM AGAINST EDIS IS BARRED BY
        EDIS'S CONTRACT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF AUTHORITIES**

**Case**                                                                                                  **Page**

Badiee v. Brighton Area Schools, 695 N.W.2d 521 (Mich. App. 2005) . . . . . . . . . . . . .  8

Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Marketing., Inc.
    2002 WL 1335360 (Del. Super.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Danforth v. Acorn Structures, Inc., 608 A.2d 1194 (Del. 1992). . . . . . . . . . . . . . . . . . .  5

Delaware Art Museum v. Ann Beha Architects, Inc.,
    slip copy, 2007 WL 2601472 (D.Del.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Guardian Const. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1387 (Del. Super. 1990)  8

Insituform of North America, Inc. v. Chandler, 534 A.2d 257 (Del. Ch. 1987) . . . . . . .  8

LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069 (3d. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . .  4

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,
    106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Millsboro Fire Company v. Construction Management Services, Inc.,
    2006 WL 1867705 (Del. Super.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6,7

Pellaton v. Bank of New York, 592 A.2d 473 (Del. 1991) . . . . . . . . . . . . . . . . . . . . . . .  5,9

Rose Heart, Inc. v. Ramesh C. Batta Assocs., P.A., 1995 WL 562116 (Del. Super.) . . .  6

Sonitrol Holding Co. v. Marceau Investissements, 607 A.2d 1177 (Del. Supr. 1992) . .  9

Standard Elec. Service Corp. v. Gahanna-Jefferson Public Schools,
    1998 WL 542696 (Ohio App. 10 Dist.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Treeline Garden City Plaza, LLC v. Berkley Arm, Inc.,
    2006 WL 1982532 (N.Y. Supp.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

VP Buildings, Inc. v. Norco Const., Inc., 2005 WL 2037548 (E.D. La.) . . . . . . . . . . . .  8

**Other Authority**

29 Del. C. §6962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Restatement (Second) of Torts §552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,5,6,9

Fed. R. Civ. P. 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff RLI Insurance Company ("RLI") filed a *Complaint* against Defendant Indian River School District ("IRSD") for a variety of claims arising out of the construction of the new Sussex Central High School which is a part of IRSD. (D.I. 1). RLI also filed claims of "Negligent Misrepresentation under Restatement of Torts §552" against EDiS Company ("EDiS"), the project construction manager, and against Defendant Becker Morgan Group, Inc. ("BMG"), the project architect.

EDiS and BMG jointly filed a *Motion to Dismiss* RLI's claims based on the economic loss doctrine. (D.I. 10). The Court denied the *Motion to Dismiss* (D.I. 22), ruling in its *Memorandum Opinion* that the exact roles of EDiS and BMG were not clear at that time prior to discovery and other Delaware authority had dismissed similar claims at the summary judgment stage. (D.I. 21). Written discovery ended on December 31, 2006. The cut-off for fact depositions was June 6, 2007. Expert reports have been exchanged by the parties. This is EDiS's *Motion for Summary Judgment*.

## SUMMARY OF ARGUMENT

RLI's negligent misrepresentation claim against EDiS is barred by the economic loss doctrine. Discovery has established that EDiS was the construction manager for the construction project at issue. The negligent misrepresentation exception to the economic loss doctrine is inapplicable because EDiS is not in the business of supplying information, therefore, according to Delaware law, EDiS is entitled to summary judgment.

RLI's negligent misrepresentation claim is also barred by the terms of EDiS's contract with IRSD. RLI relies on EDiS's contract with IRSD as the source of EDiS's duties for the tort claim, but the contract disclaims such reliance and bars any cause of action by RLI. Therefore, EDiS is entitled to judgment as a matter of law.

**STATEMENT OF FACTS**

IRSD retained BMG as project architect to design the new Sussex Central High School in Georgetown, Delaware (the "Project"). IRSD subsequently retained EDiS as construction manager for the Project, and EDiS was identified as such in the parties' January 7, 2002 contract ("Construction Manager Contract"). (App. A-1). The Construction Manager Contract defined the responsibilities of the construction manager. As construction manager, EDiS scheduled and conducted meetings, coordinated the sequence of construction, maintained accounting records for the Project, reviewed payment applications, recorded the progress of the Project and endeavored to obtain satisfactory performance from the contractors. (App. A-1, Construction Manager Contract, ¶¶2.3.4, 6, 7, 10, 11, 21). EDiS's role was summarily defined by Paragraph 2.3.3 of the Construction Manager Contract:

> The Construction Manager shall provide administrative, management and related services to coordinate scheduled activities and responsibilities of the Contractors with each other and with those of the Construction Manager, the Owner and the Architect to endeavor to manage the Project in accordance with the latest approved estimate of Construction Cost, the Project Schedule and the Contract Documents.

As construction manager, EDiS had no responsibilities for design of the Project. The Construction Manager Contract required IRSD to retain an architect to design the work and stated that questions of design interpretation would be forwarded to the architect. (App. A-1, ¶¶4.5 and 2.3.16). RLI and IRSD acknowledge that EDiS did not perform any design work or create any design drawings. (App. A-16, Deposition of David S. Berry, pp. 304-5; App. A-22, Deposition of Gregory C. Weer, p. 184).

As a large state public works job, the Project was governed by Delaware's State Procurement Act at 29 Del. C. §6962. McDaniel Plumbing & Heating ("McDaniel") submitted

the lowest responsive bid for the mechanical and plumbing work for the Project, and in accordance with 29 Del. C. §6962, McDaniel was awarded the job and entered into a contract with IRSD. As required by 29 Del. C. §6962(d)(9), McDaniel executed a performance bond for the benefit of IRSD. RLI issued the performance bond on behalf of McDaniel.

McDaniel's contract was eventually terminated by IRSD for non-performance and failure to pay subcontractors and suppliers. IRSD submitted a claim under McDaniel's performance bond for the completion of the Project, following all of the prerequisites to recovery set forth in the performance bond. RLI denied the performance bond claim and filed a *Complaint* against IRSD for declaratory judgment, breach of fiduciary duty and negligent misrepresentation. Although RLI had no contractual relationship with EDiS or BMG, and the EDiS Construction Manager Contract specifically precluded action by third-parties (Id. at 10.7), RLI asserted negligent misrepresentation claims against both EDiS and BMG. IRSD filed a *Counterclaim* against RLI for the costs to correct and complete McDaniel's scope of work which exceeds $2 million.

**ARGUMENT**

The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). It is also appropriate for the Court to determine the legal meaning of an unambiguous contract clause as a matter of law at the summary judgment stage. LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1073 (3d. Cir. 1996)(citing Pellaton v. Bank of New York, 592 A.2d 473, 478 (Del. 1991)). To defeat a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing there is a genuine issue for trial. Fed. R.Civ.R. 56(e), Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**I.    RLI'S NEGLIGENT MISREPRESENTATION CLAIM AGAINST EDIS IS BARRED BY THE ECONOMIC LOSS DOCTRINE**

RLI's negligent misrepresentation claim against EDiS is barred by the economic loss doctrine. According to the economic loss doctrine, a plaintiff who has suffered only economic loss is prohibited from recovering in tort. Danforth v. Acorn Structures, Inc., 608 A.2d 1194, 1195 (Del. 1992). It is undisputed that RLI is seeking only economic losses. As the Court noted in its *Memorandum Opinion* (D.I. 21), RLI can only sustain its claim if it falls into an exception to the economic loss rule, however, it does not and summary judgment is appropriate.

RLI has no contractual relationship with EDiS and therefore sued EDiS on a theory of "Negligent Misrepresentation under Restatement of Torts §552." *Complaint*, Count IV. The Restatement provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts §552.

The Restatement has been accepted by Delaware courts as an exception to the economic loss rule, however, as the Court stated in its *Memorandum Opinion*, a plaintiff is required to show that: (1) the defendant gave false information to the plaintiff for use in business transactions with third parties; (2) the plaintiff justifiably relied upon the false information; (3) the defendant failed to exercise reasonable care in obtaining or relaying the information; (4) the defendant intended that the plaintiff rely on the information; and (5) the defendant is in the business of supplying information. *Memorandum Opinion*, D.I. 21 at 4-5, citing Rose Heart, Inc. v. Ramesh C. Batta Assocs., P.A.,1995 WL 562116 at *3 (Del. Super.) and Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Marketing., Inc., 2002 WL 1335360 at *6-7 (Del. Super.).

RLI's claim against EDiS fails because EDiS is not in the business of supplying information. The Court acknowledged in its *Memorandum Opinion* that Delaware Courts have found liability for negligent misrepresentation only where the defendant is a pure information provider, and importantly that "parties involved in the design and management of a construction project [are] not in the business of supplying information." *Memorandum Opinion*, D.I. 21 at 7, citing Millsboro Fire Company v. Construction Management Services, Inc., 2006 WL 1867705 (Del. Super.). The Court's *Memorandum Opinion* further recognized that in Delaware, the "pure information provider" exception has been applied only to those strictly in the business of supplying information, such as "accountants, financial advisors and title searchers." Id. The

-6-

Millsboro Court held, in granting summary judgment, that any information supplied for the construction project was incidental to the services provided and therefore the businesses involved were not within "Delaware's narrow application and strict construction of the Economic Loss Doctrine." Millsboro Fire Company at *4. Accordingly, citing Millsboro and the *Memorandum Opinion*, this Court recently granted a construction designer's motion to dismiss, holding it was not in the business of supplying information and therefore not within the limited exception to the economic loss doctrine. Delaware Art Museum v. Ann Beha Architects, Inc., slip copy, 2007 WL 2601472 (D.Del.).

According to the Millsboro and Delaware Art Museum rulings, EDiS cannot be characterized as a pure information provider. Liability has been found only where the information is the "end aim" of the services provided. Delaware Art Museum at *3. Here, EDiS was the Project construction manager with no responsibility for the creation of Project design documents, and therefore even further removed from the label of pure information provider. EDiS's responsibilities were limited to "administrative, management and related services." (App. A-1, Construction Manager Contract, ¶2.3.3). Witnesses from RLI and IRSD agree that EDiS was retained for the ultimate purpose of building the structure, not providing information. (App A-16, Dep. Berry, pp. 297-298; App. A-22, Dep. Weer, p. 184). Any information transmitted by EDiS was incidental to the management services required by its Construction Manager Contract. Accordingly, under Delaware law, EDiS is not in the business of supplying information and therefore the exception to the economic loss doctrine is inapplicable. EDiS is entitled to summary judgment.

## II.   RLI'S CLAIM AGAINST EDIS IS BARRED BY EDIS'S CONTRACT

EDiS's Construction Manager Contract explicitly precludes any cause of action by RLI: "Nothing contained in this Agreement shall create a contractual relationship with or a cause of action in favor of a third party against either Owner or Construction Manager." (App. A-1, ¶10.7). Courts have upheld this same contract language as a bar to claims by parties outside the contract. See, Treeline Garden City Plaza, LLC v. Berkley Arm, Inc., 2006 WL 1982532 at *2 (N.Y. Supp.)(holding that "when a contract expressly negates enforcement by third parties, that provision is controlling" and dismissing third party's tort claim for negligent contract performance)(citations omitted); Standard Elec. Service Corp. v. Gahanna-Jefferson Public Schools, 1998 WL 542696 (Ohio App. 10 Dist.)(affirming summary judgment disposition of contractor's negligence claim against architect); Badiee v. Brighton Area Schools, 695 N.W.2d 521 (Mich. App. 2005)(affirming summary judgment disposition of contractor's third-party beneficiary claim against owner and construction manager); and VP Buildings, Inc. v. Norco Const., Inc., 2005 WL 2037548 (E.D. La.).   Delaware Courts have also held that for a third party to recover under a contract, the contract must convey the intent to benefit that third party. See, e.g., Guardian Const. Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378, 1386-7 (Del. Super. 1990); Insituform of North America, Inc. v. Chandler, 534 A.2d 257, 268-9 (Del. Ch. 1987).

Here, EDiS's Construction Manager Contract expressly disclaims any third party liability and so RLI cannot, and does not, attempt to claim it is a third-party beneficiary. RLI's argument is even more tenuous, because RLI is still asserting the right to rely and benefit from EDiS's contract responsibilities, without third-party beneficiary status. RLI's negligent misrepresentation claim is based on RLI's assertion that EDiS "failed to perform [its]

responsibilities under the contract documents." (D.I. 1, *Complaint*, ¶20). RLI further claims it relied on EDiS "to properly perform its contractual obligations." Id. at ¶54. RLI relies on EDiS's Construction Manager Contract as the source of EDiS's duties for RLI's negligence claim,[1] but since the Contract specifically bars such reliance and any cause of action resulting therefrom, RLI's claim against EDiS must be dismissed.

In addition to barring **any** action by RLI, the Construction Manager Contract disclaimer language defeats one of the elements of RLI's negligent misrepresentation claim; the required showing that EDiS intended for RLI to rely on information it provided. The Restatement limits EDiS's liability only to those persons for whose benefit and guidance that EDiS intended to supply the information. Restatement (Second) of Torts §552(2)(b). RLI cannot show that EDiS transmitted any information for RLI's reliance or benefit because EDIS's Contract expressly bars such reliance. The Court should give effect to the Contract language and grant EDIS judgment as a matter of law. See, Pellaton, 592 A.2d at 478 (holding the proper construction of the contract is a question of law); Sonitrol Holding Co. v. Marceau Investissements, 607 A.2d 1177, 1184 (Del. Supr. 1992)(holding that the court should give effect to all contract provisions).

## CONCLUSION

There are no material facts in dispute concerning EDiS's role as construction manager or that EDiS's Construction Manager Contract bars action by RLI. It is undisputed that EDiS was the construction manager for the Project, its responsibilities are defined under its Contract with

---

[1] RLI has not pleaded that EDiS had any duties or obligations beyond those set forth in EDiS's Construction Manager Contract with IRSD. RLI refused to answer a specific Interrogatory request on that very point, objecting and simply offering to produce its file. App. A-25, *Plaintiff RLI Insurance Company's Answers to Defendant EDiS Company's First Set of Interrogatories*, ¶13.

IRSD, and RLI has conceded that EDiS was retained to build the structure, not provide information. Accordingly, under Delaware law, EDiS is not a "pure information provider" and summary judgment is appropriate. EDiS is also entitled to summary judgment because EDiS's Contract precludes any cause of action by RLI.

WHEREFORE, Defendant EDiS Company respectfully requests that this Court grant summary judgment in its favor.

LOGAN & ASSOCIATES, LLC

By:   /s/ Donald L. Logan
Donald L. Logan (Delaware I.D. No. 2604)
Victoria K. Petrone (Delaware I.D. No. 4210)
One Customs House, Suite 100
P.O. Box 89
Wilmington, DE 19899
P: (302) 655-8000
F: (302) 655-8005
email: dlogan@loganllc.com
*Attorneys for Defendant EDiS Company*