# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of

defendant Indian River School District's motion for summary judgment, and the

responses thereto, it is hereby ORDERED that:

    1.    the motion be and hereby is, GRANTED.

    2.    judgment is entered in favor of defendant Indian River School District
("IRSD") and against plaintiff RLI Insurance Company's ("RLI") on count I of RLI's
Complaint as follows:

(a) the allegations of count I are stricken to the extent in that count RLI claims that it is
discharged from its obligations under the performance bond by reason of IRSD's
allegedly improper payments to McDaniel Plumbing and Heating, Inc. ("McDaniel") for
work not performed and/or performed in a deficient manner. The Court finds that
pursuant to the terms of the Performance Bond and Contract, the architect and the
construction manager evaluated the progress and quality of McDaniel's work and
certified the amounts to be paid on monthly payment applications, that IRSD was
required to make payments to McDaniel in the amounts certified by the architect and the
construction manager, and that IRSD did so.  All defenses or claims asserted by RLI
based on alleged improper payments are hereby stricken, including paragraphs 20(e),
20(f), 20(g), 20(h), 20(m), 21, 22, 26 and 37(a), 37(g) and 37(j) of the complaint, and RLI
is prohibited from offering any evidence at trial in support of any such claim or defense;

(b) the allegations of count I are stricken to the extent in that count that RLI claims that it
is discharged from its obligations under the performance bond by reason of any failure by

1

IRSD to provide a pre-termination notice of default to McDaniel, to notify RLI about the status of McDaniel's work, or to arrange a conference with RLI and McDaniel prior to making demand under the performance bond. All defenses or claims asserted by RLI based on these allegations, including paragraphs 16, 20(e), 20(f), 20(g), 20(h), 20(m), 21, 22, 26, 30, 37(a), 37(d), 37(g) 37(j) of the complaint, and RLI is prohibited from offering any evidence at trial in support of any such claim or defense;

        3.     judgment is entered in favor of IRSD and against RLI on counts II and III of RLI's Complaint.

_____
                                   J.