IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL, DISTRICT, EDIS COMPANY, AND BECKER MORGAN GROUP, INC. | ) |
| Defendants. | ) |

### DEFENDANT, BECKER MORGAN GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant, Becker Morgan Group, Inc. ("BMG"), by its undersigned attorney, asks this Honorable Court to grant this Motion for Summary Judgment in favor of BMG pursuant to Rule 56(b), based on the following, as well as the reasons set forth in the accompanying brief:

1. Plaintiff's sole claim based upon tort against the Architect are based solely on economic loss and, therefore, the Economic Loss Doctrine.

2. Co-defendant, Indian River School District ("IRSD") is the owner of the property at issue. IRSD contracted with McDaniel Plumbing and Heating, Inc ("MPH") to perform mechanical, plumbing and temperature control work at Sussex Central High School (the "Project"). Plaintiff, RLI Insurance Company ("RLI") issued a Performance Bond to MPH in connection with the Project. RLI filed its complaint on December 21, 2005, against IRSD, EDiS and BMG, pleading one claim of negligent misrepresentation under the Restatement (Second) of Torts, Sec 552, ("Professional Negligence") separately against BMG (Count V). The complaint avers that the BMG supplied false information for the guidance of the RLI upon which it relied when it decided to issue the bond to the Contractor for the project.

3. The Complaint seeks only the recovery of economic loss for the costs which have been incurred as a result of the limited action RLI took with respect to MPH's Performance and Payment Bonds for the Project.

4. The Economic Loss Rule bars RLI from bringing any claim based in tort against BMG. According to this doctrine, a plaintiff who has suffered only economic loss cannot sue in tort but must sue in contract. *Danforth v Acorn Structures, Inc*, 608 A.2d 1194 (Del. 1992).

5. Like *Danforth*, the plaintiff in this case is claiming that the Architect failed to perform its contractual created duties with regards to the Project.

6. Just like *Millsboro Fire Co v Constr. Mgmt Serv.*, C.A. No 05C-06-137 MMJ, 2006 WL 1867705, (Del. Super. June 7, 2006), the alleged contractual duties involved reviewing the quality and value of the work completed by the contractor. These alleged duties arose solely by the terms of the contract between IRSD and BMG and not by any larger social policies embodied in the law of torts. As such, the Economic Loss Rule bars the present claim unless an exception to rule is held to apply.

7. Similar to the Plaintiff in *Delaware Art Museum v. Ann Beha Architects, et al*, C.A. No. 06-481 GMS, 2007 WL 2601472 (Dist. Del. Sept. 11, 2007), RLI is attempting to avoid the Economic Loss Rule by claiming negligent misrepresentation under Sec. 552 of the Restatement (Second) of Torts, which is an accepted exception to the rule. However, similar to *Millsboro* and *Delaware Art Museum*, this exception will not bar the application of the Economic Loss Rule because BMG cannot be found to be in the "business of supplying information", and any information exchanged by virtue of the agreement between IRSD and BMG is ancillary to the ultimate purpose of that agreement, which is the construction of a tangible product – the

school building. Likewise, the requirements of Sect. 552 cannot be met and BMG is entitled to summary judgment as a matter of law.

8. Regardless, the moving defendant is still entitled to judgment in its favor because BMG never intended the reliance alleged and, in fact, expressly disclaimed any such reliance on the part of third-parties in its contract with IRSD. Intent on the part of BMG to elicit RLI's reliance is a requirement to support the Sect. 552 exception. One, which RLI has failed to allege or prove and is disclaimed by the agreement between IRSD and BMG in Par. 9.7.

9. In short, the RLI's claims against BMG are not only barred by the Economic Loss Rule, but also by the contract between BMG and IRSD. Therefore, the Court should grant summary judgment in Becker Morgan Group, Inc.'s favor and against RLI

        **TIGHE & COTTRELL, P.A.**

By:   /s/ Patrick McGrory
      Paul Cottrell, Esquire (DE # 2391)
      Patrick McGrory, Esq. (DE # 4943)
      One Customs House, Suite 500
      P.O. Box 1031
      Wilmington, Delaware 19899
      (302) 658-6400
      p.mcgrory@tighecottrell.com

Dated: September 28, 2007