IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN LIMINE TO STRIKE PLAINTIFF'S EXPERT REPORT AND EXCLUDE TESTIMONY**

Defendant Indian River School District moves in limine to strike the expert report served by plaintiff RLI Insurance Company and prepared by Progressive Construction Management, Inc. and exclude the expert from testifying at trial for the reasons set forth herein.

*The PCM Report Omits Information Required by Rule 26(a)(2)(A)*

1.   RLI served an expert report on July 31, 2007 prepared by Progressive Construction Management, Inc. titled "Analysis of Impacts to the Performance of McDaniel Plumbing & Heating, Inc. on Construction of the Sussex Central High School" ("PCM Report"). A true and correct copy of the PCM Report is attached hereto as Exhibit "A."

2.   Rule 26(a)(2)(A) requires that parties disclose the identity of any witness who will present expert testimony. Subsection (a)(2)(B) further requires parties to disclose, with respect to expert witnesses, a written report prepared and signed by the witness and that:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the

opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

F.R.C.P. 26(a)(2)(B).

3. The PCM Report violates Rule 26(a)(2)(A) because it does not name any person as its author, is not signed, includes no exhibits, no expert qualifications, no statement of the expert's compensation and no prior testimony. The PCM Report fails to identify, and RLI has neither identified nor produced, the specific documents that the expert considered in reaching his or her opinion.

4. On August 2, 2007, counsel for IRSD pointed out all these failures to counsel for RLI. On August 30, 2007, the day before IRSD's responding expert report was due, RLI mailed a letter that promised to supply the missing information (the letter was not received until September 4th. Although two-and-a-half months have passed since the PCM Report was served, the missing information has not been supplied.

5. Rule 37(c) provides for mandatory sanctions for a party's failure to comply with the self-disclosing provisions of Rule 26(a). Id. Rule 37(c) provides:

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a)…is not, unless such failure is harmless, permitted to use as evidence at a trial, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions…

F.R.C.P. 37(c)(1). If the required disclosures are not made, the rule provides for preclusion of the evidence unless the non-producing party can show (1) substantial justification for the non-disclosure and (2) that the failure was harmless. The non-producing party bears the burden of proving substantial justification and harmlessness. Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. PA 2002).

6. RLI cannot show that it was substantially justified in failing to comply with Rule 26(a)(2). The Rule specifically identifies the items that must be disclosed with the report. Since there is an enumeration of the items, there is no reasonable misunderstanding or dispute as to whether these items were required to be disclosed.

7. RLI cannot show that its failure to comply with Rule 26(a)(2) was harmless. RLI has been materially prejudiced IRSD in presenting opposing expert testimony. IRSD's expert, engaged to analyze the PCM Report, did not have the information relied upon by RLI's expert in conducting his analysis. The Court-ordered deadline for submission of IRSD's expert report passed and IRSD was forced to submit its report without having the benefit of knowing what information RLI's expert has relied upon. IRSD's expert's analysis and conclusions may well have been different if it were aware of information considered or not considered by RLI in its analysis.

8. Because the PCM Report does not comply with Rule 26(a)(2), and that failure was not justified and prejudiced the other parties, the PCM Report should be stricken and the expert precluded from testifying.

### *The PCM Report Presents a Claim Not at Issue in this Litigation*

9. The last eight pages of the PCM Report (pages 76-83) set forth a calculation of a claim for damages, in the amount of $755,751, allegedly suffered by McDaniel Plumbing and Heating, Inc. ("McDaniel"), the prime contractor terminated by IRSD and bonded by RLI.

10. McDaniel is not a party to this litigation.

11. McDaniel was terminated October 11, 2004 and never asserted this damage claim against IRSD, either before the termination or since. Exhibit "B" and "C" respectively to this motion are an RLI interrogatory answer (to EDIS interrogatory 9) confirming the October 11,

2004 termination date; and an excerpt from pages 76 to 80 of the deposition testimony of William McDaniel, the president of McDaniel, confirming that no claim was ever submitted (see question and answer on lines 7-15 of page 80).

12. McDaniel's contract with IRSD required that McDaniel submit claims within 21 days of their accrual for an initial determination by the architect, but McDaniel never did so with respect to this claim. Exhibit "D" to this Motion is a copy of Articles 4.7 and 4.8 of the General Conditions of the construction contract (see section 4.7.3 requiring claims be submitted within 21 days of their occurrence).

13. The statute of limitations required that McDaniel assert its claim against IRSD within three years of its accrual, and that accrual occurred by no later than May 8, 2003, the date when McDaniel wrote a letter announcing an intention to submit a claim (but, as related in paragraph 11, it never did so), or certainly no later than McDaniel's termination, October 11, 2004. Yet that three year limitations period, set forth in 10 Del. C. § 8106, has expired and no claim has been filed. Exhibit "E" is a copy of McDaniel's May 8, 2003 letter, which was marked as McDaniel 11 in the deposition of William McDaniel, and which is discussed by him in the excerpt from his deposition testimony that is attached as Exhibit "C" to this Motion.

14. RLI, as surety, has not asserted McDaniel's claims in the pleadings in this action. RLI's only claims are for a declaration that it has no liability under the performance bond and tort claims against IRSD, the Architect and the Construction Manager for alleged breaches of duties owed to RLI as surety.

15. RLI has not asserted that the unpaid portion of McDaniel's contract balance includes this claim. To the contrary, in responses to discovery from IRSD, RLI has confirmed that the contract balance does not include any such claim. Exhibit "F" to the motion is RLI letter

to counsel for IRSD describing its damages claim as including a claim for the contract balance of $308,608, a figure that does not include any claim for damages. There is no dispute between the parties that the $308,608 contract balance is calculated as follows:

| | |
|---|---|
| Original Contract Sum | $4,355,500 |
| Change Orders | $     14,971 |
| Adjusted Contract Sum | $4,265,540 |
| Payments | ($4,041,863) |
| Contract Balance | $   308,608 |

16. The damages claim in the PCM Report is irrelevant to this litigation and should be stricken.

### *The PCM Report Is Not Based Upon a Reliable Methodology*

17. Under Rule of Evidence 104(a), the Court acts as a gate-keeper to expert testimony by making a preliminary assessment of whether the reasoning or methodology underlying the expert's testimony is scientifically valid and whether that reasoning or methodology can properly be applied to the facts at issue. In order for expert testimony to be admissible, the conclusion of the Court's assessment must be that the expert's testimony rests on a reliable foundation and is relevant to resolution of the facts or claims.

18. The PCM Report seeks to present a "critical path" schedule analysis to support a contention that McDaniel was entitled to an extension of time to complete the work.

19. The PCM Report failed to follow steps in applying the methodology that the federal courts require to make such an analysis reliable. Since the report is not reliable, it must be stricken and the expert precluded from testifying.

WHEREFORE, defendant Indian River School District respectfully requests that the Court order that the PCM Report be stricken, and that the expert who prepared the report be precluded from providing any testimony at trial.

    Respectfully Submitted,

    **SEITZ, VAN OGTROP & GREEN, P.A.**

    **/s/ James S. Green**
    **JAMES S. GREEN, ESQ. (DE0481)**
    **jgreen@svglaw.com**
    222 Delaware Avenue, Suite 1500
    P. O. Box 68
    Wilmington, DE  19899
    (302) 888-0600
    Attorneys for Defendant
    Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322