# EXHIBIT B

```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF DELAWARE
 2                            - - -

 3    RLI INSURANCE COMPANY,  :  CIVIL ACTION

 4             Plaintiff
                                 :
 5
           vs.
 6                               :

      INDIAN RIVER SCHOOL
 7    DISTRICT and EDiS
      COMPANY and BECKER         :
 8    MORGAN GROUP, INC.,

 9             Defendants     :  NO. 05-858

10
                              - - -
11
                Oral deposition of THEODORE H.
12
      DWYER, JR., taken at the law offices of
13
      Seitz, Van Ogtrop & Green, P.A., 222 Delware
14
      Avenue, Suite 1500, Wilmington, Delaware, on
15
      Wednesday, May 30, 2007, at 10:10 a.m.,
16
      before Karyn M. Geftman, a Registered
17
      Professional Reporter, an Approved Reporter
18
      of the United States District Court, pursuant
19
      to notice.
20

21
                KARYN M. GEFTMAN & ASSOCIATES
22            Registered Professional Reporters
                Certified Court Reporters (NJ)
23                     837 Margo Lane
              Penn Valley, Pennsylvania  19072
24          610-608-1040   610-747-0412 fax
                     karynrpr@comcast.net
```

Deposition of Theodore H. Dwyer, Jr., - EDiS President

Page 187

1  BY MR. SHIELDS:
2    Q. Under the terms of your contract
3  with Indian River School District, would it
4  be, do you believe, would it be your
5  understanding that in order to pay somebody
6  for a joint check they would have to have
7  provided the service for which they are being
8  paid or the materials for which they are
9  being paid?

10    A. Well, in this case many of the
11  people were not going to provide the service
12  unless they were paid. They had the material
13  but they weren't going to send it to the site
14  unless they were paid. That was the case
15  with the water treatment supplier, that was
16  the case with Baltimore Air Coil who provided
17  the ice storage system, that was the case
18  with the duct work supplier. They all had
19  this material someplace, but they knew
20  McDaniel wasn't paying and they were not
21  going to ship it until somebody paid them.
22  And, so, the joint checks were issued to them
23  in order to release this material that was
24  necessary to open the building on time.

Page 188

1    Q. Okay. Would you go to the first
2  continuation page. The second column B,
3  description of the work.
4        Do you see where I'm referring
5  to there?

6    A. The second column B, yes.

7    Q. And it starts with mobilization and
8  it ends with the booster pump.
9        Are you with me so far?

10    A. Yes.

11   Q.  And in column G it states that 100%
12 of every work description item from that,
13 from that column B has been completed.  The
14 certification on the front page states that:
15 "In accordance with the contract documents,
16 based upon on-site observations and the data
17 comprising this application, the construction
18 manager and architect certify to the owner
19 that to the best of their knowledge,
20 information and belief the work has
21 progressed as indicated, the quality of the
22 work is in accordance with the contract
23 documents and the contractor is entitled to
24 payment of the amount certified."

Page 189

1        Had 100% of every item on the
2 first continuation page been supplied,
3 installed and in conformance with the
4 contract documents as of the date of this pay
5 application?

6   A.  No.

7   Q.  Did you know that when this pay
8 application was submitted?

9   A.  Yes.

10   Q.  Did Mr. McCone know that when this
11 pay application was submitted?

12   A.  Yes.

13   Q.  Do you know why Mr. McCone signed
14 the certification even though that was not,
15 the statement was not accurate?

16   A.  If you look at the cover letter on
17 this, again, I say this again, these, this
18 represents payment with joint checks, checks
19 made out to McDaniel and his suppliers.  Some
20 of the line items had been previously

21 indicated at 100%. McDaniel did not pay the
22 water treatment guy. Don't look at the front
23 page here. Let's go to wherever the water
24 treatment is.

Page 190

1        The water treatment shows 100%
2 too. Well, in this case he probably had been
3 paid because in a previous invoice we made
4 sure he was paid. But ductwork, we knew the
5 ductwork wasn't complete. But you can't bill
6 out more than 100% on any particular line
7 item; the state will not pay it. So,
8 essentially, he took the line items that were
9 left and spread out the invoice. But, again,
10 these were joint checks made out to
11 contractors who had not been paid.

12   Q.  Okay. Now, this document is a
13 certification for the payment of $106,400,
14 correct?

15   A.  Yes.