# EXHIBIT F

```
 1              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE
 2                           - - -

 3   RLI INSURANCE COMPANY,   :   CIVIL ACTION

 4           Plaintiff
                                :
 5
        vs.
 6
                                :
     INDIAN RIVER SCHOOL
 7   DISTRICT and EDiS
     COMPANY and BECKER         :
 8   MORGAN GROUP, INC.,

 9           Defendants      :   NO. 05-858

10
                             - - -
11
             Oral deposition of THEODORE H.
12
     DWYER, JR., taken at the law offices of
13
     Seitz, Van Ogtrop & Green, P.A., 222 Delware
14
     Avenue, Suite 1500, Wilmington, Delaware, on
15
     Wednesday, May 30, 2007, at 10:10 a.m.,
16
     before Karyn M. Geftman, a Registered
17
     Professional Reporter, an Approved Reporter
18
     of the United States District Court, pursuant
19
     to notice.
20

21
                KARYN M. GEFTMAN & ASSOCIATES
22              Registered Professional Reporters
                 Certified Court Reporters (NJ)
23                      837 Margo Lane
                Penn Valley, Pennsylvania  19072
24              610-608-1040    610-747-0412 fax
                      karynrpr@comcast.net
```

Theodore H. Dwyer, Jr.

1    Q.   Okay.  Would you go to the first
2  continuation page.  The second column B,
3  description of the work.
4           Do you see where I'm referring
5  to there?
6    A.   The second column B, yes.
7    Q.   And it starts with mobilization and
8  it ends with the booster pump.
9           Are you with me so far?
10    A.   Yes.
11    Q.   And in column G it states that 100%
12  of every work description item from that,
13  from that column B has been completed.  The
14  certification on the front page states that:
15  "In accordance with the contract documents,
16  based upon on-site observations and the data
17  comprising this application, the construction
18  manager and architect certify to the owner
19  that to the best of their knowledge,
20  information and belief the work has
21  progressed as indicated, the quality of the
22  work is in accordance with the contract
23  documents and the contractor is entitled to
24  payment of the amount certified."

Theodore H. Dwyer, Jr.

1    Had 100% of every item on the
2 first continuation page been supplied,
3 installed and in conformance with the
4 contract documents as of the date of this pay
5 application?
6    A.   No.
7    Q.   Did you know that when this pay
8 application was submitted?
9    A.   Yes.
10   Q.   Did Mr. McCone know that when this
11 pay application was submitted?
12   A.   Yes.
13   Q.   Do you know why Mr. McCone signed
14 the certification even though that was not,
15 the statement was not accurate?
16   A.   If you look at the cover letter on
17 this, again, I say this again, these, this
18 represents payment with joint checks, checks
19 made out to McDaniel and his suppliers.  Some
20 of the line items had been previously
21 indicated at 100%.  McDaniel did not pay the
22 water treatment guy.  Don't look at the front
23 page here.  Let's go to wherever the water
24 treatment is.

Theodore H. Dwyer, Jr.

1    The water treatment shows 100%
2    too. Well, in this case he probably had been
3    paid because in a previous invoice we made
4    sure he was paid. But ductwork, we knew the
5    ductwork wasn't complete. But you can't bill
6    out more than 100% on any particular line
7    item; the state will not pay it. So,
8    essentially, he took the line items that were
9    left and spread out the invoice. But, again,
10   these were joint checks made out to
11   contractors who had not been paid.
12       Q.   Okay. Now, this document is a
13   certification for the payment of $106,400,
14   correct?
15       A.   Yes.
16       Q.   Had all but $106,400 worth of work
17   or materials been supplied, installed and put
18   in in conformance with the contract documents
19   as of this date?
20           MR. AMADIO:   Object to the
21   form.
22           MR. LOGAN:   Object to the
23   form.
24       A.   I didn't understand the question

KARYN M. GEFTMAN & ASSOCIATES

Theodore H. Dwyer, Jr.

1   anyway.
2   BY MR. SHIELDS:
3       Q.   Then I'll rephrase it.
4            The certification is for
5   $106,400 and you've indicated to me, I think,
6   that you believe that that reflected joint
7   checks, that that amount would have, that
8   there's a cover letter out there someplace
9   that would state the joint checks in the
10  amount totaling $106,400 or the lion's share
11  of it would have been issued in conjunction
12  with the approval of this pay application.
13      A.   I believe that's correct.
14      Q.   Okay.  My question to you is:  Are
15  you telling me that the certification from
16  your company and the architect that 98.05% of
17  the work is complete, installed and in
18  conformance with the contract documents would
19  be correct but for that 106,000 or is it
20  more?
21           MR. LOGAN:  Object to the
22  form.
23      A.   Well, my guess is that it's more.
24  BY MR. SHIELDS:

Theodore H. Dwyer, Jr.

```
 1      Q.   Do you know how much more or can you
 2   estimate how much more?
 3      A.   Well, again, I'm not -- are you
 4   asking -- am I allowed to ask a question?
 5      Q.   You can ask me to clarify my
 6   question.
 7      A.   Will you clarify the question,
 8   please.
 9      Q.   Okay.  I'll withdraw that question
10   and ask you another one that maybe will get
11   us where I'm trying to go.
12              Compared to the 98.05% figure
13   that appears on this certified pay
14   application, what percentage of the total
15   scope of work from McDaniel's prime contract
16   was, in fact, delivered, installed and in
17   conformance with the contract documents on
18   September 13th, 2004 or thereabouts?
19              MR. LOGAN:  Object to the
20   form.
21      A.   I don't know.
22   BY MR. SHIELDS:
23      Q.   Can you estimate?
24      A.   No.  I really can't.
```