```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE
```

RLI INSURANCE COMPANY            :
                                 :
            Plaintiff,           :
                                 :
       v.                        :   Civil Action No. 05-858-JJF
                                 :
INDIAN RIVER SCHOOL DISTRICT,    :
EDIS COMPANY, and BECKER MORGAN  :
GROUP                            :
                                 :
            Defendants.          :

**MEMORANDUM ORDER**

On August 3, 2007, Plaintiff, RLI Insurance Company ("RLI") filed a motion requesting that the Court enter an order directing the Defendants, Indian River School District ("IRSD"), EDIS Company ("EDIS"), and Becker Morgan Group ("BMG"), to comply with the Ad Committee for Electronic Discovery of the United States District Court for the District of Delaware's Default Standard for Discovery of Electronic Documents ("Default Standard for E-Discovery"). (D.I. 84.) RLI requests that the Court extend the discovery deadline, and permit RLI, or any other party, to depose e-discovery liaisons.

I.   STATE OF THE PROCEEDING

RLI, on behalf of all parties, filed a proposed Rule 16 Scheduling Order ("the Order") on July 10, 2006 (D.I. 24), which was approved by the Court and entered on July 13, 2006 (D.I. 25). Under the Order, written discovery was to be completed by December 31, 2006. On October 31, 2006, the parties jointly requested an extension of the written discovery deadline until

December 31, 2006 (D.I. 36), which was approved by the Court and entered on November 2, 2006. On April 27, 2006, the parties filed a second scheduling stipulation (D.I. 83), which was approved by the Court and entered on April 27, 2007. Pursuant to the parties Second Amended Stipulation to Amend the Rule 16 Scheduling Order, fact discovery ended on June 6, 2007; expert reports were due from RLI on July 31, 2007, and from IRSD, EDIS and BMG on August 31, 2007; and opening briefs for dispositive motions were to be filed by September 28, 2007. A pretrial conference is scheduled for December 6, 2007.

## II. PARTIES' CONTENTIONS

RLI contends that the Defendants have failed to adhere to the Default Standard for E-Discovery, since relevant emails and electronically stored/computer generated information and documentation remain in the possession of the Defendants, and have not been produced to RLI. The basis for RLI's contention is: "Given the volume of documents produced through discovery and the lack of significant amounts of computer generated documentation contained therein, the plaintiff believes that full and complete e-discovery has not been produced by each respective defendant". (D.I. 84.) RLI further contends that certain relevant documents may have been destroyed, based on the IRSD document retention policy, although IRSD has not produced a copy of the IRSD document retention policy manual, and no "evidence [has] been

produced that said information has, in fact, been destroyed, deleted or overwritten in accordance with the ISRD procedures." (Id.)

In response, the Defendants contend: (1) the Court should strike RLI's motion because it does not comply with the Court's Order that discovery dispute motions be no longer than four pages. (RLI's motion is nine pages, and includes an eleven page brief); (2) RLI's motion is untimely, since Local Rule 16.4 requires that a request for extension of discovery deadlines be made prior to expiration of the discovery deadline, and over eight months have passed since document discovery closed; and (3) RLI has failed to show that the Defendants did not meet their discovery obligations regarding the production of email.

### III. DISCUSSION

The Court will deny RLI's motion. First, RLI's motion is untimely. When RLI filed its motion, document discovery had been closed for seven months, and fact discovery had been closed for two months. Local Rule 16.4 requires that a request for the extension of a discovery deadline be made prior to the expiration of the date deadline. RLI offers no justification for the delay, or reason why the information requested could not have been obtained during the regular course of discovery. See Johnson v. Thru Point, Inc., No. 04-3386, 2005 WL 3477549, at *3 (3d Cir. Dec. 20, 2005) ("Untimely amendments and discovery are disfavored

where the movant offers no justification for the delay."). At this point in the proceeding, expert reports have been exchanged, and RLI, EDIS and BMG have filed motions for Summary Judgment. Re-opening fact discovery at this point would likely result in the delay of trial.

Second, RLI did not raise and discuss the issue of E-discovery during initial conferences between the parties regarding the scope of discovery, as required by the Federal Rules. Fed. R. Civ. Pro. 26(f)(3) (parties are required to discuss the form and scope of e-discovery prior to the Rule 16 Conference).

Finally, RLI has not provided a compelling reason as to why fact discovery should be re-opened, other than a lack of a significant amount of emails. IRSD's procedure for obtaining and producing relevant emails to RLI, as depicted in their response to RLI's motion (D.I. 85), was careful and thorough. Further, RLI has depicted no specific instances where any of the defendants actually failed to produce relevant, discoverable email communications. RLI fails to point to any issue instrumental to the resolution of this case that has not been thoroughly addressed during discovery. Therefore, their Motion seems akin to a fishing expedition.

Accordingly, the Court will deny RLI's Motion to Compel Defendants' Compliance With the United States District Court for

the District of Delaware's Default Standard for Discovery of Electronic Discovery ("Default Standard for E-Discovery"). (D.I. 84.)

## ORDER

For the reasons discussed, it is hereby ordered that Defendant's Motion to Compel (D.I. 84) is **DENIED**.

October 23, 2007                          /s/ Joseph J. Farnan Jr.
    DATE                                UNITED STATES DISTRICT JUDGE