IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> INDIAN RIVER SCHOOL DISTRICT : <br> and : <br> EDiS COMPANY : <br> and : <br> BECKER MORGAN GROUP, INC. : <br> : <br> Defendants. : | CIVIL ACTION <br> NO. 05-858 <br><br> JURY TRIAL DEMAND |

**PLAINTIFF RLI INSURANCE COMPANY'S ANSWER
TO DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
MOTION IN LIMINE TO STRIKE PLAINTIFF'S
EXPERT REPORT AND TO EXCLUDE TESTIMONY**

Plaintiff, RLI Insurance Company ("RLI"), hereby files this response to Defendant Indian River School District's ("IRSD") Motion in Limine to Strike the expert report of Progressive Construction Management, Inc. ("PCM") and to exclude the expert witness, Damian Cassin, from testifying at trial. Plaintiff RLI respectfully requests that the Defendant IRSD's Motion be denied for the following reasons:

1. Admitted.

2. Admitted. By way of further answer, Federal Rule of Civil Procedure 26(a)(2)(C) states that the disclosures required under Rule 26(a)(2)(B) shall be made at least ninety (90) days before the trial date. At this point, a trial date has not been set; however, given the current Court scheduling, it is likely that a trial date is more than ninety (90) days away. Furthermore, IRSD has

not been prejudiced or harmed in any way by the failure to provide said information contemporaneously with the production of the PCM report on July 31, 2007 ("PCM Report").

3. Denied as stated. It is denied that Rule 26(a)(2)(A) has been violated by RLI. Although the report does not specifically name the author of the report, the electronic mail from RLI's counsel to all counsel enclosing the expert report identified Damian Cassin as the author of the expert report. *See* Exhibit "A," Electronic Mail to defense counsel from Harry R. Blackburn & Associates, dated July 31, 2007, identifying Damian Cassin of PCM as the author of the report.

As for the remainder of the information required under this Rule, the same will be produced in accordance with Rule 26(a)(2). By way of additional response, all documents relied upon by PCM in reaching its opinions are set forth and described within the body of the expert report in specific detail. It should be noted to the Court that each and every document relied upon by PCM in preparing the July 31, 2007 expert report has been produced by the defendants herein through the course of discovery. A copy of the PCM Report is attached hereto as Exhibit "B."

4. Admitted. It is admitted that the information has not been supplied as of this date; however, the failure to provide said information had no prejudicial or harmful effect upon IRSD's expert's ability to prepare his expert report.

5. Admitted as to the language of Rule 37(c) and the standard placed upon the producing party. It is denied that RLI violated the Rule or the standard.

6. Denied. RLI has not violated Rule 26 since documentation and information is to be produced <u>within</u> ninety (90) days of trial. By way of further answer, the failure to produce this information to IRSD at this time has not prejudiced it in any way and the failure is harmless.

7.     Denied. It is specifically denied that RLI cannot show that a failure to comply with Rule 26 (A)(2) is harmless. To the contrary, IRSD has not been prejudiced in any way by the failure to produce the aforesaid information. No expert retained by Defendants has stated that this information or lack thereof has in any way impeded their ability to prepare their report, nor had any effect upon their analysis in reaching their conclusions or opinions.

Further, since the expert report was produced by RLI on July 31, 2007, no defendant has sought to depose Damian Cassin pursuant to Rule 26(b)(4)(A), wherein such information could have been elicited through deposition testimony. In the three (3) months since the production of PCM's Report, had the deposition of Damian Cassin been noticed by the defendants, specific questions regarding the documents and information relied upon by PCM, as well as the expert's analysis and conclusions, could have been asked. For IRSD to simply state that it was harmed by this alleged lack of information is not credible given its own failure to depose RLI's expert witness in the interim. Without testimony to support its position, IRSD is unable to show that it has been harmed or prejudiced in any way. IRSD's Motion in Limine is, at the very least, premature as the Court is not provided with a complete record regarding the PCM Report.

8.     Denied. It is denied that the other parties in this case had been prejudiced in any way by RLI's alleged failure to comply with Rule 26(a)(2), the allegation of which is specifically denied for the foregoing reasons. Therefore, the PCM Report should not be stricken nor should the expert witness, Damian Cassin, be precluded from testifying at trial.

9.     Admitted. It is admitted that several pages of the PCM Report sets forth economic damages sustained as a result of McDaniel Plumbing & Heating's ("McDaniel") termination from the IRSD project. These damages directly impacted RLI under the performance bond. IRSD

misused the contract funds and impaired RLI's rights and collateral. As this Court is well aware, RLI was the surety to McDaniel on this project and, as its surety, stands in the shoes of the principal (McDaniel) for any and all damages incurred as a result of the defendants' actions once the bonds' provisions are invoked.

The damages specifically set forth on pages 76 through 83 of the PCM Report clearly fall within the relief in sought in Count I of Plaintiff RLI's Complaint and in particularly for the economic damage set forth in paragraph no. 25 regarding the cost of investigation of the IRSD's performance bond, the cost of inspection of McDaniel's work, the funds advanced to McDaniel to complete the project prior to termination, as well as the overpayments and advance payments made by IRSD which impaired RLI's collateral.

Under the terms and conditions of the performance bond, given IRSD's default under the bond itself, RLI is entitled to seek the damages it has sustained. IRSD interprets the PCM Report to set forth the damages sustained by McDaniel when in fact, the report sets forth the damages incurred by RLI as a result of McDaniel's termination. When the PCM Report is read in conjunction with the allegations set forth in Plaintiff RLI's Complaint, it is clear that the monetary amounts listed by PCM are in fact setoffs to be used in the determination of any damages incurred by IRSD in its counterclaim against RLI. The amount of the setoff is to be considered by the factfinder in determining the damages of the parties hereto.

10. Admitted. It is admitted that McDaniel is not a party to the instant litigation.

11. Admitted. It is admitted for the purposes of this Motion only.

12. Admitted. It is admitted for the purposes of this Motion only.

13. Denied. It is denied as it is not known by RLI as to whether or not a claim or cause of action has been instituted by McDaniel as of this date.

14. Admitted in part; denied in part. It is admitted that RLI, the surety, has not asserted McDaniel's claims in the instant matter. However, it is specifically denied that RLI's "only claims" are for a declaration that it has no liability under the performance bond and tort claims against the defendants for alleged breaches of the duties owed to RLI as surety. To the contrary, RLI's Complaint, when read as a whole, speaks for itself and not only seeks a declaration concerning performance under the bond, but also asserts claims for monetary damages as a result of Defendants' actions in this claim.

15. Denied as stated. It is specifically denied that RLI has not asserted a claim for the unpaid portion of McDaniel's contract balance. To the contrary, Exhibit F to IRSD's Motion in Limine specifically describes the contract balance which would be payable under the terms and conditions of the performance bond as $308,608.00. This contract balance amount is only one aspect of the damages claimed by RLI against the defendants.

16. Denied. It is specifically denied that the "damages claim" in the PCM Report is irrelevant to this litigation and should be stricken in that the PCM Report is intended to set forth the damages sustained by the surety as a result of the termination of McDaniel and the defendants' violation of the terms and conditions of the performance bond. The impact of these actions, as well as the damages sustained by RLI are matters within the province of the finder of fact for determination.

17. Admitted. It is admitted that under Rule of Evidence 104(a), the Court acts as a gatekeeper in making the determination as to whether the reasoning or methodology underlying the

expert witness's testimony is scientifically valid and whether that reasoning or methodology can properly be applied to the facts at issue. It is denied, however, that the PCM Report sets forth information that is not based upon reasonable methodology in that IRSD has not shown the expert's "testimony" to be scientifically invalid or whether that reasoning or methodology cannot be properly applied to the facts at issue in this case, especially given that the expert's testimony has not yet been taken. Defendant IRSD's Motion in Limine to preclude the report of PCM is premature at best, given the defendant's failure to secure the expert's testimony through the taking of his deposition under Rule 26(b)(4)(A).

18.     Denied. It is specifically denied that the PCM Report seeks to present a "critical path" schedule to support the contention that McDaniel was entitled to an extension of time to complete the work. To the contrary, the critical path schedule referenced by PCM sets forth the analysis implemented by PCM in determining the critical path in order to inform the trier of fact as to causes for delay that were not of McDaniel's doing. Since the delay was not attributable to McDaniel's acts and omissions, the owner's termination of McDaniel and the making of overpayments and advance payments on McDaniel's behalf clearly show that the owner was in default under the terms and conditions of the performance bond. As such, RLI, as McDaniel's surety, sustained the damages set forth in the report.

19.     Denied. It is specifically denied that the PCM Report "fails to follow the steps in applying the methodology that the federal courts require to make such an analysis reliable." This blanket statement by IRSD is not supported by the facts, nor is it supported by a full reading of the PCM Report. The PCM Report sets forth the information and documentation provided through discovery used to determine the actual critical path implemented on the IRSD project. Whether this

6

analysis is the proper analysis by PCM is to be determined by the trier of fact. The report relies upon and sets forth information using documents generated, produced and relied upon by EDiS Company, Becker Morgan Group, Inc., and/or IRSD in setting the project schedule. Defendants, through the deposition of Damian Cassin, can question him as to his underlying reasoning. Until then, however, the Court must require more than IRSD's blanket statement that the analysis of PCM is not reliable. It should also be noted that Defendant IRSD provides no documentation, information, or other evidence for the Court's consideration to show why such analysis is not reliable, nor has it provided a supplemental report from its expert to support its position. As a result, IRSD has failed to meet its burden of proof in support of its Motion in Limine to preclude the testimony of Damian Cassin and/or exclude the report of PCM.

WHEREFORE, Plaintiff RLI Insurance Company respectfully requests that this Honorable Court deny Defendant Indian River School District's Motion in Limine to strike the PCM Report and preclude the expert witness, Damian Cassin, from testifying at trial.

Respectfully submitted:

**ABER, GOLDLUST, BAKER & OVER**

/s/   Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
702 King Street, P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
pgoldlust@gablawde.com
*Attorneys for Plaintiff RLI Insurance Company*

DATE:  October 25, 2007

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE

THOMAS P. MULDOON, JR., ESQUIRE
**HARRY R. BLACKBURN & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

Q:\RLI Surety.729\McDaniel.004\Indian River\Pleadings\Motion in Limine\Answer to IRSD\RLI Answer.wpd