IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **RLI INSURANCE COMPANY** : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION |
| vs. : | NO. 05-858 |
| : | |
| **INDIAN RIVER SCHOOL DISTRICT** : | |
| and : | |
| **EDiS COMPANY** : | JURY TRIAL DEMAND |
| and : | |
| **BECKER MORGAN GROUP, INC.** : | |
| : | |
| Defendants. : | |

**PLAINTIFF RLI INSURANCE COMPANY'S
ANSWERING BRIEF IN SUPPORT OF ITS RESPONSE TO
DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EXPERT REPORT AND EXCLUDE TESTIMONY**

ABER, GOLDLUST, BAKER & OVER

/s/   Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
702 King Street, P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
pgoldlust@gablawde.com
*Attorneys for Plaintiff RLI Insurance Company*

DATE:  October 25, 2007

# TABLE OF CONTENTS

                                                                                              Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     NATURE AND STATUS OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    SUMMARY OF COUNTER ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.   CONCISE STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.    RLI, in submitting the expert report of PCM to defendants on July 31, 2007, has not violated the provisions of Federal Rule of Civil Procedure 26(a)(2), in that, as of this date RLI cannot be deemed to have violated that Rule, nor can IRSD show that it has suffered irreparable harm and/or prejudice, therefore it is not entitled to have the Report stricken . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.    The PCM Report does not present a "damage claim by McDaniel" against IRSD. To the contrary, the PCM Report sets forth elements of damage sustained by Plaintiff RLI as a result of the acts and omissions of Defendants. In the event that the trier of fact deter-mines that RLI is not entitled to declaratory relief under the law, then the monetary calculations made by PCM in its Report serve as a defense to the counterclaims of IRSD against Plaintiff RLI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        C.    The PCM Report meets the requirements of Federal Rule of Evidence 702 and the standards enunciated in ***Daubert v. Merrell Dow Pharmaceuticals*** with respect to the application of the methodology used by the expert. The PCM Report applies the critical path method in reaching its conclusions. Whether PCM's conclusions are credible is for the trier of fact to determine. . . . . . . . . . . . . 8

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        EXHIBITS:

        A -   Plaintiff's Electronic Mail to Counsel dated July 31, 2007
        B -   Progressive Construction Management, Inc.'s Report dated July 30, 2007

## TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

Am. Tech. Resources v. U.S., 893 F.2d 651, 656 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . 9

Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993) . . . . . . . . . . . . . . . . . . . . . 10

Hammond v. Int'l. Harvester Co., 691 F.2d 646, 653 (3d Cir. 1982) . . . . . . . . . . . . . . . . . . . . 9

Hoffman Construction Company v. U.S., 40 Fed.Cl. 184 (1998) . . . . . . . . . . . . . . . . . . . . . . 11

In re Paoli R.R. Yard PCB Litig., 35 F.3d at 741-42 (3d Cir. 1994) . . . . . . . . . . . . . . . . . 9, 10

Pell v. E.I. de Nemours & Co., 231 F.R.E. 186 (D.De. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. v. Velasquez, 64 F.3d 844, 849 (3d Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Waldorf v. Shuta, 142 F.3d 601, 625 (3d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**FEDERAL RULES**

Federal Rule of Civil Procedure 26(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5

Federal Rule of Civil Procedure 26(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Civil Procedure 37(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Federal Rule of Evidence 104(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Federal Rule of Evidence 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9, 11, 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION |
| : | NO. 05-858 |
| INDIAN RIVER SCHOOL DISTRICT : | |
| and : | |
| EDiS COMPANY : | JURY TRIAL DEMAND |
| and : | |
| BECKER MORGAN GROUP, INC. : | |
| : | |
| Defendants. : | |

**PLAINTIFF RLI INSURANCE COMPANY'S
ANSWERING BRIEF IN SUPPORT OF ITS RESPONSE TO
DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EXPERT REPORT AND EXCLUDE TESTIMONY**

**I.   NATURE AND STATUS OF THE PROCEEDINGS**

Plaintiff RLI Insurance Company ("RLI") filed a Complaint against Indian River School District ("IRSD"), EDiS Company ("EDiS"), and Becker Morgan Group, Inc. ("Becker Morgan"). In the Complaint, RLI sought declaratory relief against IRSD (Count I) and alleged breach of fiduciary duty (Count II), and negligent misrepresentation (Count III) against IRSD. On September 28, 2007, IRSD filed a Motion for Summary Judgment against RLI. On October 18, 2007, Plaintiff RLI filed its response to IRSD's Motion for Summary Judgment. In accordance with Plaintiff's response, Plaintiff did not object in its response to the dismissal of Counts II and III of Plaintiff's Complaint against IRSD and opposed only partial summary judgment on Count I of its Complaint. The Court has not yet decided that Motion.

1

As stated, Count I of Plaintiff's Complaint seeks declaratory relief against IRSD for overpayments and/or advance payments approved by EDiS and Becker Morgan with IRSD's knowledge and consent in violation of the terms and conditions of the performance bond issued by Plaintiff RLI. As a result of the overpayments and advance payments made by IRSD in violation of the express terms of the contract for construction and the surety bond, RLI has incurred substantial losses under the bond. IRSD's actions, in conjunction with the acts and omissions of EDiS and Becker Morgan, resulted in RLI's incurring significant monetary damages, including, but not limited to, being deprived of its rights under the performance bond by impairing its collateral, because of IRSD knowingly and voluntarily making the advance payments to McDaniel Plumbing & Heating ("McDaniel'). Such actions by IRSD prejudiced RLI, as RLI relied upon the good faith expectation that IRSD would perform its obligations under the contract documents in deciding to issue the performance bond for this project.

After the Complaint was filed, IRSD answered Plaintiff's Complaint and asserted a counterclaim against RLI in an amount in excess of $1,800,000.00 alleging "defective work and delayed completion" of the IRSD project. This claim appears to arise primarily from the time and material work of Joseph M. Zimmer, Inc. ("Zimmer"), a plumbing and heating contractor hired by IRSD under a no-bid contract and who was paid, in part, with funds earmarked for McDaniel.

As a result of IRSD's acts and omissions, in conjunction with the acts and/or omissions of EDiS and Becker Morgan, RLI seeks to be discharged from its bond obligations. In the alternative, in the event that the factfinder determines that RLI is liable under the bond, RLI asserts defenses against IRSD's financial claims in regard to its entitlement to certain setoffs that resulted from

IRSD's own actions. The Progressive Construction Management ("PCM") report which IRSD seeks to exclude addresses those financial issues.

The PCM report, titled "Analysis of Impacts on the Performance of McDaniel Plumbing & Heating, Inc. on Construction of the Sussex Central High School," was served by way of electronic mail to all counsel on July 31, 2007 ("PCM Report"). Despite IRSD indicating that the author of the Report is not named, Exhibit "A" to Plaintiff's Reply Motion indicates that the Report was authored by Damian Cassin of PCM.

Although the Court serves as a gatekeeper to the admission of expert evidence at trial, the Court must simply assess whether or not the expert's testimony rests on reliable foundation and is relevant to resolution of the facts and claims. In this case, PCM's Report must show that the critical path was delayed in order to prove a compensable claim. In this case, PCM bases its conclusion and opinions that the critical path was delayed through an analysis of the documents and records produced by Defendants through discovery. Each and every document relied upon by the expert in this case is already in Defendants' possession. It is for the trier of fact to determine whether or not the expert's opinion is credible as opposed to reliable, which is the Court's province.

Plaintiff RLI respectfully requests that this Court deny IRSD's Motion in Limine for the reasons set forth below.

II.     **SUMMARY OF COUNTER ARGUMENTS**

   A.   RLI, in submitting the expert report of PCM to defendants on July 31, 2007, has not violated the provisions of Federal Rule of Civil Procedure 26(a)(2), in that, as of this date RLI cannot be deemed to have violated that Rule, nor can IRSD show that it has suffered irreparable harm and/or prejudice, therefore it is not entitled to have the Report stricken.

    B.    The PCM Report does not present a "damage claim by McDaniel" against IRSD. To the contrary, the PCM Report sets forth elements of damage sustained by Plaintiff RLI as a result of the acts and omissions of Defendants. In the event that the trier of fact determines that RLI is not entitled to declaratory relief under the law, then the monetary calculations made by PCM in its report serve as a defense to the counterclaims of IRSD against Plaintiff RLI.

    C.    The PCM Report meets the requirements of Federal Rule of Evidence 702 and the standards enunciated in ***Daubert v. Merrell Dow Pharmaceuticals*** with respect to the application of the methodology used by the expert. The PCM Report applies the critical path method in reaching its conclusions. Whether PCM's conclusions are credible is for the trier of fact to determine.

## III.    CONCISE STATEMENT OF FACTS

For purposes of this instant motion, the facts are simple. The Court imposed an expert report submission deadline of July 31, 2007. On that date, the Report of Damian Cassin of PCM was produced to all counsel via electronic mail. On October 15, 2007, Defendant IRSD filed its Motion in Limine to Strike the Report of PCM and to preclude the testimony of Damian Cassin at trial.

## IV.    ARGUMENT

    A.    RLI, in submitting the expert report of PCM to defendants on July 31, 2007, has not violated the provisions of Federal Rule of Civil Procedure 26(a)(2), in that, as of this date RLI cannot be deemed to have violated that Rule, nor can IRSD show that it has suffered irreparable harm and/or prejudice, therefore it is not entitled to have <u>the Report stricken.</u>

Although the actual PCM Report itself does not identify its author, the lack thereof is immaterial in that the cover letter enclosing the Report contains the author's name. For IRSD to claim that it does not know who authored this Report is contrary to the evidence. See Exhibit "A" to Plaintiff RLI's Response Motion.

4

Furthermore, the Report does not fail to identify the data or information considered by the expert in forming his opinions. To the contrary, the Report prepared by PCM specifically identifies the data and information considered by Mr. Cassin in reaching his conclusions that the delay in the project was caused through no fault of RLI's principal, McDaniel. The information relied upon by PCM was produced through discovery by Defendants. Each and every document which forms the basis of PCM's opinion and conclusions is in the possession of Defendants. Damian Cassin specifically identifies the documents throughout the body of his Report that he relied upon. Simply because he did not attach them to his Report does not render the Report inadmissible.

As stated by IRSD, compliance with Rule 26(a)(2) is a "condition precedent" to the use of the expert testimony at trial. The case is not at the trial stage at this point and more likely than not is more than three (3) months away from the trial date. Since Defendant IRSD has not yet noticed the deposition of Mr. Cassin, to claim that it has been "harmed" at this point is ludicrous. This expert report was not issued on the eve of trial and Defendant IRSD has not sustained any prejudice whatsoever by not being provided with the information at this time.

For IRSD to claim that its own expert witness did not have the information relied upon by RLI's expert in conducting his analysis strains credulity given that the documents relied in the Report were incorporated in the contract documents themselves, as well as in the numerous subsequent schedule updates that were implemented by Defendants. Each and every document identified in PCM's Report should have been equally available to Defendant IRDS's expert as it was to Plaintiff's own expert. PCM's Report provides specific detail of the dates, times, and identity of the documents upon which Mr. Cassin relied and formulated his overall opinions and conclusions. *See* PCM Report of Damian Cassin, dated July 30, 2007, attached hereto as Exhibit "B."

Mr. Cassin does not cite or refer to any documents, texts, standards, or other information outside of the contract documents. For example, on page 34 of the PCM Report, Mr. Cassin relies upon the August 5, 2003 EDiS CPM Schedule to conclude that work was more than three (3) months behind schedule at that point. This opinion is based upon an ongoing analysis of the critical path scheduling performed by EDiS, IRSD's chosen construction manager. The information contained in this Report should come as no surprise to IRSD or the other Defendants herein since they generated the document. Mr. Cassin simply performed an analysis of the construction documents as they existed to determine the progress of the project and its effect upon McDaniel's work through an analysis of the information produced by Defendants and implemented in accordance with generally accepted construction management principles. When read as a whole, Mr. Cassin's Report satisfies the necessary requirements to be deemed an admissible expert opinion.

In support of its first contention, IRSD relies upon the opinion of Judge Jordan in *Pell v. E.I. DuPont de Nemours & Co.*, 231 F.R.E. 186 (D.De. 2005). In that matter, the Court determined that even though the expert report in that case did not disclose the qualifications of the expert witness and therefore, failed to satisfy the standards enunciated in *Daubert*, the Court granted the plaintiff a three-week period to correct the deficiencies of the report before it would then be stricken and the expert's testimony excluded.

Clearly, in this case, the Court has the discretion to impose a lesser the appropriate remedy under Rule 37(c)(1). In this case, the appropriate "sanction" would be to require Plaintiff RLI to produce the necessary information required under Rule 26 within a certain number of days. For IRSD to seek preclusion of Mr. Cassin's testimony and striking his Report is clearly a sanction that

significantly outweighs the perceived harm at this point since a trial date has not yet been sent and the failure to disclose this information imposes no prejudice upon Defendants.

> B. The PCM Report does not present a "damage claim by McDaniel" against IRSD. To the contrary, the PCM Report sets forth elements of damage sustained by Plaintiff RLI as a result of the acts and omissions of Defendants. In the event that the trier of fact determines that RLI is not entitled to declaratory relief under the law, then the monetary calculations made by PCM in its Report serve as a defense to the counterclaims of IRSD against Plaintiff RLI.

IRSD is attempting to preclude the PCM Report based upon allegations that the Report of PCM will not assist the trier of fact in that it asserts claims not at issue in this litigation. To the contrary, however, the PCM Report does specifically address claims at issue in this litigation that were specifically raised by IRSD in its counterclaim against Plaintiff. The initial action seeks declaratory relief in favor of RLI and against IRSD. If that were the entirety of the case, Plaintiff would concede Defendant IRSD's point; however, once IRSD asserted a monetary counterclaim seeking its financial losses from RLI, the issue of financial loss came to the forefront.

In the event that RLI's declaratory relief is not granted and Defendant IRSD should be allowed to proceed on its counterclaim, then RLI has every right under the law to assert defenses to the allegations of those claims. One of the main contentions would be RLI's entitlement to setoff any of IRSD's alleged losses. Clearly, RLI would not be responsible for losses attributable to other parties or non-parties to this litigation . RLI would only be liable for IRSD's losses for claims directly attributable to its principal, McDaniel. Clearly, such testimony would assist the trier of fact in determining the overall losses of the parties hereto.

      C.      <u>The PCM Report meets the requirements of Federal Rule of Evidence 702 and the standards enunciated in **Daubert v. Merrell Dow Pharmaceuticals** with respect to the application of the methodology used by the expert. The PCM Report applies the critical path method in reaching its conclusions. Whether PCM's conclusions are credible is for the trier of fact to determine.</u>

In serving in its gatekeeping-function under the requirements of **Daubert** and/or of Rule of Evidence 104(a), the Court, at this time, cannot determine whether or not Mr. Cassin is qualified to testify as an expert given the fact that his deposition has not been taken under Rule 26(b)(4)(A), and therefore, IRSD's Motion to Strike his Report and/or his testimony at this point is premature. Therefore, Plaintiff RLI respectfully this Court to deny Defendant IRSD's Motion in Limine at this time.

The Court must consider three factors in determining admissibility of an expert witness: 1) the expert's qualifications; 2) reliability of the testimony; and, 3) whether the testimony assists the trier of fact. Fed. R. E. 702.

As an initial matter, this Court must determine whether RLI's expert, Damian Cassin, is qualified to submit his Report and offer testimony pursuant to the Federal Rules of Evidence. RLI's evidence of their damages is set forth in the PCM/Cassin Report.

Federal Rule of Evidence 702 provides:

> " ... if scientific technical or other specialized knowledge will assist the trier of fact to understand or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

Rule 702 has been interpreted by the Courts to include three major requirements: (1) the proffered witness must be an expert; (2) the expert must testify to scientific, technical or specialized knowledge; and (3) the expert's testimony must assist the trier of fact. ***U.S. v. Velasquez***, 64 F.3d 844, 849 (3d Cir.1995); ***In re Paoli R.R. Yard PCB Litig.***, 35 F.3d at 741-42 (3d Cir.1994).

    **1.**    **Qualifications**

First, this Court must determine whether RLI's expert has adequate "specialized knowledge" such that he is qualified to testify as an expert. The basis of "specialized knowledge" can be "practical experience as well as academic training and credentials." ***Waldorf v. Shuta***, 142 F.3d 601, 625 (3d Cir.1998) (*quoting* ***Am. Tech. Resources v. U.S.***, 893 F.2d 651, 656 (3d Cir.1990); ***Hammond v. Int'l Harvester Co.***, 691 F.2d 646, 653 (3d Cir.1982)). The Third Circuit has interpreted the "specialized knowledge" requirement liberally, finding that "Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualification of experts." ***In re Paoli***, 35 F.3d at 741.

The information necessary to determine Mr. Cassin's qualifications as an expert will be provided to opposing counsel in the near future. Until that information is analyzed, the IRSD motion in limine is premature. Once the expert's background is received and his deposition taken, then such a determination can be made.

**2.     Reliability**

Next, this Court must assess whether the process or technique used by PCM is reliable. *See* **In re Paoli**, 35 F.3d at 742 (*citing* **Daubert v. Merrell Dow Pharms., Inc.**, 509 U.S. 579, 589 (1993)). As set forth in **Daubert**, the Court should consider several factors in evaluating whether a particular methodology is reliable: (1) the testability of the expert's hypothesis; (2) whether the methodology has been subjected to peer review and publication; (3) the frequency by which the methodology leads to erroneous results; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the methodology has been generally accepted in the scientific community. **Daubert**, 509 U.S. at 593-94).

In this case, the PCM/Cassin Report sets forth the methodology used for calculating the economic impact of the delays on the project caused by the defendants in failing to adhere to the critical path method. The PCM Report specifically refers to the documents produced by the defense which sets forth the basis for establishing the IRSD project delays. Additionally, PCM's Report sets forth the procedures followed in ascertaining the time delay and the economic impact of those delays, which clearly affected RLI's obligations under the bond, including, inter alia, project meeting minutes, contract specifications, initial critical path analyses, EDiS' status reports to Becker Morgan and IRSD, EDiS' monthly project reports and other documents produced through discovery. Based upon the information relied upon by PCM, the Court should find no reason to conclude that the PCM/Cassin methodology is unreliable. IRSD argues that PCM's Report is unreliable because it makes assumptions regarding the manner in which the critical path was determined. Contrary to IRSD's argument, the PCM Report explains the manner in which the critical path method was applied in the instant case.

Applying ***Daubert's*** considerations, PCM's methodology is reliable. Whether the testimony is credible is within the purview of the fact finder. The defendants will have the opportunity to cross-examine Mr. Cassin on the issues surrounding his Report. At this point however, IRSD has not set forth a valid basis for this Court to conclude that the methodology employed by PCM is not generally accepted in the construction management community.

### 3. Assist the Trier of Fact

Finally, this Court must conclude whether Mr. Cassin's testimony and Report would assist the trier of fact. This third admissibility requirement is clearly met in this case. In calculating the economic losses and/or set-offs incurred by RLI, the assistance of a construction manager is not only helpful but essential; therefore, his testimony will assist the trier of fact. Accordingly, the third Rule 702 requirement is satisfied.

It is IRSD's position that the PCM Report prepared by Damian Cassin sets forth a conclusion that McDaniel was entitled to an extension of time to complete the work and suffered monetary damages arising from IRSD's alleged active interference. To the contrary, the PCM Report is intended to prove Plaintiff's claims that IRSD and the other defendants herein acted improperly in terminating McDaniel and/or issuing overpayments and advance payments to McDaniel and/or Zimmer, all to RLI's detriment. In order to determine this, it must be proven that the critical path was delayed. ***Hoffman Construction Company v. U.S.***, 40 Fed.Cl. 184 (1998). Mr. Cassin's Report shows that the delays on the work along the critical path affected the ability of McDaniel to perform. As a result of McDaniel's inability to perform through no fault of its own, McDaniel was held in default, and therefore, the bond provisions required RLI,

as the surety to McDaniel, to step in. Mr. Cassin's Report shows that the delays on the project were through no fault of McDaniel and, therefore, RLI is not responsible for certain claims as asserted by IRSD on its counterclaim. Therefore, the critical path analysis performed by Mr. Cassin on this project is reliable testimony that the trier of fact can consider in determining all of the claims presented.

The critical path analysis performed by Mr. Cassin clearly shows that he considered the actual performance of the work along the critical path through Defendants' own documents which, in turn, demonstrate why particular events occurred and pushed the project behind schedule. Clearly, Mr. Cassin considered the entire project record from the bid stage through the time of McDaniel's termination several years later. This analysis clearly conforms with the requirements of the cases relied upon by IRSD in its brief. This analysis is clearly within F.R.E. 702 and ***Daubert***.

IRSD attempts to discredit Mr. Cassin's analysis based upon the fact that he initially analyzed the project schedule using the "milestone schedule" contained in the project specifications. IRSD claims this schedule should not have been used because there were "so few activities on the milestone schedule." IRSD, however, fails to point out that throughout the remainder of his 83-page Report, Mr. Cassin continually updated the critical path and work schedule based upon the documents generated contemporaneously with the activities being performed on the project. Mr. Cassin's Report takes into account the numerous schedule changes developed throughout the course of the project, which in turn produced sufficient data for him to properly define the critical path.

In essence, RLI is presenting this Court with its own interpretation of the analysis and conclusions of Plaintiff RLI's expert in support of its Motion to strike and preclude. However, these presumptions and assumptions cannot be used as the basis by this Court for determining the admissibility or inadmissibility of the PCM Report until after the deposition of Mr. Cassin is taken in conjunction with a review and analysis of his qualifications and expertise in the field of work. Therefore, at this point, the Motion in Limine is premature and should be denied without prejudice until a full and complete record, including deposition testimony, has been created.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff RLI Insurance Company respectfully requests that this Honorable Court deny Defendant Indian River School District's Motion in Limine to strike the expert report of Progressive Construction Management, Inc. and to preclude the testimony of its author, Damian Cassin, based upon the fact that the Motion in Limine is premature and the Court

is not in a position to fully consider the facts and evidence of record to render a decision at this time.

          Respectfully submitted:

          **ABER, GOLDLUST, BAKER & OVER**

          /s/   Perry F. Goldlust
          PERRY F. GOLDLUST (DSB #770)
          702 King Street, P.O. Box 1675
          Wilmington, DE 19899-1675
          (302) 472-4900
          pgoldlust@gablawde.com
          *Attorneys for Plaintiff RLI Insurance Company*

DATE:  October 25, 2007

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
THOMAS P. MULDOON, JR., ESQUIRE
**HARRY R. BLACKBURN & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

Q:\RLI Surety.729\McDaniel.004\Indian River\Pleadings\Motion in Limine\Answer to IRSD\Brief in Support.wpd