# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| RLI INSURANCE COMPANY, | ) Civil Action No.: 05-858-JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL DISTRICT, EDIS COMPANY AND BECKER MORGAN GROUP, INC., | ) |
| Defendants. | ) |

## DEFENDANT EDIS COMPANY'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

LOGAN & ASSOCIATES, LLC

By:   /s/ Donald L. Logan
Donald L. Logan (Delaware I.D. No. 2604)
Victoria K. Petrone (Delaware I.D. No. 4210)
One Corporate Commons, Suite 300
New Castle, Delaware 19720
P: (302) 655-8000
F: (302) 655-8005
email: dlogan@loganllc.com
*Attorneys for Defendant EDiS Company*

Dated: 10/29/07

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . .  1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    **THE ECONOMIC LOSS DOCTRINE BARS RLI'S NEGLIGENT MISREPRESENTATION CLAIM ARISING OUT OF PAYMENT APPLICATION APPROVAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

## TABLE OF AUTHORITIES

**Case**                                                           **Page**

Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Marketing., Inc.
    2002 WL 1335360 (Del. Super.) .................................. 6

Council of Dorset Condominium v. Dorset Apartments, 1992 WL 24044 (Del. Super.)   5

Danforth v. Acorn Structures, Inc., 608 A.2d 1194 (Del. 1992). ................. 5

Delaware Art Museum v. Ann Beha Architects, Inc.,
    slip copy, 2007 WL 2601472 (D.Del.) ............................. 5,6

Guardian Const. Co. v. Tetra Tech Richardson, Inc.,
    583 A.2d 1387 (Del. Super. 1990) ................................ 4,5

Millsboro Fire Company v. Construction Management Services, Inc.,
    2006 WL 1867705 (Del. Super.) .................................. 4,5,6

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Defendant EDiS Company ("EDiS") refers to and incorporates herein the Statement of Nature and Stage of Proceedings set forth in its *Opening Brief*.

## SUMMARY OF ARGUMENT

RLI has limited its negligent misrepresentation claim against EDiS to EDiS's involvement in the certification of payment applications. However, the economic loss doctrine bars negligent misrepresentation claims arising out of payment application certifications. RLI has not distinguished or addressed the Delaware decisions which support an award of summary judgment in EDiS's favor or argued that any facts are in dispute, therefore, the claim is ripe for summary judgment consideration and under Delaware precedent on analogous underlying facts, EDiS is entitled to summary judgment.

## **STATEMENT OF FACTS**

Defendant EDiS Company ("EDiS") refers to and incorporates herein the Statement of Facts set forth in its *Opening Brief*.

**ARGUMENT**

**THE ECONOMIC LOSS DOCTRINE BARS RLI'S NEGLIGENT MISREPRESENTATION CLAIM ARISING OUT OF PAYMENT APPLICATION APPROVAL**

RLI concedes in its *Answering Brief* that it is seeking only economic losses and its claims against EDiS are limited to EDiS's involvement with the certification of certain payment applications. The Delaware Superior Court has held that payment applications are approved by construction professionals solely for the benefit of the project owner and not for other parties with which the construction professionals have no contractual relationship. Millsboro Fire Company v. Construction Management Services, Inc., 2006 WL 1867705 at *4 (Del. Super.). Accordingly, EDiS's certification of payment applications was done so for the sole benefit of IRSD, not RLI, the surety with which EDiS had no contractual relationship. The Millsboro Court further ruled that any information provided by construction professionals is incidental to construction and does not constitute the "supply of information" as required by the negligent misrepresentation exception to the economic loss doctrine. Id. at *3. RLI's negligent misrepresentation claim against EDiS is therefore barred by Delaware law.

In its *Answering Brief*, RLI first cites to Guardian. Guardian Construction Co. v. Tetra Tech Richardson, Inc., 583 A.2d 1378 (Dep. Super. 1990). In Guardian, the Delaware Superior Court held that a contractor could maintain a negligent misrepresentation claim against a surveyor because the surveyor had provided incorrect information with the intention that bidders use the information to calculate their project bids. Id. Seventeen years later, the Millsboro Court acknowledged and cited the Guardian holding as one of the limited exceptions to the economic loss doctrine. The rationale for the exception is clear; the surveyor in Guardian was

hired for the purpose of generating information and intended that bidders utilize and rely upon the information. Here, EDiS was not a surveyor, was not retained for the purpose of generating information and did not provide incorrect information with the intention that RLI rely upon it, so the surveyor exception is not applicable.

RLI also relies upon Dorset, an unreported decision which predates Millsboro by fourteen years. Council of Dorset Condominium v. Dorset Apartments, 1992 WL 24044 (Del. Super.). In Dorset, the Superior Court acknowledged Guardian and noted that the Court had subsequently "clarified several ambiguities." Id. at *2. The Dorset Court did not grant summary judgment to defendant engineers who had prepared a report to be used as information, and declined to do so because the situation was "unlike an architect who prepares plans which are converted into a tangible project-a building." Id. at *3. Not only are the underlying facts of Dorset distinguishable in that the engineer was hired for the purpose of generating information, but the Dorset Court specifically stated that the economic loss exception would not apply to the case at bar.

Next, RLI cites a footnote in Danforth v. Acorn, a Delaware Supreme Court decision which also predates Millsboro by fourteen years, in which the Court declines to answer the question of whether the economic loss doctrine bars recovery for professional malpractice. Danforth v. Acorn Structures, Inc., 608 A.2d 1194, 1195 (Del. 1992). RLI overlooks the point that while Danforth has become a seminal economic loss doctrine case in Delaware, the underlying facts of Danforth dealt with a "qualitatively defective product," 608 A.2d at 1198, not the certification of a contractor's payment application. The Danforth Court simply declined to address facts not before it. RLI ignores the subsequent Delaware decisions that have addressed

-5-

the question, specifically, the Millsboro and Delaware Art Museum v. Ann Beha Architects, Inc., slip copy, 2007 WL 2601472 (D.Del.) decisions which are based on underlying facts that are totally analogous to the case at bar. In fact, RLI doesn't even address the Delaware Art Museum decision and of Millsboro, RLI just argues that it "respectfully disagrees."

Finally, RLI cites the Christiana Marine decision in which the Court notes that whether a business "supplies information" is difficult to interpret. Christiana Marine Serv. Corp. v. Texaco Fuel & Marine Marketing., Inc., 2002 WL 1335360 at *6-7 (Del. Super.) Again, RLI ignores the subsequent Delaware decisions that have provided direction on an analogous set of facts to the case at bar.

As to Millsboro, RLI claims that the decision is "unnecessarily narrow" and characterizes the Court's limitation of the exception for pure information providers to accountants, financial advisors and title searchers as "odd[]." RLI even goes so far as to claim that the "narrow limitation" of the Millsboro decision is not "endorse[d]" by the very cases cited by the Court. In RLI's view, the Court should ignore Millsboro and Delaware Art Musuem and look backward to cherry-picked language from older cases with distinguishable underlying facts.

## CONCLUSION

In summary, RLI requests that the Court ignore the precedent of Millsboro and Delaware Art Museum, decisions based on completely analogous facts, rendered by both the Delaware Superior Court and the Delaware District Court, simply because it "disagrees" with the holdings. RLI has offered no other justification for this Court to contradict prior decisions. The only question of fact claimed by RLI is actually a question of law; i.e., whether EDiS is in the business of supplying information. RLI has not offered any other disputed facts and has thereby conceded

that the claim against EDiS is ripe for summary judgment consideration. Based on the precedent of the prior Delaware decisions, EDiS Company is entitled to summary judgment.

    WHEREFORE, Defendant EDiS Company respectfully requests that this Court grant summary judgment in its favor.

                    LOGAN & ASSOCIATES, LLC

                    By:    /s/ Donald L. Logan
                    Donald L. Logan (Delaware I.D. No. 2604)
                    Victoria K. Petrone (Delaware I.D. No. 4210)
                    One Corporate Commons, Suite 300
                    New Castle, Delaware 19720
                    P: (302) 655-8000
                    F: (302) 655-8005
                    email: dlogan@loganllc.com
                    *Attorneys for Defendant EDiS Company*