**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| RLI INSURANCE COMPANY ) | Civil Action No.: 05-858-JJF |
| ) |  |
| Plaintiff, ) |  |
| vs. ) |  |
| ) |  |
| INDIAN RIVER SCHOOL, DISTRICT, ) |  |
| EDIS COMPANY, AND BECKER MORGAN ) |  |
| GROUP, INC. ) |  |
| Defendants. ) |  |

**DEFENDANT BECKER MORGAN GROUP, INC.'S**
**REPLY BRIEF IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT AGAINST**
<u>**PLAINTIFF, RLI INSURANCE COMPANY**</u>

**TIGHE & COTTRELL, P.A.**

By: /s/  Patrick McGrory
Paul Cottrell, Esquire (DE # 2391)
Patrick McGrory, Esq. (DE # 4943)
One Customs House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.mcgrory@tighecottrell.com

Dated: October 29, 2007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.  REPLY ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  Delaware case-law limits liability under
        Section 552 of the Restatement (Second) of Torts
        to "pure" information providers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

IV  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

# TABLE OF AUTHORITIES

**CASES**

*Carello v. Pricewaterhouse, LLP,*
2002 Del. Super LEXIS 180 (Del. Super. July 3, 2002) ........................ p. 1, fn. 1.

*Christiana Marine Service Corp. v. Texaco Fuel and Marine Marketing, Inc.,*
2002 WL 1335360, *7 (Del. Super. 2002) ................................. *passim*

*Council of Dorset Condominium Apartments v.*
*Dorset Apartments*, 1992 WL 240444 (Del. Super. August 26, 1992) ............... *passim*

*Guardian Construction Co. v. Tetra Tech Richardson*,
583 A.2d 1378 (Del. Super 1990) ......................................... 3

*Jaworowski v. Ciasulli*, 490 F.3d 331, 333 (3rd Cir. June 18, 2007) ..................... 4

*Tolan and Sons Inc. v. KLLM Architects, Inc.*,
308 Ill.App.3d 18, 241; 719 N.E.2d 288 (Ill. App.3d 1999) ....................... 2, 3

**OTHER AUTHORITIES**

Restatement (Second) of Torts § 552 ...................................... *passim*

**UNREPORTED CASES**

    *Delaware Art Museum v. Ann Beha Architects, et al.*,
    C.A. No. 06-481 GMS, 2007 WL 2601472 (Dist. Del. Sept. 11, 2007) .............. 4

    *Millsboro Fire Co. v. Constr. Mgmt Serv.*,
    C.A. No. 05C-06-137 MMJ, 2006 WL 1867705, (Del. Super. June 7, 2006) ..... *passim*

## I. ARGUMENT

### A. Delaware case-law limits liability under Section 552 of the Restatement (Second) of Torts to "pure" information providers

RLI's Brief in Response to BMG's Motion for Summary Judgment does not dispute that the Economic Loss Rule would bar their negligence claims against BMG unless the exception found in Section 552 of the Restatement (Second) of Torts is held applicable. RLI also does not dispute that the exception requires, *inter alia*, that RLI prove (1) BMG supplied information to RLI for use in RLI's business transactions with third parties and that (2) BMG is in the business of supplying information. While RLI's claim fails on both parts, it clearly does not meet the second prong of the test.[1]

Conceding that BMG was engaged to provide IRSD with design documents in relation to the construction of the property at issue, RLI argues that the Court should bifurcate the terms of the contract between IRSD and BMG and treat the agreement as having two distinct goals: (1) the construction of the school; and (2) the supply of information ancillary to that construction. Under this analysis, RLI argues that a claim should lie for any information negligently provided as part of BMG's role in the certification of Applications for Payment submitted by RLI's principal, McDaniel Plumbing & Heating, Inc. This interpretation is contrary to Delaware case law, and this Court's own ruling (D.I. # 21 at p. 6), which limits liability under

---

[1] Movants do not concede that RLI has sufficiently plead all the elements necessary to sustain a claim for negligent misrepresentation under § 552 of the Restatement (Second) of Torts. Specifically, BMG was engaged by IRSD and, under such agreement, supplied information to IRSD concerning the quality and completeness of the work performed by the various trade contractors. At no time did BMG supply any information to Plaintiff. (*See*, *Carello v. Pricewaterhouse*, LLP, 2002 Del. Super LEXIS 180 (Del. Super. July 3, 2002) and Comment (a) to Sect. 552). Further, RLI has not alleged, nor attempted to show, the specific financial transaction it entered into which was influenced by any information it alleged to have received from BMG. Carello, at p. * 22 and Comment (h) to Sect. 552).

-1-

Section 552 of the Restatement (Second) of Torts to "pure" information providers.

To support its proposition, RLI first cites to *Council of Dorset Condominium Apartments v. Dorset Apartments*, 1992 WL 240444 (Del. Super. August 26, 1992). In *Dorset*, the engineer had been hired for the sole purpose of providing information to the potential buyer regarding the extent of structural repairs necessary at the apartment complex. The facts in *Dorset* are distinguishable from the case, *sub judice*. The fact that BMG was engaged by IRSD to provide plans and services to support the construction of a school building makes *Dorset* completely distinguishable from the case at bar. In fact, the line in the Court's decision immediately preceding the one quoted by RLI directly contradicts the argument for which RLI cites to this case. It states, "Unlike an architect who prepares plans which are converted into a tangible product - a building, [engineer defendant] prepared information to be used as information." *Id.* at *3. Here, BMG prepared plans which were converted into a tangible product - a building. Therefore, *Dorset* only further supports BMG's motion for summary judgment

RLI next cites to *Christiana Marine Service Corp. v. Texaco Fuel and Marine Marketing, Inc.*, 2002 WL 1335360, *7 (Del. Super. 2002). RLI argues that the Court in *Christiana*, by way of dicta, was questioning the Illinois Court's definition of "in the business of supplying information." However, such an argument is clearly not supported by the express holding of the case. In fact, the *Christiana Marine Services* Court adopted the definition enumerated by the Illinois Court when it decided that Texaco was not in the business of supplying information. The *Christiana Marine Services* Court quoted *Tolan and Sons Inc. v. KLLM Architects, Inc.*, 308 Ill.App.3d 18, 241; 719 N.E.2d 288 (Ill. App.3d 1999) noting, "a great many businesses exchange information as well as products, and where the information

supplied is merely ancillary to the sale of a product or service or in connection with the sale, defendant will not be found to be in the business of supplying information for the guidance of others in their business dealings." *Christiana Marine Services, Inc.* 2002 WL 1335360 at *7 (internal quotes omitted). The Court further cites *Tolan* and accepts the rationale that "business that supply tangible goods and/or non-informational goods or services...may exchange information, [but] the information relates only to the goods or services and, thus, is supplied incidental to the sale of the product." *Id.* at *7 (internal quotes omitted). As opposed to questioning the continued validity of this interpretation of the terms, the *Christiana* Court expressly adopted this interpretation of what it means to be "in the business of supplying information." The Court held that "clearly", Texaco was not in the business of supplying information and could, therefore, not be held liable in tort for any information provided ancillary to the agreement.

    Although the *Christiana* Court did not decide whether architects who provide design drawings and related information in connection with the construction of a building crossed the line from tangible product end manufactures to pure information providers, the Court certainly provided a basis from which to work. And the Delaware Superior Court in *Millsboro Fire Co. v. Constr. Mgmt Serv.*, C.A. No. 05C-06-137 MMJ, 2006 WL 1867705 (Del. Super. June 7, 2006), utilizing the framework established in such cases as *Christiana*, *Dorset* and *Tolan*, expressly held that "the provision of plans and design drawings used to construct the project, do not constitute the business of supplying information." *Id.* at *9. This holding also follows the rationale in *Guardian Construction Co. v. Tetra Tech Richardson*, 583 A.2d 1378, 1386 (Del. Super 1990)("the use of the information negligently supplied was not an indirect or collateral

consequence . . . it was the end and aim of the transaction.").

RLI, however, dismisses the *Millsboro* holding as unnecessarily narrow and "odd[]", and asks that the Court give it no weight in determining the present motion. In making this argument, RLI requests that this Court also dismiss its own ruling in this case on the previously filed motions to dismiss (D.I. # 21, at p. 6) ("Delaware limits liability under Section 552 of the Restatement (Second) of Torts to "pure" information providers), as well as the recent opinion of the District Court in *Delaware Art Museum v. Ann Beha Architects, et al.*, C.A. No. 06-481 GMS, 2007 WL 2601472, * 4 (Dist. Del. Sept. 11, 2007) ("When information is the "end and aim" product of a defendant's work. Delaware courts have found the potential for liability.").

Other then calling the *Millsboro* decision "odd[]", and completely ignoring this Courts recent prior rulings on the subject, RLI gives no other justification for why this Court, as a federal court sitting in diversity, should fail to give careful consideration to the *Millsboro* decision. *(See, Jaworowski v. Ciasulli*, 490 F.3d 331, 333 (3rd Cir. June 18, 2007)).

## IV.    CONCLUSION

In summary, the only "issue" which remains to be decided with respect to BMG's Motion for Summary Judgment is whether BMG was "in the business of supplying information", which is a question of law. On this issue, both Delaware State case law and the prior opinions of the Delaware District Court are clear. Where a defendant, as in the case at bar, is primarily engaged to supply the production of a tangible item, in this case a building, that defendant cannot

-4-

be held liable to third-parties under Section 552 of the Restatement (Second) of Torts because they are not pure information providers.

   WHEREFORE, Defendant, Becker Morgan Group, Inc request this Honorable Court for judgment in its favor and against the Plaintiff.

            **TIGHE & COTTRELL, P.A.**

        By:  /s/ Patrick McGrory
           Paul Cottrell, Esquire (DE # 2391)
           Patrick McGrory, Esq. (DE # 4943)
           One Customs House, Suite 500
           P.O. Box 1031
           Wilmington, Delaware 19899
           (302) 658-6400
           p.mcgrory@tighecottrell.com

Dated: October 29, 2007