# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
REPLY BRIEF IN SUPPORT OF MOTION *IN LIMINE*
TO STRIKE PLAINTIFF'S EXPERT REPORT AND EXCLUDE TESTIMONY

**SEITZ, VAN OGTROP & GREEN, P.A.**

**/s/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
**jgreen@svglaw.com**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

Attorneys for Defendant and Counterclaimant
Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

**TABLE OF CONTENTS**         **PAGE**

I. ARGUMENT IN REPLY ........... 1

    A. RLI's Rule 26 Violation ........... 1

    B. IRSD's Decision not to Depose RLI's Expert ........... 5

    C. The PCM Report Fails to Apply the Required Methodology ........... 6

    D. The PCM Report is Not Relevant to Any Claim in this Litigation and Will Not Assist the Trier of Fact ........... 9

II. CONCLUSION ........... 13

i

**TABLE OF AUTHORITIES**

| **CASES** | **PAGE** |
|---|---|
| ABB Air Preheater, Inc. v. Regenerative Environmental Eq. Co., 167 F.R.D. 668 (D. NJ 1996). | 2 |
| Baio v. Commercial Union Ins. Co., 410 A.2d 502 (Del. 1979). | 10 |
| Belt Con Construction, Inc. v. Metric Construction Co., Inc., 2007 WL 1302606 (D. NM). | 5, 7 |
| Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993). | 8 |
| Haney v. U.S., 676 F.2d 584 (Ct. Cl. 1982). | 5, 7 |
| In Re Paoli Railroad Litigation, 35 F.3d 717 (3rd Cir. 1994). | 7, 8 |
| Levy v. HLI Operating Co., Inc., 924 A.2d 210 (Del Ch. 2007). | 10 |
| Molitoris v. Woods, 422 Pa.Super. 1, 618 A.2d 985 (1992). | 10 |
| Tolerico v. Home Depot, 205 F.R.D. 169 (M.D. PA 2002). | 2, 11 |
| Tracinda Corp. v. Daimlerchrysler AG, 362 F.Supp.2d 487 (D. DE 2005). | 11 |
| U.S. v. Dentsply International, Inc. 2000 WL 654378 (D. DE). | 2 |

| **FEDERAL RULES** | **PAGE** |
|---|---|
| Fed. R. Civ. P. 26(a)(1) | 10 |
| Fed. R. Civ. P. 26(a)(2) | 1-5 |
| Fed. R. Civ. P. 26(b)(4) | 5 |
| Fed. R. Civ. P. 37(c) | 2, 13 |
| Fed R. Ev. 104(a) | 3, 7 |

**TREATISES**

| | |
|---|---|
| AmJur., Subrogation, §5 | 10 |

In further support of its Motion *in Limine* to strike RLI's expert report, defendant Indian River School District offers this argument in reply:

## I.    ARGUMENT IN REPLY

### A. *RLI's Rule 26 Violation*

RLI alleges in its brief that it has until 90 days prior to trial to make the expert witness disclosures required by Rule 26 (a)(2) and therefore it has not violated the rule. (Answer to Motion, ¶ 2, 6).

Rule 26(a)(2)(c), governing the timing of the expert witness disclosures, provides:

> ***These disclosures shall be made at the times and in the sequence directed by the court***. ***In the absence of other directions from the court*** or stipulations by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial, or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1).

In this case, the court directed in the modified scheduling order that RLI's "reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due…by July 31, 2007." D.I. 83. Given the express language of the rule and the modified scheduling order, RLI is incorrect that it may wait until 90 days prior to trial to make the disclosures. It is difficult to accept that RLI, in good faith, believes that its expert disclosures were not due on July 31, 2007.

RLI has not sought leave to extend the deadline for the Rule 26 disclosures set by the modified scheduling order.[1] It chose, instead, to flagrantly disregard the court's authority by not making the disclosures in a timely fashion and then asserting, in response to IRSD's motion, that it does not have to comply with the cut-off set by the court. (Answer to Motion, ¶ 2, 6). In addition, its response to IRSD's Motion *in Limine* indicates that RLI intends to continue to

---

[1] Local Rule 16.4 requires a request for an extension of a discovery cutoff to be made prior to the expiration of the deadline. This court has already enforced this cutoff once against RLI in its order denying RLI's Motion under the Default Standard for E-Discovery, D.I. 96.

1

violate the order. (Answer to Motion, ¶ 2, 3).  IRSD acknowledges that RLI's disregard of the court's authority is for the court to address.  However, IRSD respectfully reminds the court that the other parties to the case were all bound by the provisions of the scheduling order and took whatever actions were necessary to comply.  To allow RLI to prepare its case on its own timetable is inequitable to the other parties.

As the previous paragraph makes clear, RLI has violated Rule 26(a)(2) and the modified scheduling order.  Compliance with Rule 26(a)(2) is a condition precedent to the use of expert testimony at trial.  ABB Air Preheater, Inc. v. Regenerative Environmental Eq. Co., 167 F.R.D. 668, 671 (D. NJ 1996).  Rule 37(c) provides for mandatory sanctions for a party's failure to comply with the self-disclosing provisions of Rule 26(a).  U.S. v. Dentsply International, Inc. 2000 WL 654378 at * 4 (D. DE).  Unless the party in violation of Rule 26 shows (1) substantial justification and (2) lack of prejudice to the opposing party, preclusion of the expert testimony is appropriate.  Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. PA 2002).

RLI has offered *no justification* or explanation for its failure to comply with mandatory disclosures, let alone substantial justification.  As the court pointed out in its recent order denying RLI's Motion under the Default Standard for E-Discovery, (D.I. 96), discovery extensions are disfavored where the party seeking additional time offers no justification for the delay.  In this instance, RLI's failure to serve the required expert information is more serious, since Rule 26 contains a mandatory requirement that RLI automatically disclose this information.

As for the prejudice element of Rule 37(c), RLI makes unsupported statements that IRSD has not been prejudiced by its failure to comply with Rule 26(a)(2) and it must present "testimony" in order for the court to find prejudice. (Answer to Motion ¶ 2, 4, 6, 7 and

Answering Brief, p. 5).  First, IRSD would welcome a hearing on this issue if the court finds it necessary to take testimony.  Pursuant to Rule of Evidence 104(a), it is certainly within the court's power, as a fact finder of preliminary questions of admissibility, to order a hearing.  Second, RLI's conclusory statements regarding the lack of prejudice to IRSD simply are not plausible.  RLI failed to produce the information that Rule 26(a)(2) requires support its report.  In order for IRSD to comply with the scheduling order, it was forced to render its rebuttal conclusions with incomplete information.  While RLI goes to great lengths in its answer to tell the court that all documents *referred to* in the expert report were produced in discovery, it does not say that all information *relied upon* by the expert was identified, which it the standard required by Rule 26(a)(2).  If there is certain information that the expert did not consider in his analysis, IRSD's expert might consider this a weakness or flaw in RLI's expert's analysis. If RLI's expert considered other information which IRSD's expert believes should not be a factor in a proper analysis, this could also be a defect with RLI's analysis.  Therefore, RLI's failure to identify all information *relied upon* in reaching its opinions and conclusions resulted in IRSD serving a report that was incomplete.

One particularly important piece of information PCM failed to identify in its report is its electronic scheduling information, which is data considered by the expert and required to be disclosed under Rule 26(a)(2).  If IRSD's expert had been provided with the electronic data underlying the PCM Report, its analysis would have been significantly different.  When electronic schedule information is available, the underlying logic ties and restraints, as well as float associated with activities, can be examined.  The paper versions of the schedules do not contain this information.  The schedule information can be compared to a mathematical problem.  The paper schedules would represent just the answer, while the electronic data contains the

3

mathematical calculation used to arrive at the answer. PCM did not identify the "calculations" for IRSD's expert to examine, prejudicing IRSD's ability to conduct its rebuttal as it had incomplete information.

In its answer to the motion, RLI claims that IRSD has not been prejudiced, as its expert has not stated that RLI's failure to comply with the mandatory disclosures of Rule 26(a)(2) has impeded its ability to prepare the rebuttal report. (Answer to Motion ¶ 4, 7). RLI's assertion is simply incorrect. On page 31-32 of IRSD's rebuttal expert's report, attached as Exhibit "1", the author specifically advises that PCM's failure to provide electronic schedule data makes it impossible to review the underlying logic, critical path or float values of the PCM schedules.[2]

According to RLI in its brief, IRSD claims it does not know who authored the PCM Report and such a claim is inconsistent with the evidence (Answering Brief, p. 4.) However, RLI makes no citation to where IRSD made this alleged claim. IRSD did not and does not assert it does not know the identity of the author of the PCM Report. IRSD alleges that the PCM Report (1) fails to identify the author, (2) is not signed by the author, (3) fails to identify all information relied upon by the expert in forming his opinions, (4) fails to include the exhibits to be used as support for the opinion, (5) does not include the qualifications of the witness, (6) does not identify the publications authored by the witness, (7) fails to disclose the compensation to be paid for the study, and (8) does not list other cases in which the expert has testified in the preceding ten years, all of which Rule 26(a)(2) requires RLI to automatically disclose.

RLI has violated Rule 26(a)(2) and the court's modified scheduling order. If has failed to carry its burden of showing substantial justification for the non-compliance or lack of prejudice

---

[2] IRSD's expert report notes that in addition to PCM not providing its electronic schedule date, it also did not have electronic schedule information from the construction manager for the first year of the project. The lack of this information is not an issue for which IRSD claims PCM's report is deficient.

4

to IRSD. As such, it is appropriate for the court to strike the PCM Report and preclude the expert from testifying at trial.

### B. IRSD's Decision not to Depose RLI's Expert

RLI attempts to persuade the court that because IRSD did not depose its expert that it is relieved of complying with the provisions of Rule 26(a)(2). (Answer to Motion, ¶ 7 and Answering Brief, p. 5). IRSD has no duty to depose RLI's expert to obtain the information Rule 26(a)(2) mandates that RLI *automatically disclose*. Rule 26(a) requires that each expert automatically disclose certain information. Should an opponent wish additional information from the expert, it may depose the expert. However, Rule 26(b)(4)(c) requires the party seeking the deposition to pay the expert for the time he spent testifying. RLI is suggesting to the court that IRSD should *pay its expert* to provide the information that Rule 26(a) mandates it *automatically disclose*.

In addition, Rule 26(a)(2) requires that the PCM Report contain a complete statement of all opinions to be expressed and the basis and reasons therefore. One of the primary components of the required critical path methodology is that PCM / RLI apportion project delay among all responsible parties and factors. Belt Con Construction, Inc. v. Metric Construction Co., Inc., 2007 WL 1302606 at * 8 (D. NM). Haney v. U.S., 676 F.2d 584, 595 (Ct. Cl. 1982). This is a required component of a "complete statement of all opinions to be expressed and the reasons therefore." The court alone can determine from an examination of the PCM Report that it has not apportioned the delay, even though it complains about causes of delay for which IRSD would not be liable. (See IRSD's Opening Brief, p. 13). Because this is evident from the face of the PCM Report, there is no need for IRSD to take PCM's deposition to determine the underlying methodology. Further, because PCM used a baseline schedule with insufficient activities, making

5

proper ties between predecessor and successor activities simply impossible, IRSD does not need additional testimony from PCM describing how it arrived at its proposed critical path.[3] However, it did need the electronic data to prepare a complete rebuttal, which it could not obtain from an oral deposition of PCM.

RLI repeatedly argues that IRSD can simply take PCM's deposition and obtain the information it failed to automatically disclose in the time required by the rule and the court. However, even if IRSD were to take such a deposition, it might obtain the missing information, but it will not have the opportunity to supplement its expert's rebuttal report. IRSD's expert report cut-off was August 31, 2007, more than two months ago. Seeking leave to amend the report at this date will likely delay trial (see this court's Order denying RLI's Motion under Default Standards for E-Discovery, D.I. 96) and such a motion or deposition are expenses which IRSD should not be required to incur.

The civil rules do not require that IRSD depose RLI's expert for Rule 26 purposes or any other reason. The decision to take or not to take the deposition of any witness is solely IRSD's, who made a conscious decision in this case not to depose this particular witness. Further, as set forth in this section, taking the deposition of PCM would not change the situation in which IRSD finds itself due to PCM's / RLI's failure to comply with Rule 26(a)(2) and the court's scheduling order and IRSD should not have to bear this expense to obtain the information RLI is required to automatically disclose.

### C. *The PCM Report Fails to Apply the Required Methodology*

---

[3] PCM's failure to determine the critical path at the time of the first delay and its use of an insufficient baseline schedule, resulting in the need to manipulate logic, are more technical issues that are explained in IRSD's rebuttal expert's report, attached hereto as Exhibit "1." Should the court find it helpful, IRSD's expert can more fully explained these issues to the court at a hearing.

IRSD does not dispute that the critical path method, when all components of the methodology are properly applied, is a reliable method of determining the critical path. IRSD argues that **RLI failed to apply all required methodology** in its analysis. If the accepted methodology is not strictly applied, the analysis is unreliable. In Re Paoli Railroad Litigation, 35 F.3d 717, 745 (3rd Cir. 1994). The cases cited by IRSD in its opening brief expressly provide the components that a critical path method analysis must contain to be reliable. The PCM Report fails to comply with several of the specified components.

- RLI's baseline schedule contains insufficient logic and was manipulated by PCM, after the fact; (See IRSD's Opening Brief, p. 11-13).
- PCM failed to identify the critical path at the time of the first delay; (See IRSD's Opening Brief, p. 11-13).
- PCM's Report fails to apportion delay caused solely by IRSD (if any) and that of other causes. (See IRSD's Opening Brief, p. 11-13).

RLI argues that IRSD has not submitted a supplemental report from its expert to support its position. (Answer to Motion, ¶ 19). As set forth above, IRSD does not believe an expert opinion is needed to resolve the question of reliability with respect to apportionment of delay. That defect in the report alone renders it unreliable. Belt Con, *Supra*; Haney, *Supra*. Notwithstanding, PCM's failures with respect to its methodology are addressed in IRSD's rebuttal expert's report, a copy of which is attached hereto as Exhibit "1" for the court's assistance if necessary (see pg. 6-12 and 24-61). In addition, should the court deem it helpful, IRSD would welcome a hearing to assist the court, wherein its expert could testify regarding PCM's methodology. A pre-trial hearing to determine the admissibility of expert opinion is

7

proper under Rule of Evidence 104(a) and experts may testify in support of excluding an opposing expert's testimony. Paoli Railroad, 35 F.3d at 738-739, 748.

    RLI counters IRSD's argument --that its report fails to contain the required components to make a critical path analysis reliable, including apportionment of delay and identification of the critical path at the time of the first delay event (see IRSD's Opening Brief p. 9-13) -- by simply denying IRSD's argument. RLI does not point to where in the PCM Report the court can find the apportionment of delay or where it can find the identification of the critical path for the delays complained of in September and October of 2003. It simply rests on the fact that IRSD has failed to elicit PCM's oral testimony.

    RLI goes on to argue that the PCM Report identifies information and documents obtained in discovery to determine the critical path and therefore it is reliable. ( Answer to Motion, ¶ 19, Brief p. 10). What information was used or not used in the analysis is one component of many items a critical path analysis must contain to be reliable. Other components, which are absent from PCM's report, are a proper baseline schedule, proper logic and apportionment of delay. While PCM certainly *explained* the manner in which it determined its critical path (Answering Brief, p. 10), it is that very explanation that dictates the unreliability of the analysis. PCM's explanation makes clear that it used an insufficient baseline schedule and complained of delay for which IRSD is not responsible, but failed to apportion that delay.

    RLI also argues that whether PCM performed a proper analysis is an issue for the jury to decide. (Answer to Motion, ¶ 19.) However, the jury will not be entitled to hear any evidence about PCM's analysis unless the court determines that the methodology underlying the analysis is reliable. The question of reliability is a preliminary question of admissibility to be *determined*

8

*by the court*, contrary to RLI's argument. <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579, 592-593 (1993); <u>Paoli Railroad</u>, 35 F.3d at 743.

### D. *The PCM Report is Not Relevant to Any Claim in this Litigation and Will Not Assist the Trier of Fact*

IRSD argues in its motion and opening brief that the PCM Report presents a claim on McDaniel's behalf for monetary damages due to IRSD's alleged interference with its work. Since McDaniel is not a party to this case and has never asserted any claim against IRSD, the conclusions of the PCM Report will not assist the trier of fact in determining any issue in this case.

The PCM Report expressly provides:

> The following pages set forth our ***estimate of material and labor overruns arising from the impacts and subsequent acceleration noted in this narrative*** [emphasis added].

<u>PCM Report p. 75.</u>

Pages 82-83 of the PCM Report summarizes its damages as follows:

| | |
|---|---:|
| Home office Administrative Expense | $ 96,963 |
| Site Office Administrative Expense | $ 99,140 |
| Wage Rate Increases Pipe Fitting | Blank |
| Material Cost Escalation | Blank |
| Labor Loss of Productivity | $430,968 |
| Percentage Markups for Overhead, Profit and Bond | % |
| **for a total of** | **$755,571** |

In its answer and brief, RLI makes conflicting statements about what the damages in the PCM Report represent. First, it argues that:

> The damages set forth on pages 76 through 83 of the PCM Report clearly fall within the relief sought in Count I of Plaintiff RLI's Complaint and in particular for the economic damages set forth in paragraph no. 25 [IRSD assumes that RLI means paragraph 35] regarding the ***costs of investigation*** of the IRSD

9

>performance bond, the ***cost of inspection*** of McDaniel's work, the ***funds advanced to McDaniel*** to complete the project prior to termination, as well as the ***overpayments and advance payments*** made by IRSD which impaired RLI's collateral. [emphasis added] (Answer to Motion, ¶ 11).

Rather than questioning RLI's candor to the court, IRSD will simply rest on the fact that the PCM Report speaks for itself and RLI's allegation is simply inconsistent with the report.

In other portions of its answering papers, RLI claims that the damages allegedly incurred by McDaniel, as set forth in the PCM Report, are a setoff ("McDaniel Setoff") to IRSD's counterclaim against it and relies in support thereof upon the doctrine of equitable subrogation. (Answer to Motion, ¶ 9 and Answering Brief, p. 7).  This argument also fails.

Paragraph 9 of the answer to the motion states "RLI was the surety to McDaniel on this project, and, as surety, 'stands in the shoes' of the principal (McDaniel) for any and all damages incurred as a result of the defendants' actions once the bonds' provisions are invoked." [internal quotations added.] (Answer to Motion, ¶ 9).  RLI provides no legal authority for this proposition but the phrase "stands in the shoes of the principal" is associated with the doctrine of equitable subrogation. See, e.g. Levy v. HLI Operating Co., Inc., 924 A.2d 210, 220-221 (Del Ch. 2007).  The objective of equitable subrogation is to reimburse the person ***who met the obligations of another***.  Baio v. Commercial Union Ins. Co., 410 A.2d 502 (Del. 1979); See also AmJur., Subrogation, §5.  In order to invoke the remedy of equitable subrogation, RLI must have ***fully*** discharged McDaniel's obligations under the contract. Molitoris v. Woods, 422 Pa.Super. 1, 618 A.2d 985, 989-990 (1992); AmJur., Subrogation, §5.

However, RLI refused to fulfill McDaniel's remaining obligations under the contract.  As such, it has not fulfilled the necessary condition precedent to invoking equitable subrogation. Therefore, it is not entitled to assert the McDaniel Setoff  against IRSD.  Since the McDaniel

10

Setoff can not be asserted in this case, the conclusions of the PCM Report are not relevant to any issue in the case and will not assist the trier of fact.

Even if RLI could assert the McDaniel Setoff on the theory of equitable subrogation, RLI would still be precluded from offering evidence thereon. In addition to providing for mandatory disclosures for expert witnesses, Rule 26(a) requires all parties to automatically disclose a computation of any category of damages claimed. Fed. R. Civ. P. 26(a)(1)(C). The court, in its original scheduling order, ordered that damage computation disclosures be made no later than July 31, 2006. (D.I. 25). RLI did produce its damage computation, which is attached hereto as Exhibit "2." In the computation, RLI identified its damages as (1) paid completion costs, $147,042.00; (2) investigation costs, $76,138.32; (3) overpayment, $366,049.00; and (4) contract balance $308,608.00. The computation contains no category relating to "estimate of material and labor overruns arising from the impacts and subsequent acceleration" to McDaniel's work. (PCM Report, p. 75).

Sanctions under Rule 37(c) also apply to damage computations not disclosed in accordance with Rule 26(a). Unless RLI shows (1) substantial justification for its failure to disclose the information, which was required nearly 18 months ago, and (2) that its failure to disclose the information has not prejudiced IRSD, it is appropriate to preclude this evidence at trial. Tolerico, *Supra*. RLI has not sought leave from the court to amend its disclosure nor offered any justification, let alone substantial justification, for its failure to disclose the information as required. The very first time IRSD heard of this damage claim from RLI was in response to this motion to strike the PCM Report. As for prejudice, RLI's failure to disclose a nearly three quarter of a million dollar setoff, based on a third party's claim, until long past the close of fact discovery and on the eve of trial will clearly prejudice IRSD if RLI is allowed to

11

assert the damages contained in the PCM Report at trial.  As set forth in its motion, IRSD confirmed with McDaniel that it had not asserted this claim against IRSD, giving IRSD a reasonable basis to believe that it did not need to discover further facts about this unasserted claim. (IRSD Motion, ¶ 11-13). For RLI to now assert these damages as a defense would severely prejudice IRSD.  As this Court has stated in prior cases, the purpose of the Rule 26 initial disclosures is to prevent a party from being unfairly surprised by the presentation of new evidence.  Tracinda Corp. v. Daimlerchrysler AG, 362 F.Supp.2d 487, 506 (D. DE 2005).

   The McDaniel claim was never asserted against IRSD during the contract period.  It was not included as a claim for which RLI sought recovery in the complaint.  The time has long passed under the scheduling order to amend the pleadings to assert it at this time.  The case is now ready for trial.  Discovery is closed, the expert reports have been exchanged, summary judgment motions have been filed and briefed, and the final pretrial conference is set for December 6, 2007.  It is much too late for a party to add a $700,000 delay claim. Moreover, the time to make such a claim has expired under both the contract's terms and the applicable statute of limitations.  Paragraph 4.7.3 of the General Condition, Time Limits on Claims, provides:

> Claims by either party must be made within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim, whichever is later. Claims must be made by written notice. An additional Claim made after the initial Claim has been implemented by Change Order will not be considered unless submitted in a timely manner.

As confirmed in its deposition, McDaniel never asserted a claim against IRSD and as set forth in IRSD's motion, the statute of limitations has expired.  (IRSD Motion, ¶ 12-13).

12

For all of the reasons discussed in this section, RLI may not assert the McDaniel Setoff against IRSD and therefore the PCM Report will not assist the trier of fact in determining any issue in this case.

## II.     CONCLUSION

The PCM Report should be stricken, and the witness barred from testifying for the reasons set forth in IRSD's motion, opening brief and this reply brief.

Respectfully Submitted,

**SEITZ, VAN OGTROP & GREEN, P.A.**

**/s/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
jgreen@svglaw.com
**222 Delaware Ave., Suite 1500**
**P.O. Box 68**
**Wilmington, DE 19899**
**(302) 888-0600**
**Attorneys for Defendant**
**Indian River School District**

Of Counsel:

K. Gerard Amadio, Esq.
Venzie, Phillips & Warshawer
2032 Chancellor St.
Philadelphia, PA 19103
(215) 567-3322