IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858 JJF |
| Plaintiff, | ) |
| vs. | ) |
| INDIAN RIVER SCHOOL DISTRICT, EDIS COMPANY, AND BECKER MORGAN GROUP, INC. | ) |
| Defendants. | ) |

**DEFENDANT EDIS COMPANY'S PROPOSED JURY INSTRUCTION**

LOGAN & ASSOCIATES, LLC

/s/ Donald L. Logan
Donald L. Logan, Esquire (DE #2604)
Victoria K. Petrone, Esquire (DE # 4210)
One Corporate Commons
100 W. Commons Blvd., Suite 300
New Castle, DE 19720
302-325-3555
Attorneys for Defendant EDiS Company

Dated: 12/3/07

### DEFENDANT EDIS COMPANY'S PROPOSED JURY INSTRUCTION

Pursuant to Local Rule 51.1(a), Defendant EDiS Company submits its proposed jury instruction on the specific areas of disagreement, as follows:

### TABLE OF CONTENTS

3.2.B.  RLI'S CLAIM AS TO EDIS COMPANY                                  2

### 3.2.b  *RLI's Claims as to EDiS Company*

## NEGLIGENT MISREPRESENTATION

This case involves claims of negligent misrepresentation against EDiS Company. RLI has the burden of proving by a preponderance of the evidence all facts necessary to establish all of the following elements of its claim:

1) That EDiS was a pure information provider, that is, the information provided by EDiS was not merely secondary to the overall services provided by EDiS; and
2) That EDiS supplied false information; and
3) That EDiS failed to exercise reasonable care in communicating the information; and
4) That EDiS intended to supply the information for the guidance of RLI; and
5) That RLI reasonably relied on the information to its detriment; and
6) That RLI's claimed damages were suffered through reliance upon the information in a transaction which EDiS intended to influence.

There is no liability for representations which RLI could determine for itself in the exercise of due diligence. Therefore, even if you find that EDiS supplied a material misrepresentation, if RLI had concurrent knowledge of the progress and quality of McDaniel's work on the project, or could have determined for itself through investigation the quality or level of progress of McDaniel's work, then you cannot find in favor of RLI.

Source: Restatement (Second) of Torts Sec. 552, *Millsboro Fire Company v. Construction Management Services, Inc.*, 2006 WL 1867705 (Del. Super.), *Delaware Art Museum v. Ann Beha Architects, Inc.*, slip copy, 2007 WL 2601472 (D.Del.), Restatement (Second) of Torts Sec. 541, *Ward v. Hildebrand*, 1996 WL 422336 (Del. Ch).

2