# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY, | ) |
| | ) C.A. No. 05-858 |
| Plaintiff, | ) |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| INDIAN RIVER SCHOOL DISTRICT, | ) |
| EDIS COMPANY, and | ) |
| BECKER MORGAN GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

**BECKER MORGAN GROUP, INC.'S PROPOSED JURY INSTRUCTIONS**

Respectfully Submitted,

**TIGHE & COTTRELL, P.A.**

/s/ Patrick M. McGrory
Paul Cottrell, Esquire
Patrick M. McGrory, Esquire (DE 4943)
One Customs House, Suite 500
P.O. Box 1031
Wilmington, DE 19899
P.Cottrell@tighecottrell.com
P.McGrory@tighecottrell.com
Counsel for Becker Morgan Group, Inc.

Dated: December 3, 2007

1

Pursuant to Local Rule 51.1(a), Defendant Becker Morgan Group, Inc. submits the following proposed jury instructions on the specific areas of disagreement, as follows:

**TABLE OF CONTENTS**

**3.2.C  RLI's Claim as to Becker Morgan Group** ................................................. 3
   1)  Negligent Misrepresentation ........................................................................... 3
   2)  Damages for Negligent Misrepresentation ..................................................... 5
   3)  Comparative Negligence ................................................................................ 6

**3.2.C RLI's Claim as to Becker Morgan Group**

*1)    Negligent Misrepresentation*

This case involves claims of negligent misrepresentation against Becker Morgan Group. RLI has the burden of proving by a preponderance of the evidence all facts necessary to establish all of the following elements of its claim:

1. That the primary purpose of IRSD's contractual relationship with BMG was to obtain information; meaning, the information supplied by BMG was not merely incidental to the overall services provided to IRSD by BMG; and

2. That BMG made a material misrepresentation of fact; and

3. That BMG failed to exercise reasonable care in ascertaining or communicating that statement of fact; and

4. That BMG intended to supply that statement to IRSD with the knowledge that IRSD would use BMG's statement to influence a business transaction with RLI; <u>or</u>, that BMG knew IRSD intended to supply the statement to a limited group of entities and RLI is a member of that limited group; and

5. That RLI relied upon the misstatement in a transaction which is substantially similar to the one which BMG intended its statement to influence, or which BMG knew that IRSD intended it to influence; and

6. That RLI reasonably relied on the information to its detriment.

For BMG to be held liable to RLI, at the time BMG undertook reporting to IRSD on the quality and progress of the various trade contractors, BMG would have had to have known (or have had reason to have known) that IRSD would share that information with RLI as part of a potential business transaction. This means that BMG had to have had actual knowledge that RLI would be given the information it provided to IRSD, as well as have had actual knowledge of the particular financial transaction that such information was designed to influence. This knowledge is measured at the time the

information was furnished.  Therefore, if you find that BMG undertook to provide information to IRSD for the sole benefit of IRSD, or that the pay application process was not designed to influence any transaction other than one between IRSD and its trade contractors, then you must find for BMG.

RLI must also demonstrate that they justifiably or reasonably relied upon BMG's statements.  There is no liability for representations which the plaintiff could determine for itself in the exercise of due diligence.  Therefore, even if you find BMG supplied a material misstatement of fact, if RLI had concurrent knowledge of the progress and quality of McDaniel's work on the project, or could have determined for itself through investigation the quality or level of progress of McDaniel's work, then RLI's reliance upon any misstatement from BMG is unjustified and you cannot find in favor of RLI.

Source:

Restatement (Second) of Torts Sec. 552, *Millsboro Fire Company v. Construction Management Services, Inc.,* 2006 WL 1867705 (Del. Super.), *Delaware Art Museum v. Ann Beha Architects, Inc.*, slip copy, 2007 WL 2601472 (D.Del.), Restatement (Second) of Torts Sec. 541, *Ward v. Hildebrand*, 1996 WL 422336 (Del. Ch). *Carello v. PricewaterhouseCoopers, LLP,* 2002 WL 1454111, at * 4 (Del. Super.)(citing, *Nycal Corp. v. KPMG Peat Marwick LLP*, 688 N.E.2d 1368, 1372 (Mass.1998)).

    *2)*    *Damages for Negligent Misrepresentation*

The damages recoverable for a negligent misrepresentation are those necessary to compensate RLI for the pecuniary loss to it of which the misrepresentation is a legal cause, including

> i) the difference between the value of what RLI has received in the transaction and its purchase price or other value given for it; and
>
> ii) pecuniary loss suffered otherwise as a consequence of RLI's reliance upon the misrepresentation.

The damages recoverable for a negligent misrepresentation do not include the benefit of the RLI's contract with the defendant.

Source: Restatement (Second) of Torts Sec. 552B

*3)   Comparative Negligence*

BMG alleges that RLI's negligence proximately caused the accident. Negligence is negligence no matter who commits it. When the plaintiff is negligent, we call it contributory negligence. Under Delaware law, a plaintiff's contributory negligence doesn't mean that the plaintiff can't recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence. Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of RLI's proven economic losses, you must determine the degree of that negligence, expressed as a percentage, attributable to RLI. Similarly, if you find that one or more than one defendant was negligent, you must determine their relative degrees of fault. Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to RLI, EDiS and/or BMG. I will furnish you with a special-verdict form for this purpose. If you find that RLI's negligence is no more than half the total negligence, I will reduce the total amount of RLI's damages by the percentage of its contributory negligence. If you find that RLI's negligence is more than half the total negligence, RLI may not recover any damages.

Source:

DEL. CODE ANN. tit. 10, ' 8132 (1999); Super. Ct. Civ. R. 49; *Brooks v. Delaware Racing Association*, Inc., D. Del., 98-237 GMS, Sleet J. (Jury Instructions); *Trievel v. Sabo*, Del. Supr., 714 A.2d 742, 744 (1998); *Moffitt v. Carroll*, Del. Supr., 640 A.2d 169, 173 (1994); *Grand Ventures, Inc. v. Whaley*, Del. Super., 622 A.2d 655, 664 (1992), *aff'd*, Del. Supr., 632 A.2d 63 (1993)(holding court must try to reconcile any apparent

inconsistencies in jury's verdict); *Greenplate v. Lowth*, Del. Super., 199 A. 659, 662-63 (1938)(each party entitled to general and specific instructions on applicable law and rights as the pleadings and evidence fairly justify).