IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDiS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED JURY INSTRUCTIONS**

### TABLE OF CONTENTS

| | | |
|---|---|---|
| 1 | PRELIMINARY INSTRUCTIONS | 4 |
| 1.1 | Introduction; Role of Jury | 4 |
| 1.2 | Instruction | 5 |
| 1.3 | Conduct of the Jury | 6 |
| 1.4 | Bench Conferences | 7 |
| 1.5 | Evidence | 8 |
| | a. Deposition - Use of Evidence (Proposed by Plaintiff) | 10 |
| 1.6 | Direct and Circumstantial Evidence | 11 |
| 1.7 | Credibility of Witnesses | 12 |
| 1.8 | Jury Questions for Witnesses | 13 |
| 1.9 | Note-Taking by Jurors | 14 |
| 1.10 | Preponderance of the Evidence | 16 |
| 1.11 | Clear and Convincing Evidence | 18 |
| 1.12 | Description of Trial Proceedings | 19 |
| | | |
| 2 | GENERAL INSTRUCTIONS | 21 |
| 2.1 | Introduction | 21 |
| 2.2 | Jurors' Duties | 22 |
| 2.3 | Burden of Proof | 23 |
| 2.4 | Evidence Defined | 24 |
| 2.5 | Consideration of Evidence | 25 |
| 2.6 | Direct and Circumstantial Evidence | 26 |
| 2.7 | Credibility of Witnesses | 27 |
| | a. Prior Sworn Statements (Proposed by Plaintiff) | 28 |
| | b. Prior Inconsistent Statement by Witness (Proposed by Plaintiff) | 29 |
| 2.8 | Number of Witnesses | 30 |
| 2.9 | Expert Witnesses | 31 |
| | a. Expert Testimony (Proposed by Plaintiff) | 32 |
| | | |
| 3 | THE PARTIES AND THEIR CLAIMS | 33 |
| 3.1 | The Parties | 33 |
| 3.2 | RLI's Claims (Proposed by Plaintiff) | 34 |
| | a. Relationship of the Parties | 34 |
| | b. A Surety Bond is not an Insurance Policy | 35 |
| | c. Definition of Performance Bond | 36 |
| | d. RLI's Claim as to Indian River School District | 37 |
| | e. Impairment of Suretyship Status | 38 |
| | f. Discharge by Advance Payments by the Obligee to the Principal | 39 |
| | g. Waiver | 40 |
| | h. Performance Prevented by a Party to the Contract | 41 |
| | i. Damages - Breach of Contract | 42 |
| | j. Duty to Mitigate Damages | 43 |

2

       k.  RLI's Claim Against EDiS and Becker Morgan . . . . . . . . . . . . . . . . . . . . .  44

3.3  The District's Counterclaim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  45

4    DELIBERATION AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  46

4.1  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  46

4.2  Unanimous Verdict . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  47

4.3  Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  49

4.4  Court Has No Opinion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  50

# 1 PRELIMINARY INSTRUCTIONS

## 1.1 INTRODUCTION; ROLE OF JURY

Members of the jury:  Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened.  I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict will be. My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Source:  Third Circuit General Instructions for Civil Cases

1.2  <u>INSTRUCTION</u>

In this case, RLI Insurance Company (who I will refer to as "RLI") has started this lawsuit which concerns the construction of the new Sussex Central public high school in Georgetown, Delaware.  RLI provided the performance and payment bonds to McDaniel Plumbing and Heating, Inc. ("McDaniel") in connection with McDaniel's performance of the construction contract it had with the Indian River School District ("the District"), the owner of the school.  RLI has requested a declaration discharging it of its obligations under the terms of the performance bond and has also asserted claims for damages against the construction manager, EDiS Company ("EDiS" or "Construction Manager"), and the architect, Becker Morgan Group, Inc. ("Becker Morgan" or "Architect"). McDaniel, the contractor, is not a party in this case.

The District denies RLI's claim that it has a right to be discharged from any further obligations under the performance bond and has asserted a claim for damages against RLI (in the law, this is referred to as a counterclaim) asserting that RLI breached the terms of the bond.  The District contends that RLI's bond should cover any damages it incurred as a result of McDaniel's not completing the school.  RLI denies the District's claims against the bond.

RLI has also asserted claims against EDiS and Becker Morgan claiming that each misrepresented the progress and quality of McDaniel's work on the project and that, as a result of its reliance upon those representations, RLI was damaged.  RLI is seeking recovery from EDiS and Becker Morgan for its alleged damages.  Both EDiS and Becker Morgan deny RLI's claims.

I just gave you a brief summary of the various claims in this lawsuit.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions.

## 1.3  CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves.  If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly.  There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.  [That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in.  Keep an open mind until you start your deliberations at the end of the case.

## 1.4  <u>BENCH CONFERENCES</u>

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you.  These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

## 1.5  EVIDENCE

The evidence from which you are to find the facts consists of the following:

1.    The testimony of the witnesses;
2.    Documents and other things received as exhibits; and
3.    Any facts that are stipulated – that is, formally agreed to by the parties.

The following things are not evidence.

1.    Statements, arguments, and questions of the lawyers for the parties
      in this case;
2.    Objections by lawyers;
3.    Any testimony I tell you to disregard; and
4.    Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.

Do not let rumors, suspicions, or anything else that you may see or hear outside of court

influence your decisions in any way.

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to reach that conclusion.

There are rules that control what can be received into evidence.  When a lawyer asks a

question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not

permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is

requesting that I make a decision on a particular rule of evidence.  You should not be influenced

by the fact that an objection is made.  Objections to questions are  not evidence.  Lawyers have

an obligation to their clients to make objections when they believe that evidence being offered is

improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered stricken  from the record and you will be instructed to disregard this evidence.  Do not consider any testimony or other evidence that gets stricken or excluded.  Do not speculate about what a witness might have said or what an exhibit might have shown.

1.5(a)   <u>DEPOSITION - USE OF EVIDENCE (PROPOSED BY PLAINTIFF)</u>

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial.  This is known as deposition testimony.  This kind of testimony is used when a witness, for some reason, cannot be present to testify in person.  You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Source:

*Del. C.* Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); *Firestone Tire & Rubber Co. v. Adams*, Del. Supr., 541 A.2d 567, 572 (1988).  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.02 (4th ed. 1987).

## 1.6  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that is presented to you.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## 1.7  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors, including the following:

1.  the opportunity and ability of the witness to see or hear or know things the witness testifies to;

2.  the quality of the witness's understanding and memory;

3.  the witness's manner while testifying;

4.  whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

5.  whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

6.  how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

7.  any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify.  What is more important is how believable the witnesses are, and how much weight you think their testimony deserves.]

## 1.8  <u>JURY QUESTIONS FOR WITNESSES</u>

Only the lawyers and I are allowed to ask questions of witnesses.  You are not permitted to ask questions of witnesses.

1.9  <u>NOTE - TAKING BY JURORS</u>

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law.  My Courtroom deputy will arrange for pens, pencils, and paper.  Remember that your notes are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.

1.  <u>Note taking is permitted, not required.</u>  Each of you may take notes.  No one is required to take notes.

2.  <u>Be Brief</u>.  Do not try to summarize all of the testimony.  Notes are for the purpose of refreshing memory.  They are particularly helpful when dealing with measurements, times, distances, identities, and relationships.  Overuse of note-taking may be distracting.  You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand.  Note-taking must not distract you from that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3.  <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.  Notes are not to be used in place of the evidence.

4.    <u>Do not take your notes away from court.</u>  I repeat, at the end of the day, please leave your notes in the jury room.  [Describe logistics of storing and securing notes, for example:  "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night.  At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

## 1.10  PREPONDERANCE OF THE EVIDENCE

This is a civil case. RLI is the party that brought this lawsuit. The District, EDiS and Becker Morgan are the parties against which the lawsuit was filed.  RLI has the burden of proving its case by what is called the preponderance of the evidence. That means RLI has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to RLI and the evidence favorable to the District, EDiS and Becker Morgan on opposite sides of the scales, RLI would have to make the scales tip somewhat on its side. If RLI fails to meet this burden, the verdict must be for the District, EDiS and Becker Morgan. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the District, EDiS and Becker Morgan have the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that the District, EDiS and Becker Morgan have succeeded in proving that the required facts are more likely so than not so.

17

The District has also brought a claim for relief against RLI, called a counterclaim. On this claim, the District has the same burden of proof as has RLI on its claims.

You may have heard of the phrase "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

## 1.11  CLEAR AND CONVINCING EVIDENCE

You may have also heard of the phrase "clear and convincing evidence."  Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt.  Again, that standard applies in criminal cases.

The law requires that some allegations in civil cases be proven by clear and convincing evidence.  I will instruct you on the specific allegations that it will be necessary for you to find were proven by clear and convincing evidence.

## 1.12 <u>DESCRIPTION OF TRIAL PROCEEDINGS</u>

The trial will proceed in the following manner:

First, attorney(s) for RLI will make an opening statement to you.  Next, attorney(s) for the District will make an opening statement, then attorney(s) for EDiS, and finally, attorney(s) for Becker Morgan will each make an opening statement.  What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.  [A party is not required to make an opening statement.]

RLI goes first because it has the burden of proof.  RLI will present witnesses whom counsel for the other parties may cross-examine, and RLI may also present other forms of evidence.  Following RLI's case, the District may present evidence followed, again, by EDiS and Becker Morgan.  Counsel for all parties may cross examine witnesses called by another party. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions.  As with opening statements, closing arguments are not evidence.  [Once the closing arguments are completed, I will then instruct you on the law.]  After that, you will retire to the jury room to deliberate on your verdict in this case.

This trial is scheduled to last for the next two weeks, generally, and will proceed Monday through Friday.  You should report each day at _____.  There will be a mid morning break, a lunch hour, generally beginning at 1:00 p.m., a ____ afternoon break, and the day will conclude at approximately 4:30 p.m.

We will now proceed with the opening statements.

## 2  GENERAL INSTRUCTIONS

### 2.1  <u>INTRODUCTION</u>

Members of the jury, you have now heard all the evidence and now it is time for me to instruct you about the law that you must following in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must following during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## 2.2 <u>JURORS' DUTIES</u>

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give to you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to following the instructions that I give you, even if you personally disagree with them.  This includes instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way

## 2.3  BURDEN OF PROOF

This is a civil case in which there are essentially two types of claims:  (1) RLI has requested a declaration which would relieve it of any obligation under the performance bond; and (2) RLI is also asserting a claim for damages against EDiS and Becker Morgan.  The District has asserted claims back against RLI.   EDiS and Becker Morgan have not asserted any claim against any other party.  The party asserting the claim has the burden of proving that claim by what is called a preponderance of the evidence. That means the party making the claim has to produce evidence which, when considered in light of all of the facts, leads you to believe that what that party claims is more likely true than not.  To put it differently, if you were to put the parties' evidence on the opposite sides of a scale, the evidence supporting the party making the claim would have to make the scales tip somewhat on his side.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt."  That burden does not apply in a civil case and you should, therefore, put it out of your mind in considering whether or not the plaintiff or defendant has met its burden of proof.

## 2.4  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  Any of my comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard, or things I have stricken from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## 2.5 <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to reach that conclusion.

## 2.6  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## 2.7  CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

2.7(a)  PRIOR SWORN STATEMENTS (PROPOSED BY PLAINTIFF)

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe.  You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

Source:

*See generally* D.R.E. 801(d)(1), 803(8); *Lampkins v. State*, Del. Supr., 465 A.2d 785, 790 (1983)(prior statements generally); *Bruce E.M. v. Dorothy A.M.*, Del. Supr., 455 A.2d 866, 869 (1983)(prior sworn statements); 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.09 (4th ed. 1987).

27(b)  <u>PRIOR INCONSISTENT STATEMENT BY WITNESS (PROPOSED BY PLAINTIFF)</u>

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It is up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

Source:

D.R.E. 613.  *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS '73.04 (4th ed. 1987).

## 2.8  NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

2.9  <u>EXPERT WITNESSES</u>

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

2.9(a)  EXPERT TESTIMONY (PROPOSED BY PLAINTIFF)

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.   This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

Source:

D.R.E. 701, 702, 703.

## 3  THE PARTIES AND THEIR CLAIMS

### 3.1  THE PARTIES

This lawsuit involves separate and different claims between the parties.  RLI has requested to be

relieved of any further obligation it may have under the bond and the District has asserted a

claim against RLI to recover damages it alleged to have suffered as a result of RLI's refusal to

perform under the terms of that same bond.  RLI has also asserted a claim directly against EDiS

and Becker Morgan.

View these instructions separately as they apply to each party and its claims.  To assist you in

reaching a verdict as to all of these separate claims, which you must do, a special verdict form

with questions about each of the claims will be provided to you.

I will now discuss each of the three sets of claims.

## 3.2  RLI'S CLAIMS

### 3.2 (a)  RELATIONSHIP OF THE PARTIES (PROPOSED BY PLAINTIFF)

This case arises out of a contract for the construction of the new Sussex Central High School in Georgetown, Delaware.

This case involves the law of suretyship.  RLI Insurance Company ("RLI") became involved in the events which give rise to this case as a surety.  In a case such as this, there is a three-party relationship created by the agreements which have been entered into.  First, there is the principal, in this case, McDaniel Plumbing & Heating, Inc. ("McDaniel").  The principal is an entity which has entered into a contract for a particular project.

Second, there is the owner, also referred to as the obligee.  In this case, Indian River School District ("IRSD"), is the owner/obligee which entered into the contract with the principal to perform certain work on the Sussex Central High School under the terms of a written contract.

Finally, there is the surety, in this case RLI.  In a case such as this, the surety has issued a performance bond, which is a written agreement that the surety would provide funds to complete the principal's contract if the principal defaults in the performance of its contact with the owner.

Both the contract and the bond are written agreements.  I will instruct you further on the law that relates to the rights and obligations of parties under written contracts.

35

### 3.2 (b) A SURETY BOND IS NOT AN INSURANCE POLICY
(PROPOSED BY PLAINTIFF)

A surety bond is not an insurance policy.  Unlike in liability insurance policy, in which the obligation of the insurer to the insured is the primary obligation, the obligation of a surety to a bond obligee is secondary to the obligation owed by the principal.

Source:

*Great American Insurance Company v. North Austin Municipal Authority*, 908 SW.2d 415, 418, 419 (Tex. 1995).

3.2(c)  DEFINITION OF PERFORMANCE BOND (PROPOSED BY PLAINTIFF)

A performance bond is an undertaking by the principal, in this case McDaniel Plumbing & Heating, Inc., guaranteed by the surety, in this case RLI, that the principal will perform the contract.

Source:

*Stone Cypher vs. Mitchell*, 655 S.2d 1381, 1389 (La. 1995)

37

### 3.2(d)  RLI'S CLAIM AS TO INDIAN RIVER SSCHOOL DISTRICT
(PROPOSED BY PLAINTIFF)

In this case, RLI contends that it should be relieved from any obligation under the performance bond because IRSD materially breached its own obligations under the construction contract and the bond.  In this case, RLI contends that EDiS Company ("EDiS"), Becker Morgan Group, Inc. ("Becker Morgan"), and IRSD jointly decided to authorize payment to McDaniel for work that he knew had not been completed, and for work they knew was not performed properly. RLI contends that these payments were made without its knowledge, in violation of the contract terms and in conflict with RLI' s instruction to the defendants on July 27, 2004 not to make any further payments to McDaniel.

Source:

*Southwood Builders, Inc. v. Peerless Ins. Co.*, 366 S.E.2d 104, 108 (Va. 1988); *National Surety Corp. v. United States*, 118 F.3d 1542, 1545 (Fed.Cir. 1997)

3.2(e)  IMPAIRMENT OF SURETYSHIP STATUS (PROPOSED BY PLAINTIFF)

Discharge of a surety occurs when the underlying contractual obligation has been materially altered without the surety's knowledge or consent.  If you find that there was a material alteration of the underlying contract obligation, that RLI's duty to perform is discharged, and RLI is no longer liable to IRSD on the underlying obligation.

Source:

*United States on behalf and for the benefit of the Army Athletic Association v. Reliance Insurance Company*, 799 F.2d 1382, 1385 (9th Cir. 1986; *Continental Bank and Trust Company v. American Bonding Company*, 605 F.2d 1049 (8th Cir. 1979; *Argonaut Insurance Company v. Town of Cloverdale*, 699 F.2d 417, (7th Cir. 1983).

3.2(f)  <u>DISCHARGE BY ADVANCED PAYMENTS BY THE OBLIGEE TO THE
PRINCIPAL (Proposed by Plaintiff)</u>

In this case, RLI contends that its bond obligation was secured by security interest in the

collateral, i.e., the contract balances.  RLI further contends that IRSD impaired the value of that

collateral by making advance payments and overpayments to McDaniel.  If you find that IRSD

has impaired the value of the surety's collateral, then RLI's obligation is discharged to the extent

that impairment would otherwise increase the difference between the maximum amount

recoverable by the surety pursuant to its subrogation rights and the value of RLI's interest in the

collateral.

Source:

*Continental Insurance Company v. City of Virginia Beach*, 908 F.Supp. 341 (Va. 1995);
*Southwood Builders, Inc. v. Peerless Insurance Company*, 366 SE.2d 104, 108 (Va. 1988).  *See
also* RESTATEMENT OF THE LAW (THIRD) OF SURETYSHIP AND GUARANTY § 42.

3.2(g)  WAIVER (PROPOSED BY PLAINTIFF)

Waiver is the voluntary relinquishment or abandonment of a legal right or advantage.  A waiver may be expressly made or implied from conduct or other evidence.  The party alleged to have waived a right must have known about the right and intended to give it up.

In this case, you must determine whether IRSD waived its contractual right[*s*] by knowingly violating the terms and conditions of the contract between itself and McDaniel in relation to how payments were to be issued by issuing overpayments to McDaniel.  RLI also contends that IRSD violated the terms of the performance bond by preventing RLI from performing its obligations under the bond.  RLI contends that, by impeding RLI's ability to perform, IRSD waived its rights under the bond, thereby excusing RLI from performing its obligations.

Source:

*Moore v. Travellers Indem. Ins. Co.*, Del. Supr., 408 A.2d 298, 301 (1979); *Pepsi-Cola Bottling Co. of Asbury Park v. Pepsico, Inc.*, Del. Supr., 297 A.2d 28, 33 (1972); *Klein v. American Luggage Works, Inc.*, Del. Supr., 158 A.2d 814 (1960); *Reeder v. Sanford School, Inc.*, Del. Super., 397 A.2d 139, 141 (1979)(claims in waiver and estoppel must be shown by clear and convincing evidence).

3.2(h)  <u>PERFORMANCE PREVENTED BY A PARTY TO THE CONTRACT (Proposed by Plaintiff)</u>

A party to a contract may not prevent another party from performing its contractual duties and then claim that the other party has breached the contract or failed to complete its terms.  [For example, a farmer who contracts with a builder to put up a barn on the farmer's land must make the land available to the builder so that the work may be done.  Likewise, the farmer must not interfere with the progress of the work.]

In this case, you must determine whether IRSD  prevented or otherwise interfered with RLI's duty to perform under the terms and conditions of the bond it issued for the IRSD Project. RLI claims that it was prevented from performing under the bond due to IRSD's overpayments made to McDaniel and the contract payment to McDaniel by IRSD despite RLI's request to issue no further payments.

Under Delaware law, IRSD may nor impair RLI's collateral under the bond by wilfull or negligent conduct such that RLI would pay for items that IRSD in essence gave away in violation of its contract with McDaniel.

Source:

*J.A. Jones Contr. Co. v. City of Dover*, Del. Super., 372 A.2d 540, 546-47 (1977); *T.B. Cartmell Paint & Glass Co. v. Cartmell*, Del. Super., 186 A. 897, 903 (1936); *Fidelity and Deposit Company v. Agnew*, 157 F. 995 (3rd Cir. 1907); *FDIC v. Blue Rock Shopping Center*, 676 F.Supp. 552 (D. Del. 1987).  *See also Shearin v. E.F. Hutton Group, Inc.*, Del. Ch., 652 A.2d 578, 590 (1994)(a party to a contract cannot be liable both for breach of a contract and for inducing that breach).

### 3.2( i)    DAMAGES - BREACH OF CONTRACT (PROPOSED BY PLAINTIFF)

If you find that one party committed a breach of contract, the other party is entitled to compensation in an amount that will place it in the same position it would have been in if the contract had been properly performed.  The measure of damages is the loss actually sustained as a result of the breach of the contract.

A party that is harmed by a breach of contract is entitled to damages in an amount calculated to compensate it for the harm caused by the breach.  The compensation should place the injured party in the same position it would have been in if the contract had been performed.

Source:

*E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d 436, 446 (Del. 1996); *Pierce v. Int'l Insurance Co. of Illinois*, 671 A.2d 1361, 1367 (Del. 1996); *Oliver B. Cannon & Son, Inc. v. Dorr-Oliver, Inc.*, 394 A.2d 1160, 1163-64 (Del. 1978)(loss of profits); *American General Corp. v. Continental Airlines*, 622 A.2d 1, 11 (Del. Ch. 1992), *aff'd*, 620 A.2d 856 (Del. 1992); *Farny v. Bestfield Builders, Inc.*, 391 A.2d 212, 214 (Del. Super. Ct. 1978); *Gutheridge v. Pen-Mod, Inc.*, 239 A.2d 709, 714 (Del. Super Ct. 1967)(nominal damages); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, 107 A.2d 892, 894 (Del. Super. Ct. 1954).

3.2(j)  <u>DUTY TO MITIGATE DAMAGES - CONTRACT (PROPOSED BY PLAINTIFF)</u>

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered.  To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances.  This reduction, however, must be measured with reasonable probability.

In this case, RLI contends that IRSD failed to mitigate its damages and is claiming monetary damages.  That RLI denies it is irresponsible for IRSD is claiming damages in a certain amount.

If you find that IRSD could have taken reasonable actions to avoid any or all of these damages, then, as a matter of law, you must reduce the amount it claims by what amount you determine to be reasonable based upon the existing punchline

Source:

*Lynch v. Vickers Energy Corp.*, Del. Supr., 429 A.2d 497, 504 (1981)(plaintiff with out-of-pocket expenses has duty to mitigate them); *McClain v. Faraone*, Del. Super., 369 A.2d 1090, 1093 (1977)(duty to mitigate losses in liquidation of property at foreclosure sale of injured party); *Nash v. Hoopes*, Del. Super., 332 A.2d 411, 414 (1975)(duty in contractual breach to mitigate losses when reasonably possible); *Katz v. Exclusive Auto Leasing, Inc.*, Del. Super., 282 A.2d 866, 868 (1971)(common law of contracts requires injured party to minimize losses).  *See also,* RESTATEMENT (SECOND) OF CONTRACTS ' 350 (1979).

3.2(k)  RLI'S CLAIM AGAINST EDIS AND BECKER MORGAN (PROPOSED BY PLAINTIFF)

The contract between IRSD and McDaniel at issue here provided that payment to McDaniel was to be made upon the contract to submit a written admission application for payment.  The contract further provided that the construction manager, EDiS, and the architecture, Becker Morgan, would review the contractor's payment applications and issue certificates for payment.  The contract provided that issuance of the certificate for payment constituted a representation by the construction manager and the architect to the owner that, based upon of their individual observations at the site and the date comprising the application for payment submitted by the contractor, the work had progressed to the point indicated and to the best of the knowledge, information and belief, the quality of the work was in accordance with the contract documents.  RLI contends that the evidence introduced in this case demonstrates that EDiS and Becker Morgan, with the knowledge and consent of IRSD, made a decision to issue certificates of payment and approved payment to McDaniel for work which was not complete or which was known to be incorrect or not in accordance with the contract documents.  RLI contends that, as a result of the certification for payment by EDiS and Becker Morgan of work that was incomplete or incorrect, it sustained financial harm and has been damages thereby.

Source:

RESTATEMENT (2nd) OF TORTS § 552; *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1386 (Del.Super. 1990); *Christiana Marine Service Corp. v. Texaco Fuel Marine Marketing*, WL 1335363 (Del.Super. 2002)

3.3  THIS DISTRICT'S COUNTERCLAIM

[Intentionally left blank]

# 4  DELIBERATION AND VERDICT

## 4.1  INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is juror No. 1.

One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be.  That should stay secret until you are finished.

## 4.2  UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror.  In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment.  Each of you must decide the case for yourself, but to do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you.  You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form.  You will then return to the courtroom and your forepersons will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility  of the jury.

48

4.3  <u>DUTY TO DELIBERATE</u>

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen  to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

### 4.4 <u>COURT HAS NO OPINION</u>

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.