IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : | CIVIL ACTION |
|     Plaintiff, : | |
| : | |
| vs. : | NO. 05 858 (JFF) |
| : | |
| INDIAN RIVER SCHOOL DISTRICT, : | |
| EDiS COMPANY and : | JURY TRIAL DEMAND |
| BECKER MORGAN GROUP, INC. : | |
|     Defendants. : | |

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF
CHRISTIAN McCONE PURSUANT TO DELAWARE LOCAL RULE 37.1**

Plaintiff RLI Insurance Company (hereinafter "RLI"), by and through its counsel of record, Harry R. Blackburn & Associates, P.C., respectfully requests that this Honorable Court issue an Order directing Defendant EDiS Company (hereinafter "EDiS) to produce for discovery deposition its employee and project manager, Christian McCone, and in support thereof avers the following:

1.  The Court entered a Rule 16 Scheduling Order in this matter on July 13, 2006 (D.I. 25).

2.  The Rule 16 Case Scheduling Order was amended twice by stipulation of the parties (D.I. 36 and D.I. 83). The second stipulation, approved by the Court on April 27, 2007, provided in pertinent part that fact discovery was to be completed by June 6, 2007. That same stipulation noted that the parties had agreed to participate in mediation of their claims on June 14 and 15, 2007, and that the deposition of one fact witness, Christian McCone, could only be taken on June 6, 2007 because he was at that time deployed in Iraq.

3.  On April 24, 2007, counsel for EDiS confirmed Mr. McCone's availability for June 4 and 5, 2007. The deposition was set for those dates, running each day from 8:00 a.m. to 12 p.m. E.S.T. due to the time difference.

4.  On May 17, 2007, EDiS' counsel advised that the cost for the teleconferencing necessary to take Mr. McCone's deposition would be $15,000.00.

5.  In part because of the high cost, and in part because of the pending mediation and the

possibility that the case would be resolved, the Parties jointly agreed to defer the deposition in order to see whether the mediation would be successful.

6. When mediation was unsuccessful in resolving the matter at that time, counsel for RLI emailed Victoria Petrone, Esquire on June 18, 2007 requesting dates for Mr. McCone's deposition. See attached Exhibit 1.

7. On July 5, 2007, Ms. Petrone responded that Defendants were not prepared to take Mr. McCone's "trial deposition" at that time and suggested doing so after expert reports were completed. See attached Exhibit 2.

8. By letter dated July 10, 2007, counsel for RLI wrote to Donald Logan, Esquire, counsel for EDiS, once again requesting dates for Mr. McCone's deposition. See attached Exhibit 3.

9. By letter dated September 11, 2007 addressed to K. Gerard Amadio, Esquire, counsel for Indian River School District (hereinafter "IRSD"), RLI's counsel renewed its request for dates for Mr. McCone's deposition, referencing the pre-mediation agreement to produce him in the event mediation was unsuccessful. See attached Exhibit 4.

10. On September 27, 2007, Ms. Petrone responded by email and advised that Mr. McCone was still stationed in Kuwait and had yet to respond to her inquiry concerning a new date. In the balance of that email, Ms. Petrone referenced an attached copy of her May 17, 2007 email concerning the $15,000.00 teleconference fee for the deposition and requested advance payment prior to the as yet to be re-scheduled deposition. Ms. Petrone's September 27, 2007 email referenced the original agreement to take Mr. McCone's deposition over a two-day period; the first day for RLI's discovery deposition, and the second to obtain trial testimony. See attached Exhibit 5.

11. In RLI's Brief in Opposition to the Motions for Summary Judgment of Defendants EDiS and Becker Morgan Group, Inc. (hereinafter "BMG"), filed on October 18, 2007, RLI asserted, in its Statement of the Nature of Proceedings at page 1, that " ... <u>fact</u> <u>discovery</u> is largely complete with the

exception of the deposition of Christian McCone, ... who the parties have agreed to be deposed by videoconferencing on a date yet to be scheduled." (Emphasis added.) (D.I. 95)

12.  Defendants filed reply briefs with respect to the motions for summary judgment; none took issue with the above-quoted statement from RLI's Brief. See D.I. 101 (EDiS); D.I. 102 ((IRSD); and D.I.103 (BMG).

13.  On November 7, 2007, RLI's counsel responded to an email from Kevin Amadio concerning expert depositions and added a follow up request to Ms. Petrone to advise of the status of scheduling the McCone deposition. See attached Exhibit 6.

14.  On November 9, 2007, Mr. Amadio, on behalf of IRSD, asserted for the first time since the completion of mediation in mid-June, 2007, that RLI had waived the right to take Mr. McCone's discovery deposition.

15.  On November 9, 2007, RLI's counsel responded via email that it had been RLI's position since prior to the mediation that Mr. McCone's deposition pre-mediation was deferred pending the outcome of that process, not waived entirely. Counsel noted that RLI had requested dates for Mr. McCone's deposition on multiple occasions and at no point prior was it ever asserted that RLI had waived the deposition. See attached Exhibit 7.

16.  Mr. Amadio responded on November 12, 2007 attaching copies of emails exchanged between the parties on May 17 and 18, 2007. See attached Exhibit 8.

17.  On November 14, 2007, counsel for RLI wrote to Mr. Amadio, reiterating RLI's position that RLI had never waived Mr. McCone's discovery deposition. See attached Exhibit 9.

18.  On November 19, 2007, RLI's counsel emailed Ms. Petrone, requesting dates for Mr. McCone's deposition. Ms. Petrone responded on November 20, 2007 that Mr. McCone had returned to the United States and would be "generally available" after December 9, 2007. See attached Exhibit 10.

19.  On November 20, 2007, RLI's counsel responded to Ms. Petrone and listed six (6)

potential dates for Mr. McCone's deposition. See attached Exhibit 11.

20. On December 18, 2007, counsel for RLI wrote to defense counsel on the subject of the Court's Memorandum Opinion of December 4, 2007 regarding the Motion in Limine to strike the PCM expert report. In that letter, RLI's counsel also reiterated the request for dates for Mr. McCone's deposition and suggested new dates in January, 2008. See attached Exhibit 12.

21. On January 7, 2008, Ms. Petrone sent an email to RLI's counsel and asserted for the first time that EDiS agreed with the position taken by IRSD in November, 2007 that RLI had waived the McCone deposition. See attached Exhibit 13.

22. On January 11, 2008, RLI's counsel wrote to Ms. Petrone, reiterating the history cited above and requested that defense counsel reconsider their position and voluntarily produce Mr. McCone. (See attached Exhibit 14.) However, defense counsel has declined to do so.

23. Defendants will suffer no prejudice if this Motion is granted. Mr. McCone is back in the area and working for EDiS again. The trial is more than five (5) months away. The parties have agreed to a second round of mediation on April 4, 2008. Furthermore, Mr. McCone is a central figure in this case, having served as EDiS' project manager at Sussex Central for all of the relevant time periods.

24. It is respectfully submitted that RLI has demonstrated substantial justification for the delay concerning this single remaining item of fact discovery, and allowing this deposition will not interfere with the trial date or pending summary judgment motions. *Tulip Computers International v. Dell Computer Corp.*, 2002 U.S. Dist. LEXIS 7792 (D.Del.2002); *Johnson v. Thru Point, Inc.*, 160 Fed. appx. 159 (3rd Cir. 2005).

      ABER, GOLDLUST, BAKER & OVER

      /s/ Perry F. Goldlust
      PERRY F. GOLDLUST (DSB #770)
      SAAGAR B. SHAH (DSB #4148)
      702 King Street, Suite 600

                                                                             P.O. Box 1675  
                                                         Wilmington, DE 19899-1675  
                                                             (302) 472-4900  
                                                       pgoldlust@gablawde.com  
                                                        sshah@gablawde.com  
                                                        Attorneys for Plaintiff

DATED: February 19, 2008

Q:\RLI Surety.729\McDaniel.004\Indian River\Discovery\Motion to Compel McCone Deposition.wpd