IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
RENEWED MOTION IN LIMINE
TO STRIKE PLAINTIFF'S EXPERT REPORT AND EXCLUDE TESTIMONY**

Defendant Indian River School District renews its motion in limine to strike the expert report served by plaintiff RLI Insurance Company and prepared by Damien Cassin of Progressive Construction Management, Inc. and to exclude Mr. Cassin from testifying at trial for the reasons set forth herein.

*The PCM Report Omits Information Required by Rule 26(a)(2)(A)*

1.    On December 4, 2007, the Court granted IRSD's previous motion in limine to strike Mr. Cassin's initial report but granted RLI the opportunity to correct the report's deficiencies. Specifically, the Court ruled:

> [S]hould RLI choose to remedy the deficiencies of Mr. Cassin's Report, RLI is required to provide Defendants with a straight-forward statement of the data or other information considered by Mr. Cassin in forming his opinions, as well as any exhibits to be used as a summary of or in support of his opinions. Further, RLI is required to address the Report's substantive failings by redacting the McDaniel's damages calculations, and by identifying with greater clarity and precision the analysis methodology.

2.    On February 4, 2008, RLI served a revised report from Mr. Cassin.

3. The revised report fails to conform to the Court's Order because it omits the following elements expressly required by the Court's Order:

- The report has no statement (straight-forward or otherwise) of the data or other information considered by Mr. Cassin in forming his opinions;
- The report was served without any exhibits. A week after the report was served, RLI produced 135 of the 247 exhibits referenced in the report. The remaining 112 have not been produced.
- The report does not identify with greater clarity and precision the analysis methodology.

4. Rather than explaining the basis for his original findings, Mr. Cassin's new report changes them. The Court's December 4, 2007 Order did not authorize these changes, and neither does applicable law, as explained in the accompanying Brief.

5. The Court's December 4, 2007 Memorandum permitted IRSD to recover its expenses incurred in preparing a subsequent motion to strike, if RLl is unable to remedy the Report's deficiencies.

6. IRSD requests that should the Court grant its motion, it be permitted to submit its fees and expenses incurred in preparing this motion to the court within ten business days of the date the court enters its order striking the Report.

WHEREFORE, defendant Indian River School District respectfully requests that the Court order that the PCM Report be stricken, that Damien Cassin be precluded from providing any testimony at trial, and that plaintiff be ordered to reimburse RLI for its expenses in preparing this motion to strike.

        Respectfully Submitted,

        **SEITZ, VAN OGTROP & GREEN, P.A.**

        **/s/ James S. Green**
        **JAMES S. GREEN, ESQ. (DE0481)**
        **jgreen@svglaw.com**
        222 Delaware Avenue, Suite 1500
        P. O. Box 68
        Wilmington, DE  19899
        (302) 888-0600
        Attorneys for Defendant
        Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322