IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____

| | )  |
|---|---|
| RLI INSURANCE COMPANY | ) Civil Action No.: 05-858-JJF |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| INDIAN RIVER SCHOOL DISTRICT, | ) |
| EDIS COMPANY AND BECKER MORGAN | ) |
| GROUP, INC. | ) |
| Defendants. | ) |

_____

**DEFENDANT EDIS COMPANY'S ANSWER IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION OF CHRISTIAN McCONE**

COMES NOW Defendant EDiS Company, by and through its undersigned counsel, and opposes Plaintiff's Motion to Compel the Deposition of Christian McCone, and in support thereof offers the following, to wit:

1.  By a second Stipulation filed on April 27, 2007, the parties jointly requested an extension to the deadline for completing factual depositions until June 6, 2007. D.I. 83. The Court granted the requested extension on May 8, 2007.

2.  Christian McCone was the project manager for Defendant EDiS Company ("EDiS") for the construction project at issue in the litigation. During the final stages of the project, McCone was deployed to Kuwait with the United States Army Reserve.

3.  McCone anticipated continued deployment through trial, therefore, his videotaped trial deposition was set by the parties for June 4 and 5, 2007, running from 8:00 a.m. to 12:00 p.m. to accommodate the seven hour time difference. It was proposed that Plaintiff would take trial testimony on the first day and defendants would take testimony on the second day. See Exhibit A, May 17, 2007 email from Victoria Petrone, Esquire to counsel.

4.    Counsel for Indian River School District ("IRSD") agreed with the proposed split of time for questioning, but also proposed that if RLI Insurance Company ("RLI") did not require a discovery deposition of McCone, his trial deposition could be deferred until closer to the trial date. See Exhibit B, May 17, 2007 email from Kevin Amadio, Esquire to counsel.

5.    Counsel for RLI agreed to "forgo the discovery deposition of Mr. McCone." See Exhibit C, May 17, 2007 email from John Shields, Esquire to counsel.

6.    Counsel for IRSD confirmed the agreement that McCone's deposition would be cancelled and a trial deposition would be scheduled closer to trial. See Exhibit D, May 18, 2007 email from Kevin Amadio, Esquire to counsel.

7.    In July, 2007, counsel for RLI requested dates for the trial deposition of McCone, however, counsel for EDiS advised that it would prefer to wait until after expert reports and depositions so as to be better prepared to take the trial deposition. See, Exhibit 2 to RLI Motion.

8.    After the exchange of expert reports, counsel for RLI requested dates for the trial deposition of McCone. On September 27, 2007, counsel for EDiS advised that efforts to reach McCone in Kuwait had been unsuccessful, but that continued effort would be made. See, Exhibit E, September 27, 2007 email from Victoria Petrone, Esquire to counsel.

9.    On November 8, 2007, counsel for EDiS determined that McCone was back in the United States, however, still deployed and his future stationing was unknown. Counsel for IRSD responded that if McCone would be available for trial, a trial deposition would be unnecessary. See Exhibit F, email exchange.

10.    Counsel for RLI responded with a request for a discovery deposition of McCone, to which counsel for IRSD responded by reminding counsel for RLI of the earlier exchanges concerning the waiver of a discovery deposition. See, Exhibit G, email exchange.

11. Counsel for EDiS then determined that McCone's tour was ending and he would return to work at EDiS as of December 9, 2007. See, Exhibit H, November 20, 2007 email from Victoria Petrone, Esquire to counsel.

12. Counsel for RLI again requested the discovery deposition of McCone, to which counsel for EDiS responded, as counsel for IRSD had done, by reminding counsel for RLI of the earlier exchanges in which RLI agree to "forgo" the discovery deposition of McCone. Further, since he would be available for trial, the trial deposition of McCone was no longer necessary. See, Exhibit I, January 7, 2008 email from Victoria Petrone, Esquire to counsel.

13. After further correspondence between counsel for RLI and counsel for IRSD, which generally restated the same arguments concerning McCone's trial deposition, RLI filed its Motion on February 19, 2008. D.I. 124.

14. RLI explicitly waived the discovery deposition of McCone and its Motion should be denied.

15. Although the parties agreed to take the trial deposition of McCone prior to trial, due only to his anticipated unavailability for trial, McCone is now available for trial and so a trial deposition is no longer necessary or appropriate.

16. RLI's request violates the Scheduling Order because the discovery deadline expired over eight months ago. RLI has not moved for an extension. Any effort to do so would violate D.Del.LR. 16.4, because such requests must be made prior to the expiration of the deadline. RLI's Motion is therefore untimely and fails to account for the Court's standing Order that discovery was to be completed by June 6, 2007. RLI's request is also untimely because defense counsel have advised RLI since at least November, 2007 that they would not consent to the deposition of McCone.

3

17. A pretrial scheduling order may be modified only upon a showing of good cause and by leave of the Court. F.R.C.P. 16(b). RLI has known about the role McCone played in the project since before the litigation commenced. RLI chose to "forgo the discovery deposition of Mr. McCone" and has not shown good cause for the Court to grant an extension for RLI to do so now.

18. Federal Courts have repeatedly rejected untimely motions to compel discovery. Days Inn Worldwide, Inc. v. Sonia Investments, 237 F.R.D. 395, 399 (N.D. Tex. 2006), citing Wells v. Sears Roebuck and Co., 203 F.R.D. 240, 241 (S.D.Miss 2001)("requester of discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril") and Suntrust Bank v. Blue Water Fiber, L.P., 210 F.R.D. 196, 200-1 (E.D.Mich. 2002)(failure to promptly enforce discovery rights constitutes waiver of such rights).

19. The Days Inn Opinion is particularly instructive as the District Court cites over fifteen cases from across the country in which motions to compel were denied as untimely, including situations as here, when the movant knew of the need for the discovery prior to the deadline and the motion was filed after the discovery deadline and after summary judgment motions were filed. Days Inn, 237 F.R.D. at 397.

20. The case offered by RLI in support of its Motion holds that untimely discovery is disfavored without substantial justification for the delay. Johnson v. Thru-Point, Inc. 160 Fed. Appx. 159 at *3 (C.A. 3 (N.J.) 2005))(also cited by this Court in its denial of RLI's Motion to Compel concerning electronic discovery). Here, RLI has not offered substantial justification for the delay to the discovery sought. The reasons RLI offered for cancelling the timely-scheduled deposition are that RLI wished to avoid the cost and mediation was pending. Motion, Para. 5. This does not constitute "substantial justification."

21. RLI argues that the deposition of McCone will not prejudice the defendants,

however, it is expected that RLI will attempt to bootstrap its opposition to the defendants' pending motions for summary judgment, engage in motion practice or pretrial maneuvers. The fact that there is time before trial does not make the violation of the explicit deadlines of the Scheduling Order acceptable. See Finwall v. City of Chicago, 239 F.R.D. 504 (N.D.Ill.,2006) and Finch v. Hercules, Inc., 1995 WL 785100 at *9 (D.Del.)(the "flouting of discovery deadlines causes substantial harm to the judicial system.")(citation omitted).

22. In summary, RLI explicitly waived the discovery deposition of McCone and is not entitled to take it now, after the close of fact discovery, the exchange of expert reports, almost three months after the pretrial conference and during the pendency of summary judgment motions and trial. RLI has not offered anything to justify the delay and its Motion must be denied.

WHEREFORE, Defendant EDiS Company respectfully requests that the Court deny Plaintiff's Motion to Compel the Deposition of Christian McCone.

LOGAN & ASSOCIATES, LLC

　/s/ Donald L. Logan　　　　
Donald L. Logan, Esquire (DE ID  2604)
Victoria K. Petrone, Esquire (DE ID 4210)
One Corporate Commons
100 W. Commons Blvd., Suite 300
New Castle, Delaware 19720
(302) 655-8000
(302) 655-8005 (fax)
Dlogan@loganllc.com
Vpetrone@loganllc.com
*Attorneys for EDiS Company*

Dated: March 4, 2008