IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
ANSWER IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
THE DEPOSITION OF CHRISTIAN McCONE**


Dated: March 7, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600

*Attorneys for Defendant
Indian River School District*

Of Counsel:

K. Gerard Amadio, Esquire (*pro hac vice*)
Patrick A. Costello, Esquire (DE Bar #4535)
Venzie, Phillips & Warshawer, P.C.
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

63872 v1

Defendant Indian River School District ("IRSD"), through its undersigned attorneys, opposes Plaintiff RLI Insurance Company's Motion to Compel the Deposition of Christian McCone (D.I. 124) for the reasons that follow:

1. RLI's Motion is untimely and should be denied. The Court's Scheduling Order (D.I. 83) required fact discovery to be completed by June 6, 2007. RLI's motion seeking to compel another discovery deposition was filed on February 19, 2008, over eight months' too late.

2. Local Rule 16.4 provides that a request for an extension of discovery deadlines must be made prior to the expiration of the discovery deadline. RLI failed to seek an extension of fact discovery prior to the Court's June 6, 2007 deadline in violation of Local Rules. This is the second time that RLI has filed an untimely discovery motion after a discovery cut-off date. In a Memorandum Order dated October 23, 2007, this Court already denied RLI's previous attempt to seek untimely discovery. (See D.I. 96) (decision concerning e-discovery documents.) RLI's current motion to compel should also be denied for similar reasons.

3. Christian McCone served as the project manager for defendant EDiS Company ("EDiS") on the construction project at issue in this litigation. Mr. McCone was later deployed to Kuwait with the United States Army Reserve, and he anticipated that his deployment would continue through trial. As a result, the parties discussed taking Mr. McCone's trial deposition via videophone and his deposition was set for June 4 and 5, 2007.[1]

4. Several weeks before factual discovery ended, counsel for RLI advised counsel for the defendants that RLI was considering withdrawing its request for Mr. McCone's deposition.[2]

---

[1] See Emails among counsel dated 4/4/07, 4/16/07, 4/17/07 and 5/17/07 (attached hereto as Exh. 1).
[2] See Email from Kevin Amadio, Esq. to counsel dated 5/10/07 (attached hereto as Exh. 2).

1

Counsel for IRSD proposed "if RLI decides that it does not need Mr. McCone's deposition for discovery purposes, that we agree to take his trial testimony at a later date . . . ."[3]

5. During these discussions among counsel and prior to the expiration of fact discovery, counsel for RLI expressly stated: **"We agree to forgo the discovery deposition of Mr. McCone."**[4] This statement is conspicuously absent from RLI's motion exhibits. On the following day, counsel for IRSD confirmed with all counsel that Mr. McCone's discovery deposition was being cancelled and his trial testimony would be taken at a later date.[5]

6. The plethora of emails that all parties have attached concerning this motion center upon one crucial fact: Mr. McCone was expected to be unavailable during the trial of this case and his deposition was needed to preserve his *trial* testimony. However, now that Mr. McCone is back in the United States and is available for trial, his deposition is unnecessary.

7. Furthermore, in light of (a) the expiration of the fact discovery deadline over eight months ago, (b) RLI expressly choosing to forgo Mr. McCone's discovery deposition prior to that deadline, (c) the previous exchange of expert reports, (d) the completion of summary judgment briefing several months ago and (e) RLI's failure to raise this issue in the agreed Pretrial Order, the taking Mr. McCone's deposition at this late stage of the litigation is unwarranted.

8. RLI offers no proper justification for the delay or reason why Mr. McCone's discovery deposition could not have been obtained during the regular discovery period. See Johnson v. Thru Point, Inc., NO. 04-3386, 2005 WL 3477549, at *3 (3d Cir. Dec. 20, 2005)

---

[3] See Email from Kevin Amadio, Esq. to counsel dated 5/17/07 (attached hereto as Exh. 3).
[4] See Email from John Shields, Esq. to counsel dated 5/17/07 (attached hereto as Exh. 4) (emphasis added).
[5] See Email from Kevin Amadio, Esq. to counsel dated 5/18/07 (attached hereto as Exh. 5).

("Untimely amendments and discovery are disfavored where the movant offers no justification for the delay.") (quoted in this Court's October 23, 2007 Memorandum Order, D.I. 96 at 3-4)

9. Although Mr. McCone was deployed in Kuwait for several months, arrangements had been made to take his discovery deposition prior to the discovery deadline of June 6, 2007. RLI then voluntarily chose to waive and "forgo" that discovery deposition.[6]

10. RLI has failed to provide a compelling reason to re-open fact discovery in this case. The parties suggested splitting the $15,000 cost for the videophone deposition of Mr. McCone with RLI to pay only half of that amount, and a desire to avoid such cost alone does not justify re-opening discovery several months after the deadline. Prior to the June 6, 2007 discovery cut-off, RLI was presented with a choice. Either make the expenditure to obtain Mr. McCone's discovery deposition or forego his discovery deposition and only obtain his trial testimony at a later date (or hope that the case would settle prior to trial). RLI unequivocally chose to "forgo the discovery deposition of Mr. McCone."[7]

11. RLI was aware in mid-November 2007 that a dispute existed concerning Mr. McCone's discovery deposition.[8] When RLI later signed and filed a proposed Pretrial Order on November 30, 2007 (D.I. 111), RLI failed to raise this issue in the Pretrial Order.[9] Moreover, RLI failed to seek relief from the Court until three months later.[10] Such dilatory conduct should not be rewarded. As noted by other federal district courts:

> Motions to compel must be brought in a timely manner. [citation omitted]

---

[6] See Exh. 4 attached hereto.
[7] See Exh. 4 attached hereto.
[8] See Communications among counsel dated 11/8/07, 11/9/07, 11/12/07, 11/14/07, 11/15/07 and 11/20/07 (attached hereto as Exh. 6).
[9] The agreed upon Pretrial Order contains the following significant statement: "Counsel acknowledge that this Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice." This language is required by Local Rule 16.3(d)(4).
[10] Following the November exchange, counsel again discussed this dispute in early and mid-January, 2008 (see correspondence attached hereto as Exh. 7), but RLI still waited until February 19, 2008 to file its discovery motion.

> ("[A] motion to compel filed more than two months after the discovery cutoff is clearly untimely."); Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) (in case where motion to compel was filed nearly three months before scheduled trial date, court held that "[a] party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

Pushko v. Klebener, 2007 WL 2671263 at *2 (M.D. Fla. Sept. 7, 2007); see also Johnson v. Thru Point, Inc., supra. Accordingly, RLI's motion to compel is untimely and should be denied.

12. Significantly, RLI will not be prejudiced if its Motion to Compel is denied. After having chosen to forego the discovery deposition, RLI was limited to taking Mr. McCone's *trial testimony*, without the aid of a prior deposition. This trial testimony was going to be captured via videophone if Mr. McCone remained deployed and was unavailable for the trial date. Now that he is available for trial, RLI has the *same opportunity* to take Mr. McCone's *trial testimony* without the aid of a prior deposition, except that this testimony will now be obtained in court at trial and not by videophone. Denying RLI's motion does not cause any prejudice because RLI is in the same position it was in when it chose to voluntarily forego the discovery deposition.

13. On the other hand, IRSD will be prejudiced if RLI's Motion is granted. Summary judgment motions, expert reports, and an agreed pretrial order have all been prepared, exchanged and submitted based upon the factual record developed in the discovery period that ended June 6, 2007. That record is now closed for all pretrial purposes. Allowing Plaintiff to supplement the discovery record at such a late stage is unwarranted and would prejudice the Defendants because they would be compelled to unnecessarily spend more money and time on discovery and additional briefing, well after the deadlines. Such delay may hinder trial preparation.

14. For the foregoing reasons and the reasons stated by defendant EDiS (D.I. 128), RLI's motion to compel Mr. McCone's deposition (D.I. 124) should be denied in its entirety.

Respectfully Submitted,

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE Bar # 481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for Defendant
Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire (*pro hac vice*)
Patrick A. Costello, Esquire (DE Bar #4535)
Venzie, Phillips & Warshawer, P.C.
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

## CERTIFICATE OF SERVICE

I, James S. Green, Esquire, hereby certify that on this 7th day of March, 2008, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ James S. Green
**JAMES S. GREEN, ESQ. (DE Bar # 481)**

63872 v1