IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION |
| : | NO. 05-858 |
| INDIAN RIVER SCHOOL DISTRICT : | |
| and : | |
| EDiS COMPANY : | JURY TRIAL DEMAND |
| and : | |
| BECKER MORGAN GROUP, INC. : | |
| : | |
| Defendants. : | |

**PLAINTIFF RLI INSURANCE COMPANY'S ANSWER
TO DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
RENEWED MOTION IN LIMINE TO STRIKE PLAINTIFF'S
<u>EXPERT REPORT AND TO EXCLUDE TESTIMONY</u>**

Plaintiff, RLI Insurance Company ("RLI"), hereby files this response to Defendant Indian River School District's ("IRSD") Renewed Motion in Limine to Strike the expert report of Progressive Construction Management, Inc. ("PCM") and to exclude the expert witness, Damian Cassin, from testifying at trial. Plaintiff RLI respectfully requests that the Defendant IRSD's Renewed Motion be denied for the following reasons:

1. Admitted. By way of further answer, the Revised PCM report complies with and fully satisfies the requirements of the Court's December 4, 2007 Order and Opinion. The Revised PCM report also complies with **<u>Daubert</u>** and Rule of Evidence 702.

2. Admitted.

1

3.   Denied as stated.  It is denied that the Court's Order has been violated by RLI or by PCM.  By way of additional response, all documents relied upon by PCM in reaching its opinions are described in the opening paragraphs of the revised report:

**MATERIALS REVIEWED AND RELIED UPON**

> In preparing this report, I have reviewed documents produced though discovery by the parties hereto on several occasions throughout the preparation of this report. The documents that I have relied upon in reaching my conclusions are attached as Exhibits to my report, an appendix of which accompanies the Exhibits.  I have also relied upon the electronic information which accompanied the email transmittal of this report to Harry R. Blackburn & Associates, P.C. on this date.

The documents relied upon by PCM in reaching its conclusions within the revised expert report has been produced by the defendants herein through the course of discovery and identified in an Appendix which accompanied production of the exhibits.  A copy of the PCM Appendix is attached to the Plaintiff's Answering Brief in Support of Its Response as Exhibit "B."

It is denied that "135 of the 247" exhibits were not produced.  It is admitted that certain exhibits were not produced, however, these several exhibits were not relied upon by PCM as a summary of or in support of his opinions.  Additionally, IRSD's claims are exaggerated, as the revised PCM report identifies as exhibits reference points within the body of the report that refer back to previously a identified and produced exhibit.  For example:

| 68. | Ref: 3/03 - EDiS - IRSD monthly project report (EX. 64) | 22 |
| --- | --- | --- |
| 69. | 3/4/03 - 13th Progress meeting - Minutes | 22 |
| 70. | 3/18/03 - EDiS Progress meeting notes | 22 |
| 71. | Ref: NDK - footings and pieces (EX 70) | 22 |

In the above example, the reference to Exhibit 68 refers ("Ref.") to Exhibit 64.  Exhibit 71 references the March 18, 2003 EDiS Progress meeting notes (Exhibit 70).  Referenced items

were not reproduced in the accompanying exhibits as a matter of common sense and economy. Additionally, several of the exhibits were produced contemporaneously with the report in electronic format, both in their native format used by Mr. Cassin and in .pdf format for counsels' reference.

      Further, the revised report does identify with sufficient clarity and precision the overarching methodology employed by PCM in reaching its conclusions. Mr. Cassin sufficiently sets forth the factors he considered to support his opinions and in reaching his conclusions. The overarching methodology is what factors he considered in inserting data into the scheduling program to determine the effect of any delays on McDaniel's work caused by McDaniel itself or through delays caused by others beyond McDaniel's control. The majority of the data used by PCM was determined through the use of EDiS' schedule updates which were produced on numerous occasions throughout the project from its inception through McDaniel's termination in 2004. The underlying methodology implemented by PCM satisfies the Court's Order and the mandates of its Opinion.

      4.      Denied. It is specifically denied that the revised PCM Report makes changes not permitted by the Court's Order. Initially, IRSD, in its initial motion in limine complained that the first PCM report contained an myriad of issues that violated *Daubert*, Rule 702 and the common law relief to which RLI would be entitled. The gist of IRSD's argument was that PCM implemented the wrong analysis and set forth the improper conclusions, i.e., monetary damages sustained by McDaniel as a result of the termination. The Court agreed with IRSD to a degree and permitted PCM to 'correct' its report by setting forth the principles and overarching methodology used in reaching its conclusions. The revised report does this and, although varying and different from its initial report, complies with what PCM was permitted to do by the Court.

3

The Court's December 4, 2007 Memorandum Opinion stated that PCM was permitted to amend the report:

Since RLI contends that Mr. Cassin applied critical path methodology, Mr. Cassin should more clearly identify the critical path at the start of the Project in his discussion of the initial schedule, and throughout his entire analysis.

The revised report does exactly this, as it discusses the principles, considerations and methods used in reaching the conclusion that the PCM report states on pages 80 through 109 under a section entitled "Analysis of the Critical Path at the Irsd Project Based upon the Foregoing Factual and Scheduling Timeline."

As the Court stated in its Memorandum Opinion, a "judge should find an expert opinion reliable under Rule 702 if it is based on 'good grounds,' *i.e.,* if it is based on the methods and procedures of science." ... Under Daubert, "the focus ... must be solely on principles and methodology, not on the conclusions they generate." (Citations omitted.) *See* Memorandum Opinion at page 14.

In this case, the revised PCM report is based upon the generally accepted methods and procedures of construction management through the implementation of computer based data used to determine a project's critical path. The principles of critical path analysis upon which PCM relied was based upon baseline schedules prepared by EDiS and/or BMG. PCM used the baseline of November 18, 2002, in this subsequent analysis "as the baseline for this comparison the schedule asserted by EDiS/IRSD to be the baseline..." *See* revised PCM report, page 110.

The defendants complained that PCM's first report was deficient due to its failure to take into account and consideration of the November 18, 2002 schedule update, which they, through their own experts, maintain is controlling, yet when PCM uses what they "want", the argue that

the analysis is flawed.  If PCM's analysis is as flawed as the defendants maintain, then counsel's effective cross-examination of Mr. Cassin will bring this to fact to light, however, in the interim, they cannot complain that the revised report is lacking clarity and precision.

To the contrary, the revised report provides the clarity and precision lacking from the first PCM report.  The original PCM report set forth the analysis implemented by PCM in determining the critical path in order to inform the trier of fact as to causes for delay that were not of McDaniel's doing.  Since these delays were not attributable to McDaniel's acts and omissions, the owner's termination of McDaniel and the making of overpayments and advance payments on McDaniel's behalf clearly show that the owner was in default under the terms and conditions of the performance bond.  The revised report refines and details the manner in which the original conclusions, that McDaniel was delayed through no fault of its own, were rendered. Simply because an new schedule, one which the defendants maintain controls, was also used in the revised report does not make the report contrary to the Court's directives, in fact, this revisited analysis brings it into direct compliance with the December 4, 2007 Memorandum Opinion.

5. Admitted as to the references to the Court's Order.  It is denied that moving defendants are entitled to attorneys' fees and expenses incurred, as PCM has not failed in it compliance with what is required of its revised report.

6. It is denied that IRSD or any other defendant should be permitted to recoup its fees and expenses in bringing this renewed motion in limine before the Court, as RLI, through its production of the revised PCM report has complied with the December 4, 2007 Court Order and, therefore, IRSD's motion should be denied in its entirety and with prejudice.

WHEREFORE, Plaintiff RLI Insurance Company respectfully requests that this Honorable Court deny Defendant Indian River School District's Renewed Motion in Limine to strike the PCM Report and preclude the expert witness, Damian Cassin, from testifying at trial and to deny moving defendant's request for permission to submit its fees and expenses to the Court for its approval.

Respectfully submitted:

**ABER, GOLDLUST, BAKER & OVER**

/s/Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
702 King Street, P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
pgoldlust@gablawde.com
*Attorneys for Plaintiff RLI Insurance Company*

DATE: March 14, 2008

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**HARRY R. BLACKBURN & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

Client/Blackburn/RLI/3-14-08 Filing/2nd RLI Answer