IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY <br><br> Plaintiff, <br><br> vs. <br><br> INDIAN RIVER SCHOOL DISTRICT, <br> EDiS COMPANY, and <br> BECKER MORGAN GROUP, INC. <br><br> Defendants. | : <br> : <br> : <br> : <br> : CIVIL ACTION <br> : NO. 05-858-JFF <br> : <br> : JURY TRIAL DEMAND <br> : <br> : <br> : <br> : |

# PLAINTIFF RLI INSURANCE COMPANY'S
# REPLY BRIEF IN SUPPORT OF
# THE MOTION TO COMPEL
# THE DEPOSITION OF CHRISTIAN McCONE

**ABER, GOLDLUST, BAKER & OVER**

PERRY F. GOLDLUST (DSB #770)
SAAGAR B. SHAH (DSB #4148)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
pgoldlust@gablawde.com
sshah@gablawde.com
*ATTORNEYS FOR PLAINTIFF*

DATE: March 20, 2008

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**HARRY R. BLACKBURN & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

## TABLE OF CONTENTS

                                                                                                   Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

Reply Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

## TABLE OF AUTHORITIES

Page

Days Inn Worldwide, Inc. v. Sonia Investments, .................................. 2
237 FRD 395, 398 (N.D. Texas 2006)

F.R.C.P. 37 ............................................................. 2

**REPLY ARGUMENT**

Plaintiff RLI's Motion to Compel the Deposition of Christian McCone, an EDiS Company ("EDiS") employee who was the project manager for the Sussex Central High School at all times relevant to this lawsuit, has been opposed by EDiS, as well as by the Indian River School District ("IRSD") itself. The remaining Defendant, Becker Morgan Group ("Becker Morgan") has not opposed the Motion. RLI hereby submits its reply in response to the opposition of EDiS and IRSD.

EDiS and IRSD essentially present the same two arguments: (1) that RLI waived its right to take the discovery deposition of Mr. McCone; and (2) the Motion to Compel is untimely and RLI has offered no justification for the delay in bringing this Motion. It is respectfully submitted that both of these arguments have no merit.

The Defendants in their opposition place heavy reliance on the statement by RLI's counsel in May, 2007 during discussions of the scheduling of the McCone deposition and the mediation wherein RLI's counsel stated, "We agree to forego the discovery deposition of Mr. McCone." It is noteworthy that neither counsel recite in their opposition the sentence which immediately follows: "If mediation is unsuccessful, we can reschedule him." As the Court is aware, the mediation scheduled on the 14th and 15th was not successful in resolving the case. June 15, 2007 was a Friday. RLI's counsel first requested new dates from EDiS to depose Mr. McCone on the following Monday, June 18, 2007.

The opposition of the defendants never addresses the question of why <u>no</u> defendant asserted that RLI had waived the right to take a discovery deposition of Mr. McCone between June 18, 2007 and November 9, 2007, when IRSD's counsel asserted, for the first time, that no

1

agreement to take Mr. McCone's discovery deposition had been made. Defendants offer no explanation as to why this claim of waiver was not raised in response to multiple requests for new dates submitted by RLI's counsel in June, July, September, and October, 2007. Neither do they explain why they did not take issue with the explicit description by RLI of an agreement between the parties to take the fact deposition of Mr. McCone on a date yet to be scheduled which was contained in RLI's Brief in opposition to EDiS' Motion for Summary Judgment, filed with the Court on October 18, 2007 (D.I. 95).

In addition, while EDiS and IRSD assert that this Motion is untimely, it should be noted that counsel for EDiS, Mr. McCone's employer, remained silent on the issue of RLI's purported waiver until January 7, 2008, when Victoria Petrone stated for the first time that she agreed with the claim made by IRSD's counsel in November, 2007, that RLI had waived the right to take this discovery deposition. Following IRSD's assertion of that position in November, 2007, RLI made multiple attempts through correspondence and email to resolve this issue without the need to involve the Court. RLI was not dilatory in asserting its position; rather it was attempting, albeit unsuccessfully, to remind the Defendants of the agreement previously made and prevail upon them to honor it, as required by F.R.C.P. 37.

The cases cited by Defendants in their opposition make clear that whether to grant or deny a motion to compel discovery after the discovery end date rests within the sound discretion of the Court. *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 FRD 395, 398 (N.D. Texas 2006). In addressing such a motion, courts have considered a number of factors "[I]ncluding (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4)

the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *Id*.

It is respectfully submitted that an assessment of this Motion in conjunction with these factors tilts in favor of allowing the deposition. In this case, the discovery end date was June, 2007, but, as noted above, Christian McCone was in Iraq throughout the discovery period, and the parties had agreed to complete this single item of fact discovery thereafter. (It should be pointed out that the parties were able to complete the fact depositions of all other requested fact witnesses within the discovery period and without need for the intervention of the court.) RLI has known of the significant role of Mr. McCone since the outset of this case, and has actively sought his deposition. It strains credulity to believe that RLI would agree to dispense entirely with the discovery deposition of a witness who played such a critical role in this project.

With respect to Defendants' assertion that this Motion is untimely, it must again be pointed out that EDiS, Mr. McCone's employer, waited seven (7) months (June, 2007 to January , 2008) to assert that it had not agreed to produce Mr. McCone for discovery deposition following the June, 2007 mediation. Upon being so informed, RLI made one last good faith attempt to resolve the dispute without involving the Court (see RLI's letter of January 11, 2008, attached to RLI's Motion to Compel as Exhibit 14.) when EDiS' position remained unchanged, RLI filed this Motion in February, 2008.

With respect to prejudice and disruption of this Court's schedule, it is respectfully submitted that no prejudice or disruption will occur. While IRSD and EDiS both claim that they will be prejudiced, they offer no credible basis for this claim. Defendants' unsupported

conclusory statements that the scheduling of Mr. McCone's deposition, a single day event which will take place in defense counsel's office in Delaware will somehow hinder trial preparation or enable RLI to engage in further motion practice or pretrial maneuvers is entirely speculative and unwarranted.  RLI has not sought the adjournment of the trial date and dispositive motions have already been filed and briefed.  RLI merely seeks to complete the fact discovery it sought at the outset of this case with the deposition of the one remaining key witness who has not been deposed as yet.  RLI simply seeks to have its agreement with the Defendants honored.

WHEREFORE, Plaintiff RLI Insurance Company respectfully requests that this Court grant Plaintiff's Motion to Compel the Deposition of Christian McCone.

**ABER, GOLDLUST, BAKER & OVER**

/s/ Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
SAAGAR B. SHAH (DSB #4148)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899-1675
(302) 472-4900
pgoldlust@gablawde.com
sshah@gablawde.com
Attorneys for Plaintiff

DATED: March 20, 2008

Q:\RLI Surety.729\McDaniel.004\Indian River\Discovery\Motion to Compel McCone Dep\Reply Brief.wpd