IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RLI INSURANCE COMPANY          :
                               :
          Plaintiff,           :
                               :
     v.                        :     Civil Action No. 05-858-JJF
                               :
INDIAN RIVER SCHOOL DISTRICT,  :
EDIS COMPANY, and BECKER MORGAN :
GROUP                          :
                               :
          Defendants.          :

**MEMORANDUM ORDER**

Pending before the Court are Plaintiff's Motion to Compel
the Deposition of Christian McCone (D.I. 124), and Defendant
Indian River School District's Renewed Motion in Limine to Strike
Plaintiff's Expert Report and Exclude Testimony (D.I. 126). For
the reasons discussed, Plaintiff's Motion to Compel will be
denied, and Defendant's Renewed Motion in Limine to Strike will
denied in part and granted in part.

1.   **Plaintiff's Motion to Compel the Deposition of Christian
     McCone (D.I. 124)**

By stipulation of the parties, the deadline for the
completion of discovery in this action was June 6, 2007 (D.I.
83). Pursuant to this stipulation, however, the deposition of
EDiS employee Christian McCone ("Mr. McCone") was scheduled for
June 6, 2007, and the parties agreed to participate in mediation
of their claims on June 14 and 15, 2007.

Mr. McCone, the project manager for the construction project
at issue, was deployed to Kuwait with the United States Army

Reserve in the final stages of the project, and anticipated

continued deployment throughout trial.  Accordingly, the parties

arranged to take his videotaped discovery deposition over the

course of two days, June 4 and 5, 2007.  On May 17, 2007, counsel

for EdiS contacted the parties regarding the cost for

teleconferencing, which was $15,000, and suggested that RLI and

the Defendants split the costs of deposition. On May 17, 2007,

counsel for Indian River School District ("IRSD") suggested:

> if RLI decides it does not need Mr. McCone's deposition
> for discovery purposes, that we agree to take his trial
> testimony at a later date, after the deposition cut-off
> and the mediation, but before trial.  By deferring Mr.
> McCone's testimony to that later time, we can all save
> the expense if the mediation is successful, and in any
> event be better prepared for a trial-level examination.

D.I. 128 at Exh. B. In response, counsel for RLI stated on May

17, 2007, "I agree with [counsel for IRSD]'s suggestion.  *We will*

*forgo the discovery deposition of Mr. McCone.*  If mediation is

unsuccessful, we can reschedule him."  (D.I. 128 at Exh.

C)(emphasis added).   On May 18, 2007, counsel for IRSD stated to

counsel for RLI, counsel for EdiS and counsel for Becker Morgan

Group, Inc.:

> This [email] will confirm that in our conference call
> this morning we agreed that we will cancel Chris
> McCone's discovery deposition.  All counsel have agreed
> that if the mediation is unsuccessful, we will take his
> trial testimony at a later date, after the deposition
> cut-off and the mediation but before trial.

D.I. 128 at Exh. D.

When mediation was unsuccessful, RLI's counsel contacted

counsel for EDiS on multiple occasions, requesting dates for the scheduling of Mr. McCone's deposition.  (D.I. 124 at Exh. 1-3.) EdiS's counsel indicated that Defendants were unprepared to take Mr. McCone's trial deposition at that time, and suggested waiting until the completion of expert reports by the parties. (D.I. 124 at Exh. 2.)

Following the exchange of expert reports, RLI renewed its request for dates for Mr. McCone's deposition, and on September 27, 2007, counsel for EDiS responded that their efforts to reach Mr. McCone in Kuwait had been unsuccessful, but efforts to contact him were continuing. (D.I. 128 at Exh. E.) On November 7, 2007, RLI again requested dates for the scheduling of Mr. McCone's deposition, and on November 8, 2007, EDiS responded that Mr. McCone had returned to the United States.  (D.I. 128 at Exh. F.) Counsel for IRSD then stated that if Mr. McCone would be available for trial in the United States, a trial deposition was unnecessary. (Id.)  RLI objected, contending it had not agreed to waive its right to take a discovery deposition of Mr. McCone, and subsequently filed the present Motion.

The Court will deny RLI's Motion to Compel.  IRDS's counsel's suggestion that the parties agree to take only Mr. McCone's trial deposition was framed by the statement, "if RLI decides it does not need Mr. McCone's deposition for discovery purposes."  RLI's counsel explicitly stated that he agreed with

IRSD's counsel's suggestion.  (D.I. 128 at Exh. C.)  Further, RLI has adduced no evidence indicating that it objected to, or attempted to clarify, IRSD's statement on May 18, 2007 which confirmed the parties' agreement that Mr. McCone's discovery deposition was cancelled, and that the parties would take his trial testimony at a later date if mediation was unsuccessful.

In support of their motion, RLI contends that Defendants waited seven months before asserting that RLI had waived its right to a discovery deposition of Mr. McCone.  However, the record before the Court is clear that up until November 8, 2007, Defendants expected that Mr. McCone would be unavailable during the trial of this action, and accordingly, were attempting to schedule his *trial* deposition.

Having determined that RLI willingly agreed to forego Mr. McCone's discovery deposition, the Court is unwilling to re-open fact discovery, which ended over eight months ago.  Accordingly, RLI's Motion to Compel the Deposition of Christian McCone (D.I. 124) will be denied.

2.   **Defendant Indian River School District's Renewed Motion in Limine to Strike Plaintiff's Expert Report and Exclude Testimony (D.I. 126)**

On December 4, 2007, the Court granted IRSD's previous motion in limine to strike RLI's initial expert report, prepared by Damien Cassin of Progressive Construction Management ("Mr. Cassin"), but allowed RLI the opportunity to correct the report's

deficiencies.  On February 4, 2008, RLI served a revised report prepared by Mr. Cassin (the "revised report").  By their Renewed Motion in Limine, IRSD contends that the revised report fails to conform to the Court's order because: (1) the revised report fails to provide a statement of the data or other information considered by Mr. Cassin in forming his opinions; (2) as of the date IRSD filed its motion, RLI had not produced several of the exhibits referenced in the revised report to IRSD; and (3) the revised report does not identify the analysis methodology with greater clarity and precision. Instead, IRSD contends, the revised report contains a "second completely different analysis" and proffers "completely new and different conclusions, without consent or leave of the court."  (D.I. 127 at 2.)

In his revised report, Mr. Cassin first discusses his originally proposed critical path, but then considers a second critical path, based on the November 2002 schedule that Defendants contend controlled the project.  This supplement reads more like a rebuttal to Defendants' criticisms than like a response to the Court's December 7, 2007 Order, which directed Mr. Cassin to identify with greater clarity and precision the analysis methodology he used in his initial report. The Court also finds persuasive IRSD's contention that if the Court does not strike the new supplemental analysis, IRSD will be prejudiced by having to expend resources to adequately respond to Mr.

Cassin's supplement.

Accordingly, the Court will strike Mr. Cassin's supplement with respect to his analysis of the November 2002 project schedule, but will otherwise allow the revised report.  Also, in accordance with the Court's December 4, 2007 Order, the Court will award IRSD attorneys' fees and expenses incurred in the preparation of its Renewed Motion in Limine (D.I. 126).

Accordingly, IRSD's Renewed Motion in Limine (D.I. 126) will be granted in part, and denied in part.

## ORDER

For the reasons discussed, it is hereby ordered that Plaintiff's Motion to Compel (D.I. 124) is **DENIED**, and Defendant's Renewed Motion in Limine to Strike Plaintiff's Expert Report and Exclude Testimony (D.I. 126) is **DENIED in part**, and **GRANTED in part**, in accordance with this Order.

May 12, 2008
    DATE

UNITED STATES DISTRICT JUDGE