**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN LIMINE TO PRECLUDE THE TRIAL TESTIMONY OF DAMIAN CASSIN**

                                       **SEITZ, VAN OGTROP & GREEN, P.A.**

                                       **/s/ James S. Green, Sr.**
                                       **JAMES S. GREEN, SR., ESQ. (DE0481)**
                                       **jgreen@svglaw.com**
                                       222 Delaware Avenue, Suite 1500
                                       P. O. Box 68
                                       Wilmington, DE  19899
                                       (302) 888-0600

                                       Attorneys for Defendant and Counterclaimant
                                       Indian River School District

Dated:  June 2, 2008

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

Defendant, Indian River School District, by and through its undersigned counsel, moves the court to strike the testimony of Plaintiff's expert, Damian Cassin, for the reasons set forth herein.

1. On July 31, 2007, Plaintiff RLI served its expert report ("July 31 Report") prepared by Damian Cassin ("Mr. Cassin").

2. The subject of the July 31 Report was a critical path analysis using the Pre-Bid Construction Schedule (also previously referred to as the Milestone Schedule) as the Baseline Schedule.

3. On October 15, 2007, Defendant Indian River School District ("IRSD") filed a Motion in Limine to Strike Mr. Cassin's July 31 Report. D. I. 92-93.

4. By Order dated December 4, 2007, the court ruled that the July 31 Report, as drafted, was substantively insufficient to meet the requirements of Rule 702 of the Federal Rules of Evidence and the Daubert standards ("December 4 Order"). D. I. 119.

5. The December 4 Order specifically stated that:

> …the overarching methodology used by Mr. Cassin in his Report is hardly apparent. The bulk of the Report is a poorly-organized time line of project events, with the analysis scattered throughout. Since RLI contends that Mr. Cassin applied critical path methodology, Mr. Cassin should more clearly identify the critical path at the start of the project in his discussion of the initial schedule, and throughout his entire analysis. (D. I. 119 at 16).

> …RLI is required to address the Report's substantive failings by …identifying with greater clarity and precision the analysis methodology. (D. I. 119 at 17).

6. In response to the December 4 Order, RLI served Mr. Cassin's supplemental report dated February 4, 2008 ("February 4 Report").

7.   The February 4 Report failed to address the methodological issues raised in the December 4 Order and instead contained a new analysis calculated from a different Baseline Schedule, the November 18, 2002 project schedule.

8.   In response, on February 29, 2008, IRSD filed a Motion in Limine to Strike the February 4 Report and to strike Mr. Cassin's testimony thereon. (D. I. 126-127).

9.   The court entered an order dated May 12, 2008 striking the portion of the February 4 Report pertinent to the critical path analysis based on the November 18, 2002 Project schedule.  (D. I. 138).

10.   Therefore, Mr. Cassin is precluded from testifying at trial on his critical path analysis developed from the November 18, 2002 Project schedule.

11.   The court, in the December 4 Order, held that Mr. Cassin's methodology relating to the critical path analysis based upon the Pre-Bid Construction Schedule was substantively insufficient.

12.   Since the substantive methodological content of the July 31 Report remains unchanged and insufficient according to the December 4 Order, Mr. Cassin should be precluded from testifying to the critical path analysis developed from the Pre-Bid Construction Schedule.

13.   Since Mr. Cassin is precluded from testifying at trial about either of these critical path analyses, no information remains upon which Mr. Cassin can provide any relevant testimony and therefore he should be precluded from testifying at trial.

14.   Even if Mr. Cassin were not precluded by the order from testifying about the critical path analysis based on the Pre-Bid Construction Schedule, such testimony would be irrelevant.

15. Section 01305 of the Project specifications defines which project schedule is the Baseline Schedule. This section makes it clear that the Pre-Bid Construction Schedule is not the Baseline Schedule.

16. The Baseline Schedule, according to the contract, is the November 18, 2002 Project schedule, which Mr. Cassin has been precluded from testifying about pursuant to the May 12 Order.

17. Any testimony about the critical path analysis based upon the Pre-Bid Construction Schedule is irrelevant, since it is not based upon the Project Baseline Schedule.

18. Therefore, Mr. Cassin should be precluded from testifying at trial.

WHEREFORE, IRSD respectfully requests that the court enter an order precluding Mr. Cassin from testifying at trial.

                    **SEITZ, VAN OGTROP & GREEN, P.A.**

                    **/s/ James S. Green, Sr.**
                    **JAMES S. GREEN, SR., ESQ. (DE0481)**
                    **jgreen@svglaw.com**
                    222 Delaware Avenue, Suite 1500
                    P. O. Box 68
                    Wilmington, DE 19899
                    (302) 888-0600

                    Attorneys for Defendant and Counterclaimant
                    Indian River School District

Dated: June 2, 2008

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322