IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION |
| : | NO. 05-858-JFF |
| INDIAN RIVER SCHOOL DISTRICT, : | |
| EDiS COMPANY, and : | JURY TRIAL DEMAND |
| BECKER MORGAN GROUP, INC. : | |
| : | |
| Defendants. : | |

**PLAINTIFF RLI INSURANCE COMPANY'S RESPONSE TO
DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN
LIMINE TO PRECLUDE THE TRIAL TESTIMONY OF DAMIAN CASSIN**

Plaintiff RLI Insurance Company ("RLI"), by and through its counsel, hereby files this response to Defendant Indian River School District's ("IRSD") Motion in Limine to preclude the testimony of RLI's expert witness, Damian Cassin, and in opposition thereto, states the following:

1. Admitted.

2. Denied as stated. Mr. Cassin's July 31, 2007 Report is a document which speaks for itself and which is a part of the Court record.

3. Admitted.

4. Denied as stated. The Court's December 4, 2007 Opinion and Order speak for themselves. It should be pointed out that the initial report of Damian Cassin was redone in accordance with the Court's Order permitting the same and, thereafter, RLI submitted the revised report prepared by Mr. Cassin on February 4, 2008.

5. Admitted that the excerpted portions of the Court's opinion are accurately quoted.

6. Admitted.

7. Denied as stated. The February 4, 2008 Report's claimed deficiencies were addressed in a subsequent Court Order issued on May 12, 2008 in response to a Motion in Limine filed by IRSD on February 29, 2008.

8. Admitted.

9. Admitted.

10. Denied as stated. Mr. Cassin's trial testimony is limited by the constraints set forth in the Court's most recent Order addressing this issue. It must be pointed out, once again, that Mr. Cassin's initial report addressed the impact and effect of the November 18, 2002 to a limited degree and treated as a schedule update as opposed to the baseline schedule which defendants' expert witnesses maintain is accurate. Mr. Cassin's trial testimony will be within the parameters of the Court's May 12, 2008 Order and Opinion.

11. Denied as stated. The Court's December 4, 2007 Opinion and Order speak for themselves. In addition, it should be noted that the contents of Mr. Cassin's first report are no longer at issue, as the subsequently submitted revised report will be the basis of his trial testimony.

12. Denied. IRSD's reference to the July 31, 2007 report of Mr. Cassin is misplaced. The controlling report is the latter report prepared pursuant to the December 4, 2007 Order and Opinion of this Court and limited by the Court's May 12, 2008 Decision.

13. Denied. IRSD is simply attempting to seek the Court's reconsideration of its May 12, 2008 ruling beyond the ten (10) time frame for which reconsideration may be properly

sought by an aggrieved party pursuant to Delaware Local Rule 7.1.5.  As a result, IRSD's June 2, 2008 Motion in Limine should be stricken accordingly.

14.    Denied.  Simply because IRSD is of the opinion that Mr. Cassin's analysis is inaccurate because he did not place significant reliance on the impact of the November 18, 2002 schedule update, does not render his testimony irrelevant.  It is within the purview of the finder of fact to balance the testimony of the expert witnesses, make determinations therefrom and to accept or reject what they consider to be credible testimony.

15.    Admitted as to the contents of Section 01305 of the Project specifications. The fact that IRSD believes this section "makes it clear" as to which schedule prevails is not a basis to preclude Mr. Cassin's testimony.  The experts disagree about the effect of a single schedule update out of many issued due the course of the project.  IRSD's expert states that November 18, 2002 is the start date from which critical path is measured.  Mr. Cassin disagrees and contends that it is the initial schedule.  Such disagreements are to be resolved by the fact finder.

16.    Denied.  Mr. Cassin is not precluded from testifying about the November 18, 2002 Project schedule.  He is precluded from testifying as to the alternative analysis contained within his report and the effect it had on the overall schedule.  As previously indicated by RLI in its prior response to basically the same Motion of IRSD, Mr. Cassin maintains that McDaniel Plumbing and Heating had the right to rely upon the initial schedule as attached to the contract documents.  Whether this reliance by McDaniel was reasonable, ridiculous or anywhere in between is solely within the purview of the jury.

17.    Denied as previously stated herein as well as within RLI's prior response to the Motion in Limine filed by IRSD on February 29, 2008.

18.     Denied.  For the foregoing reasons, Mr. Cassin should not be precluded from testifying at trial.  Mr. Cassin's testimony is to be limited in accordance with the Court's May 12, 2008 Order and Opinion.

**WHEREFORE**, RLI Insurance Company respectfully requests that this Court deny Defendant Indian River School District's Motion in Limine to Preclude the Testimony of Damian Cassin at trial.

      /s/ Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
PERRY F. GOLDLUST, P.A.
1426 North Clayton Street
Wilmington, DE 19806
(302) 483-2000
(302) 792-7484 (Fax)
pgoldlust@tlclaw.net
***Attorneys for Plaintiff RLI Insurance Company***

Dated: **June 12, 2008**

OF COUNSEL:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
BLACKBURN, DeCLEMENT & ASSOCIATES, P.C.
1528 Walnut Street, 4th Floor
Philadelphia, Pa 19102
(215) 985-0123
hblackburn@hrblackburn.com