# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RLI INSURANCE COMPANY** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | **NO. 05-858-JFF** |
| | : | |
| **INDIAN RIVER SCHOOL DISTRICT** | : | |
| **and** | : | |
| **EDiS COMPANY** | : | **JURY TRIAL DEMAND** |
| **and** | : | |
| **BECKER MORGAN GROUP, INC.** | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF RLI'S BRIEF IN OPPOSITION TO THE DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION TO PRECLUDE THE TRIAL TESTIMONY OF DAMIAN CASSIN

**LAW OFFICES OF PERRY F. GOLDLUST, P.A.**

 /s/ Perry F. Goldlust

Perry F. Goldlust, Esquire (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Date:  June 12, 2008

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I.    NATURE AND STATUS OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   SUMMARY OF COUNTER-ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.  CONCISE STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.   LEGAL ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.    The Law of the Case Doctrine precludes IRSD from requesting the
            Court to revisit its prior ruling absent a compelling reason, manifest
            error or change in the law.  None of those factors exist in this case.
            . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    The Court's May 12, 2008 Memorandum Opinion did not preclude
            the revised report of Mr. Cassin *in toto*.  This latest ruling is clear and
            unambiguous on its face and IRSD is simply seeking reconsideration
            of the May 12, 2008 Opinion and Order beyond the time limitations
            of Delaware Local Rule 7.1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

CASES                                                                                     PAGE

Analytical Engineering, Inc. v. Baldwin Filters Inc., . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    425 F.3rd 443, 454 (7th Cir. 2005)

E. Pilots Merger Committee v.. Continental Airlines, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    279 F.3rd 226, 232 (3rd Cir. 2002)

EEOC v. Midwest Emergency Associates Limited, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    2008 U.S. Dist. Lexis 6328 (N.D. Ill.)

Hamilton v. Leavy, 322 F.3rd 776, 786 (3rd Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

In Re City of Philadelphia Litigation, 158 F.3rd 711, 717-718 (3rd Cir. 1998) . . . . . . . . . . 5

In Re Highland Financial, 216 B.R. 109, 113(S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . 5

Minch v. City of Chicago, 486 F. 3rd. 294, 301 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . 5

U.S. v. United States Smelting, Refining and Mining Company, . . . . . . . . . . . . . . . . . . . . 5
    339 U.S. 186, 198, 94 L. Ed.750, 70 S.Ct. 537(1950)


FEDERAL RULES

Fed. R. Civ. P. Rule 26(a) (2) (B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Evid. 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


STATE RULES

Delaware Local Rule 7.1.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6

## I.     NATURE AND STATUS OF THE PROCEEDINGS

For purposes of the issue currently before the Court, an issue which the Court is well aware, a brief summary of the nature and stage of the proceedings is very simple.  On July 31, 2007, RLI produced an expert report prepared by Damian Cassin of Progressive Construction Management.  Thereafter, IRSD filed a motion in limine to strike this report on October 15, 2007 (D.I. 92) and RLI filed a timely response to the same.  (D.I. 97).  On December 4, 2007, upon consideration of the filings of the respective parties, the Court issued an Order and accompanying Opinion permitting RLI the option of submitting a revised report. (D.I. 119/120).

On February 4, 2008, RLI tendered Mr. Cassin's second expert report to opposing counsel.  On February 29, 2008, IRSD filed a renewed motion in limine to the revised report. (D.I. 126).  RLI responded accordingly.  (D.I. 132).  On May 12, 2008, this Court entered an Order striking certain aspects of Mr. Cassin's latter report in regard to his analysis of the impact and effect of the a November 18, 2002 Project Schedule issued to all contractors on the IRSD project.  (D.I. 138).

On June 2, 2008, IRSD filed *another* motion in limine seeking once again to prevent Mr. Cassin from testifying at trial.  (D.I. 141).  This latest motion is nothing more than a veiled attempt to seek reconsideration of the Court's May 12, 2008 Order beyond the time mandated by the Rules of Court.

Motions for Summary Judgment have been granted in favor of EDiS and Becker Morgan, thereby dismissing them from the litigation.  IRSD was also granted partial Summary Judgment in its favor on RLI's claims. (D.I. 144).  IRSD also has a counterclaim pending against RLI. (D.I. 11).  No defendants asserted cross claims against one another.  A Pre-Trial Conference had been scheduled for June 5, 2008, however, given the granting of summary judgment motions, the Court

1

issued a request for the parties to submit a statement of remaining issues for trial.  (D.I. entry

06/03/08).   Trial is set for July 21, 2008.


II.    **SUMMARY OF COUNTER-ARGUMENTS**

A.    The Law of the Case Doctrine precludes IRSD from requesting the Court to revisit its prior ruling absent a compelling reason, manifest error or change in the law.  None of those factors exist in this case.

B.    The Court's May 12, 2008 Memorandum Opinion did not preclude the revised report of Mr. Cassin *in toto*.  This latest ruling is clear and unambiguous on its face and IRSD is simply seeking reconsideration of the May 12, 2008 Opinion and Order beyond the time limitations of Delaware Local Rule 7.1.5.


III.    **CONCISE STATEMENT OF FACTS**

 The Court imposed an expert report submission deadline of July 31, 2007.  On that date, the

Report of Damian Cassin of PCM was produced to all counsel via electronic mail.  On October 15,

2007, Defendant IRSD filed its first Motion in Limine to Strike the Report of PCM and to preclude

the testimony of Damian Cassin at trial.  After consideration of IRSD's motion and RLI's response,

the Court, on December 4, 2007 entered its decision on the issue and permitted RLI, in its discretion,

to revise PCM's expert report in accordance with the Court's directives.

The Court, in pertinent part, stated that in order to:

> ...remedy the deficiencies of Mr. Cassin's Report, RLI is required to provide Defendants with a straight-forward statement of the data or other information considered by Mr. Cassin in forming his opinions, as well as any exhibits to be used as a summary of or in support of his opinions. Further, RLI is required to address the Report's substantive failings by redacting the McDaniel's damages calculations, and by identifying with greater clarity and precision the analysis

2

methodology.  If RLI chooses to remedy the deficiencies in its Report, Defendant will be allowed an opportunity to depose Mr. Cassin to determine whether his report satisfies Fed. R. Civ. P. Rule 26(a) (2) (B), as well as Fed. R. Evid. 702. Expenses incurred by the Defendants as a result of RLI's failure to comply with Rule 26(a) (2) (B) and Fed. R. Evid. 702 will be paid by RLI, including any time spent in preparing for and deposing Mr. Cassin, and in preparing a subsequent motion to strike, if RLI is unable to remedy the Report's deficiencies. *See* December 4, 2007 Memorandum Opinion at pages 16-17.

In light of the Court's Order and Opinion as cited above, RLI produced Mr. Cassin's revised report on February 4, 2008 to all counsel.  IRSD thereafter filed a Renewed Motion in Limine seeking preclusion of Mr. Cassin's report at trial.  RLI responded accordingly and the Court, upon consideration of the parties' respective positions, issued a Memorandum Order on May 12, 2008, which, inter alia, stated:

> In his revised report, Mr. Cassin first discusses his originally proposed critical path, but then considers a second critical path, based on the November 2002 schedule that Defendants contend controlled the project. This supplement reads more like a rebuttal to Defendants' criticisms than like a response to the Court's December 7, 2007 Order, which directed Mr. Cassin to identify with greater clarity and precision the analysis methodology he used in his initial report. The Court also finds persuasive IRSD's contention that if the Court does not strike the new supplemental analysis, IRSD will be prejudiced by having to expend resources to adequately respond to Mr. Cassin's supplement.
>
> ***Accordingly, the Court will strike Mr. Cassin's supplement with respect to his analysis of the November 2002 project schedule, but will otherwise allow the revised report***. ...

The Court's ruling on this issue is clear, Mr. Cassin's revised expert report will be permitted as evidence, sans his analysis of the November 2002 project schedule.  IRSD has, in essence, filed

3

an untimely motion for reconsideration of the Court's most recent decision under the guise of another motion in limine. Once the ten (10) day period for reconsideration passed under Local Rule 7.1.5, the Court's ruling became the law of the case. For the reasons set forth below, RLI respectfully requests the Court to deny IRSD's most recent motion in limine.

IV.    **LEGAL ARGUMENT**

A.    **The Law of the Case Doctrine precludes IRSD from requesting the Court to revisit its prior ruling absent a compelling reason, manifest error or change in the law. None of those factors exist in this case.**

The instant motion represents a third attempt by Indian River to preclude Mr. Cassin's testimony. IRSD's latest Motion should be denied by virtue of the Law of the Case Doctrine. IRSD's Motion to preclude the testimony of Damian Cassin must also be denied as a matter of law as it is nothing more than a rehash of the issues and arguments raised in its prior motions in limine seeking the identical relief. Since IRSD failed to timely seek reconsideration of the Court's ruling, it is now precluded from again raising these issues. Given its frivolity and its apparent attempt to circumvent Rule 7.1.5, RLI also requests the Court to award RLI attorneys' fees against Indian River School District.

On October 15, 2007, Indian River School District first moved to strike the Expert Report of Damian Cassin and preclude his testimony. The issues raised in IRSD's motion were briefed by all parties. On December 4, 2007 the Court issued an Opinion which struck Mr. Cassin's report as written but which also afforded RLI an opportunity to submit a revised report to correct the deficiencies in the original. RLI served Mr. Cassin's revised report on February 4, 2008.

4

On February 29, 2008, Indian River School District moved to strike the amended report of Mr. Cassin, contending that the amended report was still deficient. This time, in a Memorandum Opinion dated May 12, 2008, the Court held that data related to different construction schedules must be stricken, but otherwise allowed the amended report to stand.

Indian River again moves to strike the amended report of Mr. Cassin's testimony. This motion should be denied. Indian River cites no new evidence, change in the law or issue not raised in its two prior motions addressing Mr. Cassin's report and testimony. The "Law of the Case" Doctrine limits "relitigation of an issue once it has been decided in an earlier stage of the same litigation." *Hamilton v. Leavy*, 322 F.3rd 776, 786 (3rd Cir. 2003), citing *E. Pilots Merger Committee v.. Continental Airlines,* 279 F.3rd 226, 232 (3rd Cir. 2002). See also *In Re City of Philadelphia Litigation*, 158 F.3rd 711, 717-718 (3rd Cir. 1998).

The Court's Memorandum Opinion of May 12, 2008 is the law of the case. The "Law of the Case" Doctrine embodies the notion that "the Court should not revisit the earlier rulings in a case absent a compelling reason, such as manifest error or a change in the law, that warrants re-examination.' *EEOC v. Midwest Emergency Associates Limited*, 2008 U.S. Dist. Lexis 6328 (N.D. Ill.), citing *Minch v. City of Chicago*, 486 F. 3rd. 294, 301 (7th Cir. 2007). The "Law of the Case" Doctrine is a rule of practice based upon sound policy that when an issue is litigated and decided, that should be the end of the matter. *Analytical Engineering, Inc. v. Baldwin Filters Inc.*, 425 F.3rd 443, 454 (7th Cir. 2005); *In Re Highland Financial*, 216 B.R. 109, 113(S.D.N.Y. 1997); *U.S. v. United States Smelting, Refining and Mining Company*, 339 U.S. 186, 198, 94 L. Ed.750, 70 S.Ct. 537(1950).

5

**B.     The Court's May 12, 2008 Memorandum Opinion did not preclude the revised report of Mr. Cassin *in toto*.  This latest ruling is clear and unambiguous on its face and IRSD is simply seeking reconsideration of the May 12, 2008 Opinion and Order <u>beyond the time limitations of Delaware Local Rule 7.1.5.</u>**

IRSD once again reiterates the same argument it previously presented to the Court in its Renewed Motion in Limine in seeking preclusion of Mr. Cassin's report and testimony.  Further, IRSD fails to acknowledge that the Court's Order of December 4, 2007 permitting revision of the July 31, 2007 PCM report and the tender of the revised report on February 4, 2008 rendered the original report by Mr. Cassin moot.  The prevailing report to be used at trial is the latter report, which has been analyzed by this Court, as the gatekeeper, to be sufficient under the Rules of Evidence and case law to be deemed an admissible expert report.  Despite this most recent ruling, IRSD again argues that Mr. Cassin should be precluded from testifying at trial based upon the Court's two (2) prior rulings.  IRSD's position is misplaced, as the Court has determined that Mr. Cassin has satisfactorily revised and identified with greater clarity and precision the analysis methodology he used in his initial report in determining the critical path.  For those reasons alone, IRSD's motion should be denied.  This current filing is nothing more than a Motion for Reconsideration filed beyond the ten (10) day time period permitted under Delaware Local Rule 7.1.5 through the smokescreen of another motion in limine filed at the Court's deadline of June 2, 2008 for such motions.

IRSD maintains that "Damian Cassin's testimony regarding critical path based upon the Pre-Bid Construction Schedule should be precluded as it is not based upon the November 18, 2002 Baseline Schedule." (D.I. 142, at pg. 6).  This argument is no different than the original motion of IRSD filed on October 15, 2007 (D.I. 92/93), nor that set forth in the Renewed Motion in Limine

6

(D.I. 126/127).  The Court has already considered these exact issues on two prior occasions, has analyzed the methodology of the Revised Report of Mr. Cassin and has ruled that it will allow the report, subject to the parameters set forth in its Memorandum Order.

Additionally, IRSD fails to realized that the Revised Report is just that, a revision of the original.  Being a revision, the latter report makes the original report a moot issue.  For some unexplained reason, IRSD treats the latter as a supplemental report by constantly comparing and contrasting the two reports in its motions and, in essence, treating them as one continuing report.  Therefore, based upon the Court's December 4, 2007 Order and Opinion, RLI respectfully requests to Court to rule the initial report of Damian Cassin as superceded by the Revised Report and order the no party may use or reference the initial report of Damian Cassin for any purpose at trial.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff RLI Insurance Company respectfully requests that this Honorable Court deny Defendant Indian River School District's Motion in Limine to preclude

[space intentionally left blank]

the trial testimony of Damian Cassin.  RLI further requests that this Court grant RLI reasonable

attorney's fees and costs incurred in preparing this response to IRSD's Motion.

Respectfully submitted:

**LAW OFFICES OF PERRY F. GOLDLUST, P.A.**

/s/   Perry F. Goldlust

PERRY F. GOLDLUST (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Date: June 12, 2008

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**BLACKBURN, DeCLEMENT & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

8