# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RLI INSURANCE COMPANY : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION |
| : | NO. 05-858 |
| INDIAN RIVER SCHOOL DISTRICT : | |
| and : | |
| EDiS COMPANY : | JURY TRIAL DEMAND |
| and : | |
| BECKER MORGAN GROUP, INC. : | |
| : | |
| Defendants. : | |

**PLAINTIFF RLI INSURANCE COMPANY'S OPENING BRIEF
IN SUPPORT OF ITS MOTION TO
COMPEL THE DE BENE ESSE DEPOSITION OF CHRISTIAN McCONE**

**LAW OFFICES OF PERRY F. GOLDLUST, P.A.**

/s/   Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Dated: June 13, 2008

Of Counsel:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**BLACKBURN, DeCLEMENT & ASSOCIATES, P.C.**
74 South Main Street
Medford, NJ 08055
(609) 654-2907

# TABLE OF CONTENTS

|      |                                  | Page |
|------|----------------------------------|------|
| I.   | NATURE AND STAGE OF PROCEEDINGS  | 1    |
| II.  | SUMMARY OF ARGUMENT              | 1    |
| III. | CONCISE STATEMENT OF FACTS       | 1    |
| IV.  | ARGUMENT                         | 3    |
| V.   | CONCLUSION                       | 6    |

## TABLE OF AUTHORITIES

**CASES**                                                                                               **PAGE**

Doe v. Rumsfeld, .................................................... 5
     435 F.3rd 980(9th Cir. 2006)

Santiago v. Rumseld, .................................................. 5
     425 F.3rd 549(9th Cir. 2005)

Bouygues Telecom, S.A. v. Tekelec, Inc., ................................ 5
     238 F.R.D. 413, (E.D.N.C. 2006)

Tatman v. Collins, .................................................... 5
     938 F.2nd 509(4th Cir. 1991)

**FEDERAL RULES**

Fed. R. Civ. P. 32(a)(3) ........................................... 1, 3, 6

Fed. R. Civ. P. 43 ................................................... 3

## I. NATURE AND STAGE OF PROCEEDINGS

This action arises from Indian River School District's Performance Bond claim against RLI based upon the failure of RLI's principal, McDaniel Plumbing and Heating, to complete its scope of work on the construction of the Sussex Central High School in Georgetown, Delaware. The case is listed for trial on July 21, 2008.

## II. SUMMARY OF THE ARGUMENT

RLI should be allowed to conduct the de bene esse deposition of EDiS project manager Christian McCone to preserve his testimony. Mr. McCone is a member of the Army Reserve and has previously been deployed to Kuwait during the pendency of this matter. Mr. McCone has not been deposed in connection with this matter, scheduled for trial on July 21, 2008. RLI has a valid concern that Mr. McCone could be redeployed or sent out of the area for training and thereby become unavailable to testify at trial within the meaning of Fed. R. Civ. P. 32(a)(3). RLI will utilize the trial deposition only in the event that Mr. McCone cannot be presented at trial in person.

## III. CONCISE STATEMENT OF FACTS

On February 19, 2008, Plaintiff RLI moved to compel the discovery deposition of Christian McCone (D.I. 124). By Memorandum Opinion and Order dated May 12, 2008 (D.I. 138) the Court denied Plaintiff's Motion to compel the discovery deposition of Mr. McCone. The Court held in pertinent part as follows: "Having determined that RLI willingly agreed to forego Mr. McCone's discovery deposition, the Court is unwilling to reopen fact discovery, which ended over eight months ago. Accordingly, RLI's Motion to Compel the deposition of

Christian McCone (D.I. 124) will be denied." Memorandum Opinion of May 12, 2008 at 4. (emphasis added)

After receiving the Court's Order, counsel for RLI sought to schedule the de bene esse trial deposition of Mr. McCone to preserve his testimony given his military status, and the fact that he has never been deposed in this action. A copy of RLI's letter and Notice of Deposition are attached as Exhibit "A." By letter dated May 27, 2008, Victoria Petrone, Counsel for EDiS responded to the Notice of Deposition and advised that EDiS would not produce Mr. McCone for deposition, in light of this Court's prior ruling, as well as cited case law regarding the unavailability of witnesses and the admissibility of deposition testimony at trial. A copy of that letter is attached hereto as Exhibit "B."

At the time of that exchange of correspondence, the case was scheduled for a Pre-Trial Conference, since cancelled, on Thursday, June 5, 2008. As a result, RLI's counsel wrote to this Court on May 29, 2008, requesting that the Court address the issue of Mr. McCone's trial deposition at the conference. D.I. 139, Plaintiff's Counsel's letter of May 29, 2008 is attached hereto as Exhibit "C." In response, Ms. Petrone, on behalf of EDiS, filed a letter with the Court (D.I. 140) in which she asserted that the trial deposition was unnecessary as Mr. McCone would be "available for trial." See Exhibit "D."

On June 3, 2008, this Court issued a Memorandum Opinion and companion Order granting Motions for Summary Judgment which had previously been filed by each of the defendants (D.I. 143&144). On the same date, the Court cancelled the Pre-Trial Conference set for June 5, 2008. RLI therefore brings this Motion seeking leave to take the de bene esse trial

deposition of Mr. McCone to preserve his testimony in the event that he becomes unavailable at the time of trial, scheduled for July 21, 2008.

## IV.  **LEGAL ARGUMENT**

RLI is not seeking the de bene esse trial deposition of Mr. McCone to use in lieu of his live testimony in open Court pursuant to Fed. R. Civ. P. 43.  RLI simply seeks to record and preserve his trial testimony against the possibility that he may become unavailable as defined in Fed. R. Civ. P. 32(a)(3).  Mr. McCone has never been deposed in any context in this case.  He is identified as a trial witness by both sides in the Pre-trial Order.  He is also the author of the majority of the letters, identified by both sides as trial exhibits, to William McDaniel concerning delays and deficiencies in the work sent over the course of the project, increasing in frequency in the months leading up to IRSD's termination of McDaniel.  Mr. McCone's first-hand knowledge of the events giving rise to this action makes him a crucial trial witness.  As the Court also knows from the record of this case, and as stated in Counsel's letter dated May 30, 2008, Mr. McCone is an active member of the Army Reserves, and was deployed to the Middle East during the entire discovery period in this case.  Although his unit has apparently returned to the area, it is submitted that neither he nor defense counsel can guarantee that his duties in the armed services may not result in another deployment or take him outside of the state or country before his testimony at trial can be taken.

Ms. Petrone's letter states that the United States Army Reserves' policy on deployment is "cyclic; units are deployed for one year followed by five years at home."  However, as the Court is undoubtedly aware, the simultaneous involvement of the United States military in two wars has severely strained the manpower resources of the military, with resulting deviations from

3

deployment policies. News reports and government press releases have detailed examples of extended deployments, shortened home stays, short-notice redeployment and other stresses on the men and women serving in our military at the present time. Attached hereto as exhibits are a U.S. Army Memorandum and news articles illustrating the Pentagon's need to deviate from deployment policies, goals and requirements. For example, the December 20, 2004 Memorandum from James R. Helmly, Lieutenant General, U.S. Army, Chief of the Army Reserve, readily available on the internet and attached as Exhibit "E," bluntly discusses the severe stresses on the Reserves and notes in the section entitled <u>Past Dysfunctional Practices/Policies</u> at point 6 that reluctance to issue timely mobilization orders had resulted in soldiers receiving as little as <u>3 to 5 days'</u> mobilization notice. At point 9 the General described requiring a "volunteer statement" from soldiers receiving orders on <u>less than thirty (30) days'</u> notice. See Memorandum of Lieutenant General Helmly attached as Exhibit "E."

In addition, CBSNews.com reported on February 22, 2007 that in January 2007, the Pentagon "abandoned its limits on the time citizen-soldiers can be required to serve on active duty," resulting in sooner than expected redeployment of National Guard troops. See "Guard Troops May Face Early Return to Iraq," February 22, 2007, attached hereto as Exhibit "F."

Although the foregoing article noted that Guard officials at the time said no final decisions had been made, an April 10, 2007 article in the <u>New York Times</u> reported that the Department of Defense had officially confirmed the sooner-than-scheduled deployment of up to thirteen thousand (13,000) National Guard soldiers from four states. See "Iraq Looms Closer for 13,000 National Guard Soldiers," <u>New York Times</u> April 10, 2007 attached hereto as Exhibit "G."

Further, it is clear that the Federal Courts have held that during a period of declared national emergency, the President and his designees have broad power to order a reservist to active duty and to suspend laws and regulations covering voluntarily retirement, separations and promotions. See Doe V. Rumsfeld, 435 F.3rd 980(9th Cir. 2006); Santiago V. Rumsfeld, 425 F.3rd 549(9th Cir. 2005).

While it is to be hoped that Mr. McCone's unit will have their full break between deployments, there is no one short of the President of the United States that can state with certainty that circumstances in Iraq or Afghanistan will not require Mr. McCone to face an earlier deployment.

In addition, should Mr. McCone be redeployed and sent to a combat zone, even delaying the trial until he returns, presumably an undesirable event for both the Court and the parties, would not necessarily cure the prejudice to its defense that RLI fears. The dangers of armed conflict are obvious, with more than four thousand (4,000) soldiers killed to date in Iraq alone. Should tragedy befall Mr. McCone both sides would lose the ability to use his critical knowledge of the project at trial. The de bene esse deposition would insure a full and fair airing of the issues for all concerned.

The purpose of a de bene esse deposition is to preserve testimony for trial. Bouygues Telecom, S.A. vs. Tekelec, Inc., 238 F.R.D. 413, (E.D.N.C. 2006); Tatman vs Collins, 938 F.2nd 509(4th Cir. 1991). As stated above, RLI does not seek to substitute the de bene esse testimony for live testimony of Mr. McCone if indeed he is still in the area and available at the time of trial, nor does RLI seek to take his deposition to circumvent the Court's earlier ruling with respect to his discovery deposition. Simply put, RLI is unwilling to take the risk that an emergent

deployment will make Mr. McCone unavailable as defined by Fed. R. Civ. P. 32(a)(3) and thereby cost RLI the opportunity to present fully the evidence in support of its defenses to Indian River's counterclaim in this matter.

## V.  CONCLUSION

For the foregoing reasons, it is respectfully submitted that good cause exists to allow RLI to conduct the de bene esse deposition of Christian McCone for use at trial in the event that he becomes unavailable within the meaning of Fed.R.Civ.P. 32(a)(3).  It is requested that this Court so rule.

Respectfully submitted:

**LAW OFFICES OF PERRY F. GOLDLUST, P.A.**

/s/   Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Date: June 13, 2008

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**BLACKBURN, DeCLEMENT & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123

Q:\RLI Surety.729\McDaniel.004\Indian River\Pleadings\Trial\De Benne Esse\Christian mcCone Deposition.wpd