# EXHIBIT D

Case 1:05-cv-00858-JJF    Document 148-5    Filed 06/13/2008    Page 1 of 3

# Logan & Associates, LLC
ATTORNEYS AT LAW

One Corporate Commons  
100 W. Commons Blvd, Suite 300  
New Castle, DE 19720

302-325-3555  
302-325-3556  
vpetrone@loganllc.com

VIA ELECTRONIC FILING  
May 30, 2008

The Honorable Joseph J. Farnan, Jr.  
United States District Court for the District of Delaware  
Lockbox 27  
844 N. King Street  
Wilmington, DE 19801

**Re: RLI Insurance Company v. Indian River School District et al.**  
**C.A. No. 1:05-cv-00858 JJF**

Dear Judge Farnan:

  I am writing on behalf of EDiS Company in response to the letter by counsel for RLI Insurance Company dated May 29, 2008 in which the trial deposition of EDiS employee Chris McCone is sought despite the Court's ruling of May 12, 2008 denying RLI's Motion to Compel McCone's deposition. As the Court is aware, Mr. McCone was previously deployed to Kuwait but has returned to the United States and employment with EDiS. Although we have represented that Mr. McCone will be available for trial, RLI suggests that a trial deposition is required because it cannot be guaranteed that McCone won't become unavailable due to the "economic climate," his service with the Reserves or any of the other reasons enumerated in F.R.C.P. 32(a)(3)[1]. Such concern has not been previously raised by RLI, indeed, in its Motion to Compel RLI noted that "McCone is back in the area and working for EDiS again." (D.I. 124, Para.23).

  I confirmed with Mr. McCone that he is still enlisted in the U.S. Army Reserves, however, the Reserves policy on deployment is cyclical; units are deployed for one year followed by five years at home. Accordingly, Mr. McCone's Reserves unit is not scheduled for redeployment until the year 2010. Further, I confirmed with the president of EDiS that Mr. McCone will remain in the employ of EDiS through the scheduled trial dates and thereafter. Since by all indications Mr. McCone will be available for trial, which is scheduled to take place in only seven weeks, a trial deposition is not necessary and such testimony would be inadmissible, having no basis under F.R.C.P. 32(a)(4). A deposition would simply provide RLI with the benefit of discovery testimony from Mr. McCone notwithstanding the Court's ruling against it. EDiS therefore respectfully asks the Court to deny RLI's request for a trial deposition of Mr. McCone.

---

[1] RLI cites F.R.C.P 32(a)(3), however, the pertinent section was amended to 32(a)(4) by the December 1, 2007 amendments.

The Honorable Joseph J. Farnan, Jr.
May 30, 2008
Page Two

Respectfully,

LOGAN & ASSOCIATES, LLC

By:    /s/ Victoria K. Petrone
       Victoria K. Petrone, Esquire
       DE I.D. 4210

cc:    Harry R. Blackburn, Esquire
       Perry F. Goldlust, Esquire
       G. Kevin Amadio, Esquire
       James S. Green, Esquire
       Paul Cottrell, Esquire
       Donald L. Logan, Esquire