IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| vs. | : | NO. 05-858-JFF |
| | : | |
| INDIAN RIVER SCHOOL DISTRICT, | : | |
| EDiS COMPANY and BECKER | : | JURY TRIAL DEMAND |
| BECKER MORGAN GROUP, INC. | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF RLI INSURANCE COMPANY'S MOTION FOR
LIMITED REARGUMENT OF THE COURT'S MEMORANDUM
OPINION DATED JUNE 3, 2008 GRANTING SUMMARY JUDGMENT TO
DEFENDANT INDIAN RIVER SCHOOL DISTRICT ON
COUNT I OF PLAINTIFF'S COMPLAINT

LAW OFFICES OF PERRY F. GOLDLUST, P.A.

/s/ Perry F. Goldlust
Perry F. Goldlust, Esquire (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Date:  June 13, 2008

Plaintiff, RLI Insurance Company, by and through counsel, hereby files this Motion for Limited Reargument of the Court's Memorandum Opinion dated June 3, 2008 granting summary judgment to defendant Indian River School District on Count I of Plaintiff's Complaint and, in support thereof, avers the following:

1.      On September 27, 2007, EDiS filed a Motion for Summary Judgment. (D.I. 88).

2.      The following day, IRSD and BMG filed their respective Motions for Summary Judgment. (D.I. 89 and 91).

3.      On October 18, 2007, RLI filed its Answers to the Motions and Supporting Briefs. (D.I. 94 and 95).

4.      Thereafter, IRSD, EDiS and BMG filed Reply Briefs. (D.I. 101 - 103).

5.      On June 3, 2008, the Court granted summary judgment in favor of EDiS and Becker Morgan, thereby dismissing them from the litigation.  IRSD was also granted partial Summary Judgment in its favor on RLI's claims. (D.I. 144).

6.      Given the granting of summary judgment motions, the Court issued a direction to the parties to submit a statement of remaining issues for trial.  (D.I. entry 06/03/08).

7.      Trial is set for July 21, 2008.

8.      RLI believes that the Court may have misunderstood RLI's argument for denying IRSD's Motion for Summary Judgment or, in the alternative, that it may have overlooked or misapprehended the significance of IRSD's knowledge of the overpayments made to McDaniel based upon false and misleading Certificates for Payment prepared and certified by EDiS and BMG.  IRSD's issuing payments to McDaniel despite knowing that it had not completed the work set forth on the Payment Certifications caused harm to RLI.

2

9.      The deposition testimony shows that falsely prepared Certificates for Payment were generated by EDiS and BMG with IRSD's knowledge.  Despite knowing of the misrepresentations contained therein, IRSD nevertheless issued payments to McDaniel.

10.      IRSD became aware that the payments being issued to McDaniel were advanced payments, which contradicted the IRSD payment policies.  Despite this, IRSD continued to make these payments to McDaniel, under the apparent belief that these overpayments were necessary to keep McDaniel progressing in its work and to pay its suppliers and subcontractors.

11.      By overlooking the significance of this testimony, the Court's Opinion, in essence, excuses fraudulent behavior, as RLI had the reasonable expectation that the individuals responsible for these activities would act in a truthful, fair and responsible manner under the contracts, when in reality, they squandered monies with the hope that it would balance out in the end, all to RLI's detriment, thereby increasing its exposure under the bond.

12.      By IRSD's knowing that payment provisions of the contract had been violated in a deliberate manner, RLI incurred damages including, but not limited to, being deprived of its rights under the performance bond by impairing its collateral by knowingly and voluntarily making the unearned payments to McDaniel.

13.      Such actions by IRSD prejudiced RLI, as RLI relied upon the good faith expectation that IRSD would perform its obligations under the contract documents honestly and fairly in deciding to issue the bonds for the project.

14.      By IRSD's intentional failure to comply with its own contractual obligations, IRSD issued payments to McDaniel for more than $340,000.00 in excess of the value of the

work performed by McDaniel (overpayments) or for work that was never performed (premature payments).

15.    While a portion of the advanced funds were intended to pay for labor and materials provided by subcontractors to McDaniel for time and/or materials, with the intention of avoiding further project delay, there is no allowance for such concessions under the contract documents and, therefore, these acts resulted in a significant reduction of RLI's collateral, as the clandestine manner in which the defendants handled the situation had a direct and adverse impact upon RLI's ability to perform under the bond and minimize its exposure and risk of loss, which as the bond issuer, it has a right to do in order to perform under the bond.

16.    In light of the foregoing, IRSD was not entitled to the entry of judgment in its favor on Count I, since it took direct action in the decision making process to make overpayments and advanced payments to McDaniel, despite knowing the work had not been completed.

17.    In making these payments to McDaniel, IRSD had full knowledge that the information contained within the payment certificates was false, yet it still authorized issuance of the payments.

18.    IRSD, at a minimum, acquiesced in the actions of EDiS and BMG and approved of the decisions to make the overpayments to McDaniel.  The Court cannot have intended to reward IRSD for these blatant acts and, as a public entity, violation of the public trust.

19.    A Court may grant a motion for reargument if one of three circumstances applies: (1) the Court patently misunderstood a party; (2) the Court made an error of apprehension, not reasoning; or, (3) the Court made a decision outside the scope of the issues presented by the

parties to the Court. *Dickens v. Dover City Police Dept.*, 2007 WL 3024093, at 1 (D. Del. Oct. 12, 2007); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990).

20.     In light of the evidence produced to the Court by RLI in its Answer to IRSD's Motion for Summary Judgment and further detailed in the Brief accompanying the instant Motion , RLI suggests that the Court may have misunderstood RLI's argument or, in the alternative, that it may have overlooked or misapprehended the significance of the evidence of IRSD's knowledge and consent to the overpayments made to McDaniel based upon false and misleading Certificates for Payment.

**WHEREFORE**, Plaintiff, RLI Insurance Company, respectfully requests this Court to grant this Motion and permit reargument of this limited issue.

Respectfully submitted:

**LAW OFFICES OF PERRY F. GOLDLUST, P.A.**

/s/   Perry F. Goldlust
PERRY F. GOLDLUST (DSB #770)
1426 North Clayton Street
Wilmington, DE 19806
Tel: (302) 483-2000
Fax: (302) 792-7484
EM: pgoldlust@tlclaw.net
*Attorneys for Plaintiff RLI Insurance Company*

Date: June 13, 2008

**Of Counsel**:
HARRY R. BLACKBURN, ESQUIRE
JOHN E. SHIELDS, JR., ESQUIRE
**BLACKBURN, DeCLEMENT & ASSOCIATES, P.C.**
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
(215) 985-0123