IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 JJF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S MOTION IN LIMINE
TO EXCLUDE THE TRIAL TESTIMONY OF DAMIEN CASSIN**

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600

Attorneys for Defendant and Counterclaimant
Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire
Venzie, Phillips & Warshawer
2032 Chancellor St.
Philadelphia, PA 19103
215-567-3322

TABLE OF CONTENTS

I.  ARGUMENT

   A. NO PRIOR MOTION RAISED THE ISSUE THAT THE CONTRACT
      PROHIBITS RLI FROM USING THE PRE-BID
      CONSTRUCTION SCHEDULE AS THE BASELINE                          1

   B. IRSD IS NOT SEEKING RECONSIDERATION, IT IS ASKING
      THE COURT TO ENFORCE THE RESULT OF ITS TWO
      PREVIOUS RULINGS                                               2

II. CONCLUSION                                                       5

Defendant Indian River School District ("IRSD") moves to preclude the trial testimony of Damien Cassin and submits this Reply Brief in Support thereof.

I. ARGUMENT

### A. NO PRIOR MOTION RAISED THE ISSUE THAT THE CONTRACT PROHIBITS RLI FROM USING THE PRE-BID CONSTRUCTION SCHEDULE AS THE BASELINE

IRSD has not in any prior motion argued that the contract prohibits RLI from using the Pre-Bid Construction Schedule as the baseline for its critical path analysis. RLI's contention that this motion in simply a re-argument of its prior two motions is incorrect.

The Contract between IRSD and McDaniel provided the procedures for developing the approved "Project Construction Schedule," also known as the Baseline Schedule. The Project Construction Schedule or Baseline Schedule, as defined by the contract, is not the Pre-Bid Construction Schedule. *See* Section 01305 of the Project specifications, attached as Exhibit "A" to IRSD's opening brief. Because the contract defined what the Baseline Schedule would be, Mr. Cassin's analysis on a different schedule is irrelevant to the claims at issue and fails to meet the requirements of Rule 702 of the Rules of Evidence.

RLI claims IRSD's argument is "no different than the original motion of IRSD filed on October 15, 2007 (D. I. 92/93), nor that set forth in the Renewed Motion in Limine (D. I. 126/127)." D. I. 146, P. 10-11. However, at no time has IRSD made the argument that the scheduling provisions of the contract documents preclude RLI from using the Pre-Bid Construction Schedule as the baseline for its critical path analysis. IRSD's original motion to strike Damien Cassin's July 31, 2007 report argued that the report contained deficient methodology and specifically that the Pre-Bid Construction Schedule (also referred to as the

1

"Milestone Schedule") lacked sufficient activities and logic to be methodologically reliable. (D. I. 93, p. 16-17.) IRSD's renewed motion in limine argued that Mr. Cassin had improperly added a new analysis based on a new baseline schedule, but had otherwise not altered his original analysis. The arguments pertinent to the Pre-Bid Construction Schedule analysis were limited to whether the analysis in the February 4, 2008 report complied with the Court's December 4 Order. There was no discussion contained anywhere therein regarding the substantive methodology of that analysis or more importantly about the contract's term regarding scheduling. (See D. I. 126-127). In the present motion, IRSD makes for the first time an argument, not based on schedule logic or methodology, but on the terms of the contract.

RLI also argues that the July 31, 2007 report is moot and therefore IRSD cannot continue to attack the analysis contained therein. Whether the July 31 report is still in play or not does not affect IRSD's argument. The Pre-Bid Construction Schedule analysis, which is substantively identical in the July 31 report and the February 4 report, cannot be the baseline schedule according to the contract. If RLI is correct that only the February 4 report is still relevant, then the Pre-Bid Construction Schedule analysis therein should be stricken because the contract precludes RLI from using that schedule as a baseline.

Since IRSD has never raised this argument in a prior motion, RLI's arguments regarding the standard for Reconsideration and the Law of the Case doctrine are inapplicable.

### B. IRSD IS NOT SEEKING RECONSIDERATION, IT IS ASKING THE COURT TO ENFORCE THE RESULT OF ITS TWO PREVIOUS RULINGS

IRSD seeks no alteration of the Court's December 4, 2007 or May 12, 2008 rulings. It seeks to harmonize and enforce them. The December 4 Order specifically stated that:

2

> ...the overarching methodology used by Mr. Cassin in his Report is hardly apparent. The bulk of the Report is a poorly-organized time line of project events, with the analysis scattered throughout. Since RLI contends that Mr. Cassin applied critical path methodology, Mr. Cassin should more clearly identify the critical path at the start of the project in his discussion of the initial schedule, and throughout his entire analysis. (D. I. 119 at 16).
>
> ...RLI is required to address the Report's substantive failings by ...identifying with greater clarity and precision the analysis methodology. (D. I. 119 at 17).

Since his new report does nothing to correct these deficiencies, the December 4 Order effectively prohibits Mr. Cassin from testifying to his analysis of the Pre-Bid Construction Schedule. The Court's May 12 Order precluded Mr. Cassin from testifying about the analysis based upon the November 18, 2002 schedule. As a result of these two Orders, no information remains for which Mr. Cassin can provide any relevant expert testimony. Since IRSD is not seeking modification of either of the prior rulings, the Law of the Case Doctrine is inapplicable to the instant matter.

RLI's argument that "the Court has determined that Mr. Cassin has satisfactorily revised and identified with greater clarity and precision the analysis methodology he used in his initial report in determining the critical path" is expressly contradictory to the Court's May 12, 2008 memorandum (RLI's Answering Brief, D. I. 146, p. 9). The Court's memorandum stated "this supplement reads more like a rebuttal to Defendants' criticisms than like a response to the Court's December 7, 2007 Order, *which directed Mr. Cassin to identify with greater clarity and precision the analysis methodology he used in the initial report*" [emphasis added]. (D. I. 138, p. 5). The Court's May 12 memorandum held that Mr. Cassin had not corrected the methodological deficiencies with the Pre-Bid Construction Schedule analysis, which the December 4 Order held was insufficient under Daubert.

RLI argues that the Court struck the "...data related to different construction schedules... but otherwise allowed the amended report to stand," thereby allowing the analysis based on the

3

Pre-Bid Construction Schedule. (Answering Brief, D. I. 146, p. 5.) Again, this argument is contrary to the language of the May 12 memorandum. The Court struck the "supplement with respect to his analysis of the November 2002 project schedule" but otherwise allowed the "revised report." (D. I. 138. P. 6). RLI would interpret "otherwise" to mean the Court had changed its mind about the deficiencies the Court had already pointed out in its December 4 ruling about Mr. Cassin's Pre-Bid Construction Schedule analysis, despite the Court's clear observation in a previous portion of the May 12 memorandum that that analysis remained insufficient.

RLI overlooks the fact that the supplement contained more new material than just the analysis based upon the November 18, 2002 schedule. The conclusion section of this report contained additions and modifications from the original conclusion section. By striking the November 18, 2002 analysis but otherwise allowing the revision, the Court was preserving the content of the conclusion section but striking the actual critical path analysis. However, because the Court has already held that Mr. Cassin's analysis is based on insufficient methodology, Mr. Cassin should be precluded from giving an opinion based upon this analysis. Rule of Evidence 702 provides that an expert witness may offer an opinion if his testimony is the product of reliable principles and methods. Because the Court has held in its December 4 and May 12 Orders that the Pre-Bid Construction Schedule analysis' methodology is insufficient, Mr. Cassin's testimony should be precluded at trial.

RLI argues that the revised report is a separate report and makes the original report moot. However, RLI cannot deny that the Pre-Bid Construction schedule analysis is substantively identical in both reports. Simply serving the same report a second time cannot overcome the deficiencies pointed out in the December 4 Order.

4

RLI seeks sanctions for IRSD's attempt to "circumvent" the local rules relating to Motions for Reconsideration. As this brief sets forth, IRSD is not requesting that the Court modify a previous Order. IRSD asks that the Court preclude Mr. Cassin from testifying on a completely new and different basis, based on the terms of the contract. Further, IRSD has asked the Court to simply harmonize and enforce the result of its two previous Orders, which have already, in IRSD's view, effectively precluded Mr. Cassin from testifying at trial. Therefore, IRSD has not circumvented the Reconsideration rules and sanctions are not appropriate.

II. CONCLUSION

The contract precludes RLI from using the Pre-Bid Construction Schedule as the baseline for its critical path analysis. This argument, based on the contract alone, has never been asserted by IRSD previously and the Court has never entered an Order relating thereto.

Since the Court's May 12, 2008 Order precluded Mr. Cassin's testimony with respect to the November 11, 2002 Project schedule and the Court's December 4, 2007 and May 12, 2008 Orders found the analysis based upon the Pre-Bid Construction Schedule substantively insufficient, there is no remaining relevant information for Mr. Cassin to testify to. Therefore, his testimony should be precluded at trial.

Respectfully,

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
222 Delaware Ave., Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0600
Attorneys for Defendant
Indian River School District

Of Counsel:

K. Gerard Amadio, Esq.
Venzie, Phillips & Warshawer
2032 Chancellor St.
Philadelphia, PA 19103
(215) 567-3322

6