# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | C.A. No. 05-858 JJF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| INDIAN RIVER SCHOOL DISTRICT, | ) | |
| EDIS COMPANY, and | ) | |
| BECKER MORGAN GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT INDIAN RIVER SCHOOL DISTRICT'S
### ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
### THE DE BENE ESSE DEPOSITION OF CHRISTIAN McCONE

Dated: June 30, 2008

SEITZ, VAN OGTROP & GREEN, P.A.

JAMES S. GREEN, ESQ. (DE Bar #481)
jgreen@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE 19899
(302) 888-0600

*Attorneys for Defendant*
*Indian River School District*

Of Counsel:

K. Gerard Amadio, Esquire (*pro hac vice*)
Patrick A. Costello, Esquire (DE Bar #4535)
Venzie, Phillips & Warshawer, P.C.
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

**Table of Contents**

I. **NATURE AND STAGE OF PROCEEDINGS** ................................................. 1

II. **SUMMARY OF ARGUMENT** ........................................................ 2

III. **CONCISE STATEMENT OF FACTS** ................................................ 2

IV. **ARGUMENT** ................................................................. 4

    A. This Court Has Already Denied Plaintiff's Motion to Compel the Deposition of Mr. McCone, and This Current Motion Should Be Denied for the Same Reasons ............................................................ 4

    B. Plaintiff's Current Motion Is Essentially a Motion for Reargument and Should Be Denied as Untimely ........................................... 5

    C. Federal Courts May Deny a Request for a De Bene Esse Deposition When the Deposition Is Sought After the Close of Fact Discovery, Especially When the Witness Was Known ............................................. 5

    D. Plaintiff's Alleged Concern Regarding the Possibility of Mr. McCone's Death is Unavailing; Plaintiff Already Waived His Deposition While Mr. McCone Was Deployed in Kuwait ............................................. 7

    E. Even If Mr. McCone Is Deployed Again and He Becomes Truly Unavailable for Trial, His Testimony Could Still Be Preserved ............... 8

V. **CONCLUSION** ............................................................... 8

# Table of Authorities

**CASES**

Buttler v. Benson, 193 F.R.D. 664 (D. Colo. 2000)……………………………………………p.6.

Chrysler International Corp. v. Chemaly, 280 F.3d 1358 (11th Cir. 2002) ……………….,,pp. 5, 6.

Johnson v. Thru Point, Inc., NO. 04-3386, 2005 WL 3477549 (3d Cir. Dec. 20, 2005)..... pp. 6, 7.

Pushko v. Klebener, 2007 WL 2671263 (M.D. Fla. Sept. 7, 2007)………………...………. p.7.

Sanofi-Synthelabo v. Apotex, Inc., 2005 WL 469594 (S.D.N.Y. Feb. 18, 2005)………pp. 5, 6, 7.

Tatman v. Collins, 938 F.2d 509 (4th Cir. 1991)………………………………………….... p.7.

**RULES**

Fed. R. Civ. P. 32     ……………………………………………………………………  p. 7.

D. Del. LR 7.1.5       ……………………………………………………………………   p. 5.

Defendant Indian River School District ("IRSD"), through its undersigned attorneys, submits this Answering Brief in opposition to Plaintiff RLI Insurance Company's Motion to Compel the De Bene Esse Deposition of Christian McCone (D.I. 147).[1]  For the reasons that follow, Plaintiff's motion should be denied.

## I.     NATURE AND STAGE OF PROCEEDINGS

Trial in this case is scheduled to begin in a few weeks on July 21, 2008.  The Court's Scheduling Order (D.I. 83) required fact discovery to be completed by June 6, 2007.  On February, 19, 2008, Plaintiff RLI Insurance Company ("RLI" or "Plaintiff") filed its first Motion to Compel the Deposition of Christian McCone.  (D.I. 124).  On or about March 7, 2008, Defendant IRSD filed an Answer in Opposition.  (D.I. 131).[2]  By a Memorandum Order filed on May 12, 2008 (D.I. 138), this Court denied Plaintiff's Motion to Compel the Deposition of Christian McCone.  This Court's Memorandum Order states in pertinent part: "Having determined that RLI willingly agreed to forego Mr. McCone's discovery deposition, the Court is unwilling to re-open fact discovery, which ended over eight months ago."  (D.I. 138 at 4).

On June 3, 2008, this Court granted the motions for summary judgment that were filed by each of the three defendants, and this Court directed the parties to advise the Court of any outstanding issues that remained for trial.  (D.I. 143).  On June 13, 2008, Plaintiff RLI filed the instant motion entitled Plaintiff's Motion to Compel the De Bene Esse Deposition of Christian McCone.  (D.I. 147).[3]  Defendant IRSD hereby files this answering brief in opposition.

## II.    SUMMARY OF ARGUMENT

---

[1] Plaintiff's Opening Brief ("POB") in Support of this Motion is docketed as D.I. 148.
[2] Defendant IRSD incorporates by reference, as if fully set forth herein, all of the facts and arguments from its prior Answer in Opposition (D.I. 131) to RLI's first motion to compel Mr. McCone's deposition.

1

1.   This Court has already denied Plaintiff's motion to compel the deposition of Mr. McCone (D.I. 138), and the current motion should be denied for the same reasons.

2.   Plaintiff's current Motion is essentially a motion for reargument and should be denied as untimely because it was filed after the 10 day period.

3.   Fact discovery closed on June 6, 2007. Plaintiff's Motion is untimely and should be denied because the de bene esse deposition is sought after the close of fact discovery, especially when the witness and his role were known by Plaintiff during the discovery period.

4.   Plaintiff's alleged concern regarding the possibility of Mr. McCone's death is unavailing after Plaintiff already waived his deposition while Mr. McCone was deployed in Kuwait. Mr. McCone is now in the United States and has confirmed that he has made arrangements to be available for trial starting on July 21, 2008.

5.   If Mr. McCone is going to be deployed again, he will have thirty (30) days notice before his deployment begins, and therefore his de bene esse deposition could be taken during that 30-day period if necessary, or it could be taken during deployment by videophone, as was previously arranged.

### III.   CONCISE STATEMENT OF FACTS

Defendant IRSD incorporates by reference, as if fully set forth herein, all of the facts listed in its prior Answer in Opposition (D.I. 131) to Plaintiff RLI's first motion to compel Mr. McCone's deposition. The most pertinent facts will be reiterated below.

Christian McCone served as the project manager for defendant EDiS Company ("EDiS") on the construction project at issue in this litigation. Prior to the close of discovery, Plaintiff was fully aware that Mr. McCone served as project manager, may be considered a key witness, and

---

[3] The term "de bene esse" means "conditionally, provisionally or in anticipation of a future need." Black's Law

2

was deployed with the United States Army Reserve. Mr. McCone was deployed to Kuwait with the United States Army Reserve during the discovery period, and he anticipated that his deployment would continue through trial. As a result, the parties discussed taking Mr. McCone's trial deposition via videophone and his deposition was set for June 4 and 5, 2007.[4] The Court's Scheduling Order (D.I. 83) required fact discovery to be completed by June 6, 2007.

Several weeks before fact discovery ended, counsel for RLI advised counsel for the defendants that RLI was considering withdrawing its request for Mr. McCone's deposition.[5] Counsel for IRSD proposed "if RLI decides that it does not need Mr. McCone's deposition for discovery purposes, that we agree to take his trial testimony at a later date . . . ."[6] During these discussions among counsel and prior to the expiration of fact discovery, counsel for RLI expressly stated: **"We agree to forgo the discovery deposition of Mr. McCone."**[7] On the following day, counsel for IRSD confirmed with all counsel that Mr. McCone's discovery deposition was being cancelled and his trial testimony would be taken at a later date.[8]

On February, 19, 2008, Plaintiff filed its first Motion to Compel the Deposition of Christian McCone. (D.I. 124). By a Memorandum Order filed on May 12, 2008 (D.I. 138), this Court denied Plaintiff's Motion to Compel the Deposition of Christian McCone. This Court's Memorandum Order states in pertinent part: "Having determined that RLI willingly agreed to forego Mr. McCone's discovery deposition, the Court is unwilling to re-open fact discovery, which ended over eight months ago." (D.I. 138 at 4).

---

Dictionary, 8th Edition.
[4] See Emails among counsel dated 4/4/07, 4/16/07, 4/17/07 and 5/17/07 (attached to D.I. 131 as Exh. 1).
[5] See Email from Kevin Amadio, Esq. to counsel dated 5/10/07 (attached to D.I. 131 as Exh. 2).
[6] See Email from Kevin Amadio, Esq. to counsel dated 5/17/07 (attached to D.I. 131 as Exh. 3).
[7] See Email from John Shields, Esq. to counsel dated 5/17/07 (attached to D.I. 131 as Exh. 4) (emphasis added).
[8] See Email from Kevin Amadio, Esq. to counsel dated 5/18/07 (attached to D.I. 131 as Exh. 5).

Mr. McCone was expected to be unavailable during the trial of this case and his deposition was requested to preserve his *trial* testimony. (D.I. 138 at 3-4). Plaintiff's current motion seeking a de bene esse deposition also seeks to preserve his *trial* testimony. (POB, D.I. 148 at 5). However, Mr. McCone is currently back in the United States and is available for trial, scheduled to begin July 21, 2008. Mr. McCone has submitted a sworn Affidavit verifying, *inter alia*, that: (a) he was released from active duty in November 2007; (b) his unit is scheduled to mobilize and deploy to either Afghanistan or Iraq in 2010; (c) the Reserves policy on deployment requires thirty (30) days of training in the United States prior to deployment overseas; and (d) despite being ordered to attend annual training in Wisconsin from July 7, 2008 through July 25, 2008, Mr. McCone has made arrangements to be available for this trial and his commanding officer has agreed to release him from training early in order to attend the trial beginning on July 21, 2008. See Affidavit of Christian J. McCone dated June 26, 2008 ("McCone Aff."), attached hereto as Exhibit 1.

## IV.   ARGUMENT

   A.   This Court Has Already Denied Plaintiff's Motion to Compel the Deposition of Mr. McCone, and This Current Motion Should Be Denied for the Same Reasons

This Court has already denied Plaintiff's motion to compel the discovery deposition of Mr. McCone, and the instant motion seeking the de bene esse deposition of Mr. McCone fails to identify any new facts or law that warrant a different decision. The instant motion should be denied for the same reasons outlined in IRSD's Answer in Opposition (D.I. 131)[9] to Plaintiff's first such motion and the Court's Memorandum Order filed on May 12, 2008 (D.I. 138).

---

[9] Defendant IRSD incorporates by reference, as if fully set forth herein, all of the arguments included in its prior Answer in Opposition (D.I. 131).

B.  <u>Plaintiff's Current Motion Is Essentially a Motion for Reargument and Should be Denied as Untimely</u>

Plaintiff's Motion to Compel the De Bene Esse Deposition of Christian McCone is disguised as a request for new relief, when in reality it is essentially a motion for reargument and should be denied as untimely. Under Local Rule 7.1.5, a motion for reargument must be filed within 10 days after the Court issues its opinion or decision. D. Del. LR 7.1.5. This Court denied Plaintiff's first motion to compel Mr. McCone's deposition on May 12, 2008. (D.I. 138). Plaintiff did not file the current Motion until June 13, 2008 (D.I. 147), greater than 10 days after the Court's May 12th decision. Consequently, Plaintiff's current Motion for reargument of the same issue is untimely.

C.  <u>Federal Courts May Deny a Request for a De Bene Esse Deposition When the Deposition Is Sought After the Close of Fact Discovery, Especially When the Witness Was Known</u>

Significantly, the Court's Scheduling Order (D.I. 83) required fact discovery to be completed by June 6, 2007, over one year ago. Federal courts have denied similar requests for a de bene esse deposition when the deposition is sought after the close of fact discovery. <u>See, e.g.</u>, <u>Sanofi-Synthelabo v. Apotex, Inc.</u>, 2005 WL 469594, at *1 (S.D.N.Y. Feb. 18, 2005) (denying a request to take a de bene esse deposition because it was requested after the close of discovery); <u>Chrysler International Corp. v. Chemaly</u>, 280 F.3d 1358, 1360-62 (11th Cir. 2002) (district court did not abuse its discretion in denying a request for a de bene esse deposition in South Africa on ground that discovery deadline had passed, especially when plaintiff delayed in seeking the de bene esse deposition of a known witness with potentially important testimony). The "Federal Rules of Civil Procedure make no distinction between depositions taken for the purpose of discovery and those taken de bene esse – both types of depositions are governed by the scheduling order." <u>Apotex</u>, 2005 WL 469594, at *1.

5

Plaintiff's motion seeking Mr. McCone's de bene esse deposition should be denied as untimely because Plaintiff filed the motion over a year after fact discovery closed.  Plaintiff has also failed to provide any substantial reason why it needs to preserve Mr. McCone's trial testimony by means of a de bene esse deposition after the close of discovery and just weeks before trial, especially when Mr. McCone has verified that he will be available for trial.  See McCone Aff., attached hereto as Exhibit 1.  Moreover, during the discovery period Plaintiff knew about Mr. McCone's role as project manager and the potential importance of his testimony, but Plaintiff willingly chose to forego Mr. McCone's discovery deposition.  Plaintiff offers no proper justification for the delay or reason why Mr. McCone's discovery deposition could not have been obtained during the regular discovery period.  See Johnson v. Thru Point, Inc., NO. 04-3386, 2005 WL 3477549, at *3 (3d Cir. Dec. 20, 2005) ("Untimely amendments and discovery are disfavored where the movant offers no justification for the delay.") (quoted in this Court's October 23, 2007 Memorandum Order, D.I. 96 at 3-4).  Plaintiff has unduly delayed in seeking Mr. McCone's testimony.  Consequently, rewarding Plaintiff for its dilatory conduct at this late hour of the litigation and granting a de bene esse deposition of Mr. McCone is unwarranted.  See Chrysler International Corp. v. Chemaly, 280 F.3d at 1360-62.

As noted by other federal district courts:

> Motions to compel must be brought in a timely manner. [citation omitted] ("[A] motion to compel filed more than two months after the discovery cutoff is clearly untimely."); Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000) (in case where motion to compel was filed nearly three months before scheduled trial date, court held that "[a] party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

Pushko v. Klebener, 2007 WL 2671263 at *2 (M.D. Fla. Sept. 7, 2007); see also Johnson v. Thru Point, Inc., supra.  Accordingly, Plaintiff's motion to compel is untimely and should be denied.

D.     <u>Plaintiff's Alleged Concern Regarding the Possibility of Mr. McCone's Death is Unavailing; Plaintiff Already Waived His Deposition While Mr. McCone Was Deployed in Kuwait</u>

The only new argument presented by Plaintiff in its current Motion to Compel seeking a de bene esse deposition is the concern that Mr. McCone will be deployed to a war zone and may perish as a result, thereby becoming unavailable for trial. This alleged reason for seeking the de bene esse deposition is ironic and unavailing because Plaintiff "willingly agreed to forego Mr. McCone's discovery deposition" (Court's May 12, 2008 Mem. Order, D.I. 138, at 4) when Mr. McCone was deployed with the United States Army Reserves in Kuwait. However, Mr. McCone is currently back in the United States, is no longer on active duty and is no longer deployed near a combat zone. <u>See</u> McCone Aff., attached hereto as Exhibit 1. If Plaintiff was so concerned about the possibility of Mr. McCone's death and truly wanted to preserve Mr. McCone's testimony, it could have done so during discovery.[10] Instead, Plaintiff willingly chose to forego preserving Mr. McCone's testimony at that time, even though the likelihood of suffering a combat death while deployed on active duty in Kuwait is higher than the likelihood of suffering a similar fate while back in the United States on inactive duty.

Allowing Plaintiff to take an additional deposition at such a late stage is unwarranted and would prejudice the Defendants because they would be compelled to unnecessarily spend more money and time on depositions, well after the discovery deadline. Such delay may hinder trial preparation.

E.     <u>Even If Mr. McCone Is Deployed Again and He Becomes Truly Unavailable for Trial, His Testimony Could Still Be Preserved</u>

---

[10] "The Federal Rules of Civil Procedure make no distinction for use of a deposition at trial between one taken for discovery purposes and one taken for use at trial (*de bene esse*)." <u>Tatman v. Collins</u>, 938 F.2d 509, 510 (4th Cir. 1991) (citing Fed.R.Civ.P. 32); <u>see also</u> <u>Apotex</u>, 2005 WL 469594, at *1 ("both types of depositions are governed by the scheduling order").

7

Even if Mr. McCone is going to be deployed again, he will have thirty (30) days notice before his deployment begins, and therefore his de bene esse deposition could be taken during that 30-day period if necessary.  Furthermore, although Mr. McCone was deployed in Kuwait for several months, arrangements had been made to take his discovery deposition by videophone prior to the discovery deadline of June 6, 2007.  Plaintiff then voluntarily chose to waive and forego that discovery deposition.  If Mr. McCone is indeed ordered away for active duty or training during the trial of this case, similar arrangements for taking his trial testimony by videophone could be arranged.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff RLI Insurance Company's Motion to Compel the De Bene Esse Deposition of Christian McCone (D.I. 147, 148) should be denied in its entirety. Defendant Indian River School District ("IRSD") respectfully requests that this Court enter an Order denying Plaintiff's Motion and awarding IRSD its costs and attorneys' fees incurred in responding to this Motion.

        Respectfully Submitted,

        **SEITZ, VAN OGTROP & GREEN, P.A.**
        **/s/ James S. Green**
        **JAMES S. GREEN, ESQ. (DE Bar # 481)**
        **jgreen@svglaw.com**
        222 Delaware Avenue, Suite 1500
        P. O. Box 68
        Wilmington, DE  19899
        (302) 888-0600

        Attorneys for Defendant
        Indian River School District

Of Counsel:

K. Gerard Amadio, Esquire (*pro hac vice*)
Patrick A. Costello, Esquire (DE Bar #4535)
Venzie, Phillips & Warshawer, P.C.
2032 Chancellor Street
Philadelphia, Pennsylvania 19103
(215) 567-3322

9

## **CERTIFICATE OF SERVICE**

I, James S. Green, Esquire, hereby certify that on June 30, 2008, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to all counsel of record.

/s/ **James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**