```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

RLI INSURANCE COMPANY            :
                                 :
          Plaintiff,             :
                                 :
     v.                          :  Civil Action No. 05-858-JJF
                                 :
INDIAN RIVER SCHOOL DISTRICT,    :
EDIS COMPANY, and BECKER MORGAN  :
GROUP                            :
                                 :
          Defendants.            :
```

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is Plaintiff's Motion For Reargument (D.I. 149). For the reasons discussed, the Motion will be denied.

On June 3, 2008, the Court granted summary judgment in favor of Defendants EDiS Company and Becker Morgan Group, and granted partial summary judgment in favor of Defendant Indian River School District ("Indian River"). By its Motion, Plaintiff RLI Insurance Company ("RLI Insurance") seeks reargument of that portion of the Court's decision that struck from the pleadings "RLI Insurance's allegation that it is discharged from liability under the Bond by Indian River's alleged improper payments" to McDaniel Plumbing and Heating, Inc. ("McDaniel").

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions. <u>See</u> D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the

district court; however, such motions should only be granted sparingly. <u>Dentsply Int'l, Inc. v. Kerr Mfg. Co.</u>, 42 F.Supp.2d 385, 419 (D.Del. 1999).

A motion for reargument "should not be used to rehash arguments already briefed or to allow a 'never-ending polemic between the litigants and the Court.' " <u>Id</u>. (citing <u>Ogelsby v. Penn Mutual Life Ins. Co.</u>, 877 F.Supp. 872, 892 (D.Del.1995)). As such, a motion for reargument may only be granted in three narrow circumstances: (1) where the court has patently misunderstood a party, (2) where the court has made an error not of reasoning, but of apprehension, or (3) where the court has made a decision outside the scope of the issues presented to the court by the parties. <u>Id</u>. (citing <u>Pirelli Cable Corp v. Ciena Corp.</u>, 988 F.Supp. 424, 445 (D.Del.1998)). A "motion for reargument may not be used by the losing litigant as a vehicle to supplement or enlarge the record provided to the Court and upon which the merits decision was made unless 'new factual matters not previously obtainable have been discovered since the issue was submitted to the Court.'" <u>Schering Corp. v. Amgen, Inc</u>., 25 F.Supp.2d 293, 295 (D.Del. 1998)(quoting <u>Brambles USA, Inc. v. Blocker</u>, 735 F.Supp. 1239, 1241 (D.Del. 1990)). Application of these legal principles compels denial of Plaintiffs' motion for reargument.

By their Motion, RLI Insurance contends reargument is

2

appropriate because the "Court may have misunderstood [Plaintiff's] counter-argument to [Indian River School District's] Motion for Summary Judgment, or, in the alternative, may have overlooked or misapprehended the significance of [Indian River School District's] knowledge of the overpayments made to McDaniel based upon false and misleading Certificates of Payment."  (D.I. 150 at 4.)  RLI Insurance contends that the Court failed to fully apprehend the extent of the evidence regarding what Indian River knew when it authorized payments to McDaniel.  RLI Insurance admits that a "portion of the advanced funds were intended to pay for labor and materials provided by subcontractors to McDaniel for time and/or materials, with the intention of avoiding further project delay," but contends that there is no allowance for such concessions under the contract, "as the clandestine manner in which the defendants handled the situation had a direct and adverse impact upon RLI's ability to perform under the bond and minimize its exposure and risk of loss." (D.I. 150 at 12.)

   By their Motion, RLI Insurance attempts to reargue matters previously decided by the Court, and has not stated a cognizable ground justifying reargument in this case.  The Court considered the factual and legal arguments of the parties with respect to these issues, and RLI Insurance's filing has not persuaded the Court that these issues should be revisited.

3

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Reargument (D.I. 149) is **DENIED**.

July 8, 2008                                   _____
                                               UNITED STATES DISTRICT JUDGE

4

Case 1:05-cv-00858-JJF   Document 158   Filed 07/08/2008   Page 4 of 4

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Reargument (D.I. 149) is **DENIED**.

July 8, 2008                                   UNITED STATES DISTRICT JUDGE